**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
ORNRAT KEAWSRI, et al.,

                    Plaintiffs,

       -against-

RAMEN-YA INC., et al.,

                    Defendants.
---------------------------------------------------------x

17-CV-2406 (VEC) (OTW)

**ORDER**

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed the parties' respective briefing regarding Plaintiffs' Motion to Compel. (ECF 228). Plaintiffs allege that Defendants Ramen-Ya, Inc., Miho Maki, and Masahiko Negita (collectively "RYI Defendants") objected to Plaintiffs' discovery requests, namely those pertaining to tax documents and management documents, and subsequently refused to produce documents related to those requests.[1] (ECF 229 at 10-11).[2] Plaintiffs further seek sanctions and attorney's fees in connection with their motion. For the following reasons, Plaintiffs' Motion to Compel is GRANTED. Plaintiffs' related request for sanctions and attorney's fees is DENIED without prejudice.

---

[1] Plaintiffs' motion is directed solely against the RYI Defendants because counsel agreed that the RYI Defendants were in sole possession of both RYI's and Y&S's documents and consequently would produce Y&S's discoverable documents. *See* ECF 224 (Jan. 15, 2019 Conf. Tr. 21:5-7).

[2] Both parties submitted attorney declarations that essentially functioned as additional legal arguments. (ECF 229, 236). The Court will exercise its discretion and consider the arguments as part of their respective memoranda of law. *See Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010). However, the parties are hereby warned that any future use of declarations to provide unsupported facts or legal arguments may result in the striking of the declaration in its entirety and/or the imposition of sanctions.

I.  **RFPs 44-49, 52-55 (Tax Documents)**

Plaintiffs argue that because they lack documentation from Defendants regarding the amount of tips withheld from Plaintiffs, tax and wage documents are necessary to estimate the amount of tips Plaintiffs would have received. Specifically, Plaintiffs seek (1) RYI and Y&S international Corp.'s ("Y&S") federal income tax filings, (2) RYI and Y&S's federal employment tax filings, (3) RYI and Y&S's New York state NYS-45 filing, and (4) RYI and Y&S's filings with their workers' compensation and disability insurance carriers that reflect employees' compensation. Defendants respond that Plaintiffs already have sufficient documents to calculate damages, and that tax documents in particular would not provide any additional relevant information. (ECF 235).

While tax documents are not privileged, Plaintiffs must show (1) relevancy and (2) a compelling need for the documents. *See Ellis v. City of New York*, 243 F.R.D. 109, 111-12 (S.D.N.Y. 2007). Plaintiffs have met the first prong because Defendants' reported gross revenue and/or wages paid may be useful to calculate the amount of withheld tips. The second prong is also satisfied through Plaintiff's unrefuted contention that Defendants' document production does not span the entire period covered by Plaintiffs' claims. (ECF 229 ¶¶ 22, 23). In contrast, Defendants only reference their production of "over 1,100 pages of documents" without referencing any documents or category of documents that responds to Plaintiffs' requests. (ECF 235). Although Plaintiffs previously provided a damages estimate extrapolated from Defendants' documents, a stronger evidentiary basis for damages, such as tax returns, may be necessary to prove Plaintiffs' damages at trial. Because Plaintiffs have shown that they cannot obtain information regarding actual tips collected by Defendants from Defendants' produced

2

documents, the RYI Defendants shall produce to Plaintiff the requested tax documents in Request Nos. 44-49 covering the period from April 3, 2014 through December 31, 2018. As Plaintiffs agree that only the gross revenue, sales, and wages portions of the tax filings are relevant, ECF 229 ¶ 28, Defendants may produce redacted versions of those documents to the extent necessary to exclude confidential information not pertaining to those portions.

Plaintiffs' requests for filings with workers' compensation and disability insurance carriers were not addressed by Defendants' opposition other than in their general argument that Plaintiffs' settlement demands show that prior productions were sufficient for Plaintiffs to estimate their wages and withheld tips. Neither party provided, nor could the Court find, any case law on why insurance coverage filings should be entitled to heightened protection similar to tax returns. Further, Plaintiffs have shown that the filings are relevant to their claim of withheld wages/tips by needing to compare reported wages with actually paid wages. (ECF 229 ¶ 26). Therefore, the RYI Defendants shall produce the worker's compensation and disability insurance filings sought in Request Nos. 52-55 covering the period from April 3, 2014 through December 31, 2018 that reflect employee compensation.

II. **RFPs 23 & 24 (Management Documents)**

Plaintiffs further seek production of documents and communications related to the provision of management services by the RYI Defendants to Y&S. The parties do not dispute the relevance of the operative management agreement itself, as evidenced by Y&S's admission that it had previously produced the management agreement to Plaintiffs and would be willing to re-produce it again. (ECF 224 [Jan. 15, 2019 Conf. Tr. 12:5-11].)

For the same reasons the management agreement is relevant to the individual Defendants' affirmative defense of not qualifying as Plaintiffs' employer, documents and communications related to or stemming from the management agreement are relevant as well. (ECF 186 at 20). In February, the Court had already ruled that management-related documents are related to a "fact that is directly at issue in this case." (ECF 231 [Feb. 13, 2019 Conf. Tr. 12:22-13:3]). Indeed, Defendants did not dispute Plaintiffs' request for management documents in their opposition to Plaintiffs' Motion to Compel. (ECF 235).

The primary concern previously raised by the RYI Defendants was that Request Nos. 23 and 24 were potentially overbroad. (ECF 231, Feb. 13, 2019 Conf. Tr. 12:9-13). To determine if a narrower request was necessary, after some colloquy, the RYI Defendants agreed to first determine the volume of potentially responsive documents and then meet and confer with Plaintiffs. (ECF 231, Feb. 13, 2019 Conf. Tr. 13:10-16). The Court then warned the RYI Defendants that this initial search was necessary because "if you haven't taken a look at what the volume of those documents are, it is hard to make a case it's not proportional." (ECF 231, Feb. 13, 2019 Conf. Tr. 12:19-22). Neither Plaintiffs nor the RYI Defendants have addressed whether this meet and confer ever occurred or whether the RYI Defendants conducted this initial search. This omission indicates that either such discussions were unproductive or the RYI Defendants did not even conduct the initial search. In any event, the RYI Defendants do not raise this point in their Opposition.

Accordingly, the RYI Defendants shall produce the management-related documents as requested in Request Nos. 23 & 24.

**III.   Attorney's Fees**

As a result of Defendants' nondisclosures, Plaintiffs seek "appropriate sanctions and attorney's fees." (ECF 229 ¶ 31; ECF 230 at 6). Federal Rule of Civil Procedure 37 (a)(5)(A) authorizes the Court to award attorney's fees for unjustified nondisclosures only <u>after</u> the non-movant has an opportunity to be heard. At this point, Plaintiff filed a motion to compel and merely included the request for sanctions in the last sentence of its brief. (ECF 230 at 13). This summary request failed to provide the RYI Defendants notice of the specific grounds for attorney's fees. Thus, the RYI Defendants were not afforded sufficient opportunity to respond to the attorney's fees request.

As an initial matter, the Court does not find that the prior nondisclosure of tax and insurance documents was substantially unjustified. Therefore, the parties shall brief the issue of whether Plaintiffs are entitled to fees incurred only as it relates to the management documents (Request Nos. 23 & 24). Plaintiffs shall file their Motion for Attorney's Fees by May 1, 2019. The RYI Defendants' Opposition is due May 13, 2019. No replies are permitted. Plaintiffs' brief must specify (1) the basis for seeking attorney's fees, citing case law and the record, and (2) the amount of fees sought, supported by appropriately redacted invoices. Further, the parties should provide evidence, including but not limited to prior communications between counsel, in support of or in opposition to the argument that the RYI Defendants' nondisclosure, response, or objection was substantially unjustified.

5

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel is GRANTED. Within thirty (30) days of the date of this Order, the RYI Defendants shall produce to Plaintiffs documents in compliance with this Order.

Plaintiffs' request for attorney's fees is DENIED at this time, with leave to renew the request in a formal Motion for Attorney's Fees on the briefing schedule discussed above.

**SO ORDERED.**

Dated: April 19, 2019
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge