```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ORNRAT KEAWSRI, et al.,         :
                                :
                  Plaintiffs,   :      17-CV-2406 (VEC) (OTW)
                                :
         -against-              :      ORDER
                                :
RAMEN-YA, INC., et al.,         :
                                :
                  Defendants.   :
------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

The Court held a discovery conference on December 11, 2019, with rulings made on the record. Plaintiffs' outstanding discovery motions are resolved, as below:

Motion for Sanctions (ECF 253 and ECF 269)

Plaintiffs moved for sanctions for Defendants' failure to produce certain categories of documents and accordingly moved for an order: (1) prohibiting Defendants from challenging Plaintiffs' claims on hours worked, (2) prohibiting Defendants from challenging Plaintiffs' claim that Defendants were a single or joint employer under the FLSA or NYLL, (3) prohibiting Defendants from asserting that they were not Plaintiffs' employer, and (4) prohibiting Defendants from opposing Plaintiffs' wage statement claims. In addition, Plaintiffs sought recovery of their attorney's fees and costs. (*Id*. at 5). Both Plaintiffs and the RYI Defendants have acknowledged that following the retention of new counsel, the RYI Defendants have subsequently produced, and are continuing to produce, additional documents. Accordingly, Plaintiffs' motion is **DENIED** without prejudice to renew after it is clear whether documents exist that have not been produced.

To the extent that Plaintiffs seek sanctions for Y&S's failure to produce documents, that request is also **DENIED** at this time. Y&S's non-production based on their representation that they do not have any additional responsive documents, ECF 262, is not a basis for sanctions. *See In re Pfizer Inc. Securities Litigation*, 288 F.R.D. 297, 328 (S.D.N.Y. 2013) ("There is no basis to sanction a party for non-production or spoliation when those documents never existed in the first instance."). To the extent that Plaintiffs are challenging the accuracy of that representation, that dispute is the subject of the Court's September 25, 2019 Order to Show Cause and will be treated separately.

Motion for Sanctions (ECF 264)

Plaintiffs moved for sanctions on the basis that Defendants failed to produce all of their workers' compensation coverage audit reports, arguing that such reports are required to be produced according to state law. (ECF 264). Defendants responded that no other audit reports exist. (ECF 278). Accordingly, there is no basis at this time to issue sanctions, and Plaintiffs' motion is **DENIED**. *See In re Pfizer*, 288 F.R.D. at 328.

Motion to Enforce Subpoena (ECF 294)

Plaintiffs moved for an order compelling the deposition of non-party Yasuko Negita and issuing sanctions for Ms. Negita's failure to appear at her scheduled deposition. (ECF 294). The motion is **DENIED** as moot as Plaintiffs acknowledged at the December 11 conference that Ms. Negita's deposition has now been completed and that Plaintiffs subsequently have agreed to withdraw their motion for sanctions.

Motion to Compel (ECF 317)

Plaintiffs moved for an order compelling certain deposition dates. The Court subsequently resolved this issue by ordering the parties to meet and confer and propose new deposition dates for the Court to so-order. (ECF 323). On October 23, 2019, the Court entered new deposition dates. Accordingly, Plaintiffs' motion is now **DENIED** as moot.

The Clerk of Court is directed to close ECF 253, ECF 264, ECF 269, ECF 294 and ECF 317.

**SO ORDERED.**

Dated:  December 20, 2019
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge