UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ORNRAT KEAWSRI, et al.,

                Plaintiffs,

                                            17 CV 2406 (LJL) (OTW)

    -v-


RAMEN-YA INC., MIHO MAKI,
MASAHIKO NEGITA, YASUKO NEGITA et al.,

                Defendants.
-----------------------------------------------------------------x


**RYI DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Vik Pawar (VP9101)
20 Vesey Street Suite 1410
New York New York 10007
212 571 0805
www.pawarlaw.nyc

Attorney for Defendants Ramen-ya Inc., Masahiko Negita, Miho Maki and Yasuka Negita ("RYI Defendants")

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**

**BRIEF FACTUAL BACKGROUND**……………………………………………….   4

**PRELIMINARY STATEMENT**……………………………………………………..   5

**ARGUMENT**……………………………………………………………………….   6

    I.    Plaintiffs have failed to establish a FLSA claim...….…………………………….   6

    II.    The Court should deny certification of collective class.…………………………   8

    III.    Single Integrated Enterprise…………………………………………………….   10

    IV.    Employers under FLSA……………………………………………………….   12

    V.    Plaintiffs' claim for judgment on wage, overtime, spread of hours………………..   13

    VI.    Liquidated Damages and Fees……………………………………………..   14

**CONCLUSION**……………………………………………………………………….   15

# **TABLE OF AUTHORITIES**

*Bravo v. Established Burger One, LLC,*
2013 U.S. Dist. LEXIS 146237, 2013 WL 5549495, (CM) (SDNY Oct. 8, 2013)……….. 10

*Chen v. TYT East Corp.,*
2012 U.S. Dist. LEXIS 166557, 2012 WL 5871617, (PAC) (SDNY Mar. 21, 2012)……. 10

*Ethelbert v. Choice Sec. Co.,*
91 F. Supp. 3d 339, (EDNY 2015)……………………………………………………….. 7

*Hsieh Liang Yeh v. Han Dynasty, Inc.*
2019 U.S. Dist. LEXIS 24298, 2019 WL 633355, (PAE) (SDNY Feb. 14, 2019)……. 10

*Huer Huang v. Shanghai City Corp.*,
459 F. Supp. 3d 580 (SDNY 2020)………………………………………………………. 10

*Jian Zhong v. August Corp.*,
498 F. Supp. 2d 625, 628 (SDNY 2007)…………………………………………………. 6

*Kwan v. Sahara Dreams Co.,*
2018 U.S. Dist. LEXIS 213782, 2018 WL 6655607, (RA) (SDNY Dec. 19, 2018)………. 10

*Perez v. Westchester Foreign Autos, Inc.*
2013 U.S. Dist. LEXIS 35808, 2013 WL 749497 (ER) (SDNY Feb. 28, 2013)………….. 10

*Santana v. Fishlegs, LLC,*
2013 U.S. Dist. LEXIS 159530, 2013 WL 5951438, (LGS) (SDNY Nov. 7, 2013)………. 11

*Solis v. Cindy's Total Care, Inc.,*
2012 U.S. Dist. LEXIS 1808, 2012 WL 28141 (SDNY Jan. 5, 2012)………………………. 7

## BRIEF FACTUAL BACKGROUND

Upon commencement of this lawsuit, the Court conditionally certified a collective class. Although twelve plaintiffs were conditionally certified as part of the class only seven were deposed and/or participated in discovery, the remaining five plaintiffs have left the country during the pendency of this lawsuit. *See RYI's Counterstatement of Undisputed Facts* (hereinafter "L.R. 56.1"). Of the seven plaintiffs who were deposed, four testified that they worked at restaurants other than YS and RYI. *Id.* Since the plaintiffs refused to provide their social security numbers that were used to commence their employment with RYI, defendants were unable to ascertain whether plaintiffs were working at restaurants other than the ones they testified and admitted to. *Id.*

RYI and Y&S are two different entities with different corporate officers and separate counsel in this action. YS had different corporate officers and operated out of West 4th street location. RYI had corporate officers different than YS and operated out of West 3rd street location. Both YS and RYI are different corporate entities. *Id.*

Plaintiffs often worked and covered shift for each other's shifts. *Id.* Management was not informed of these shift changes and thus the defendants' computer schedules remained the same and never modified. *Id.* As a result, plaintiffs reimbursed one another for the shifts that they had covered. Plaintiffs had proof by way of photographs, notes, paystubs, for the hours worked but did not turn over these documents during discovery. *Id.*

## **PRELIMINARY STATEMENT**

Plaintiffs seek the extraordinary remedy of summary judgment on their federal and state law claims. However, plaintiffs have failed to meet their burden. First, plaintiffs have failed to establish, nor even attempt to establish with competent evidence that RYI defendants were engaged in "interstate commerce." This failure is fatal to their FLSA claims.

Equally fatal is plaintiffs' motion to certify the collective class because each individual plaintiff was not similarly situated, and more than half have left the country.

Further, the Court should not treat YS and RYI as a single enterprise because they are not. Simply because plaintiffs chose to work at both restaurants because they "needed more hours" does not make two separate legal entities a single enterprise. Plaintiffs cannot be permitted to artificially transform two separate and independent restaurants into a single enterprise by their own actions in choosing to work at both because they "needed extra money". Third, as noted in RYI defendants' moving papers, neither Masahiko Negita nor Yasuka Negita are "employers" for purposes of FLSA. The fact that Miho Maki did not move for summary judgment on this particular issue does not equate to her conceding liability. In fact, as noted in RYI defendants' motion for partial summary judgment, whether Maki was an employer is a question of fact for the jury.

Moreover, plaintiffs have not met their burden of establishing that they in fact worked the requisite number of hours and that the RYI defendants were aware of the plaintiffs' continuously and repeatedly changing their own hours without management's knowledge.

Finally, in that there are adequate remedies within the New York State Judicial system, should this Court grant defendants YS and RYI summary judgment as to the federal causes of action, the Court should also exercise its discretion and decline supplemental jurisdiction.

**ARGUMENT**

As the Court is aware, summary judgment is only appropriate when no disputed issues of material facts exist and after all inferences are made in favor of the non-moving party. Based upon such standard, the Court should not grant plaintiffs the extraordinary remedy of a summary judgment.

I.      **Plaintiffs have failed to establish that they have a FLSA claim in this lawsuit.**

RYI defendants (Ramen-ya, Inc., Masahiko Negita, Miho Maki and Yasuka Negita) have moved for partial summary judgment due to plaintiffs' failure to establish a valid FLSA claim.

For plaintiffs to succeed on an FLSA minimum or overtime wage claim, a Plaintiff must establish: (1) that he is an FLSA-covered employee, personally engaged in or employed by an enterprise engaged in interstate commerce; (2) the existence of an employer-employee relationship between the plaintiff and the defendant; and (3) that he worked hours for which he was not properly compensated in accordance with the FLSA's relevant substantive requirements. *Jian Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). Even if a plaintiff is not personally engaged in interstate commerce, he may still be an FLSA-covered employee if he is employed by an enterprise engaged in interstate commerce with at least $500,000 in annual gross volume of sales. *See* 29 U.S.C. § 203(s)(1)(A); *Solis v. Cindy's Total Care, Inc.*, No. 10 Civ. 7242, 2012 U.S. Dist. LEXIS 1808, 2012 WL 28141, at *15-16 (S.D.N.Y. Jan. 5, 2012).

As noted by RYI defendants' in their motion for summary judgment, neither plaintiffs nor RYI engaged in inter-state commerce. In fact, during the extended discovery period that encompassed this litigation, plaintiffs were not able to establish even a scintilla of evidence

that RYI or the YS defendants[1] engaged in inter-state commerce. As such, summary judgment should be granted in RYI's favor as to plaintiffs' FLSA claims. *See Ethelbert v. Choice Sec. Co.*, 91 F. Supp. 3d 339, No. 12 Civ. 4856 (PKC), 2015 U.S. Dist. LEXIS 24441, 2015 WL 861756, at *10 (E.D.N.Y. Feb. 27, 2015) (granting summary judgment for the defendants on the plaintiff's FLSA claim because the plaintiff's reliance on his individual testimony that the defendants engaged in interstate commerce did not establish a genuine issue of material fact when the plaintiff had access to discoverable external evidence on the subject). Plaintiff has not in any manner established a genuine issue of material fact given plaintiff's access but failure to submit external evidence on the subject. *L.R. 56.1*

---

[1] YS defendants are Y&S Inc., Kenji Kora and Kobayashi.

**II.     This Court should deny certification of a collective class.**

The Court should deny certification of plaintiffs as a collective group because the plaintiffs are dissimilar from one another.  As pointed out in the Counterstatement of L.R. 56.1, plaintiffs are not similarly situated whatsoever.  For starters, some plaintiffs worked at various unrelated locations while still employed by RYI defendants.  *L.R. 56.1.*  Second, nearly half of the plaintiffs are located outside this country and no sworn testimony was offered to suggest that they worked the requisite or same number of hours as their co-plaintiffs who reside within the United States or that they had similar claims.  *L.R. 56.1.*  Third, despite plaintiffs claim to have documents reflecting the number of hours they worked, that they kept these records on a regular basis and that they turned them over to their counsel, those records were not turned over to defendants as part of Rule 26 disclosures.  *L.R. 56.1.*

Moreover, plaintiffs switched shifts with each other and reimbursed each other for the shifts that were covered without the knowledge of RYI defendants.  *L.R. 56.1.*  Furthermore, although plaintiffs' admitted working for other entities during the same time period, their failure to provide the social security numbers they used while working for the defendants made it impossible to ascertain exactly when plaintiffs were working for other employers besides the RYI defendants at the same time they claim to have been deprived of overtime or regular proper pay.  *Id.*

The above failure to produce coupled with several of the plaintiffs' memory failures and strong credibility issues, mandates that the Court to deny collective certification and only allow any surviving FLSA claims, to the extent they are not dismissed, to proceed on an individual basis and allow a factfinder to ascertain each individual plaintiff's memory and credibility.  Such recognized and preferred procedure would permit the finder of facts to ascertain each plaintiff's memory and credibility.

### III. <u>Single Integrated Enterprise</u>

Plaintiff urges the Court to apply the "single integrated enterprise" test arguing that YS and RYI are a single employer for FLSA purposes. *E.g., Bravo v. Established Burger One, LLC*, No. 12-cv-9044 (CM), 2013 U.S. Dist. LEXIS 146237, 2013 WL 5549495, at *8 (S.D.N.Y. Oct. 8, 2013); *Perez v. Westchester Foreign Autos, Inc.*, No. 11-cv-6091 (ER), 2013 U.S. Dist. LEXIS 35808, 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013); *Chen v. TYT East Corp.*, No. 10-cv-5288 (PAC), 2012 U.S. Dist. LEXIS 166557, 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012). Under this standard, courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *Perez*, 2013 U.S. Dist. LEXIS 35808, 2013 WL 749497, at *7.

The unopposed affidavit from Mr. Jung, (CPA), whom the plaintiffs never deposed establishes beyond cavil that YS and RYI are two different and separate entities. Plaintiffs have not in any manner established that defendants YS and RYI are a single integrated enterprise. To the contrary, plaintiffs acknowledge that YS and RYI had different corporate owners and officers. To the extent plaintiff suggest that the website and the menu at both restaurants were similar, this alone is not sufficient. *See Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580 (SDNY 2020). *See also Hsieh Liang Yeh v. Han Dynasty, Inc.*, 2019 U.S. Dist. LEXIS 24298, 2019 WL 633355, at *8 (S.D.N.Y. Feb. 14, 2019) (rejecting argument that restaurants were a single joint enterprise even though they shared "a centralized website which provides a common platform for menu information, reservations, online ordering and contact," among other things) (internal quotation marks omitted); *Kwan v. Sahara Dreams Co.*, 2018 U.S. Dist. LEXIS 213782, 2018 WL 6655607, at *4 (S.D.N.Y. Dec. 19, 2018) ("While sharing a common website may be sufficient to infer common ownership, it does not suggest that Defendants shared centralized control over their

employees."); *Santana v. Fishlegs, LLC*, 2013 U.S. Dist. LEXIS 159530, 2013 WL 5951438, at *3, *8 (S.D.N.Y. Nov. 7, 2013) (dismissing a claim based on a theory that multiple restaurants were a single-integrated-enterprise notwithstanding that the restaurants, *inter alia*, were "advertised and marketed jointly on Defendants' website"). It should be noted that no plaintiff has claimed that he or she came to be employed by either restaurant due to a common hiring scheme, nor an offer of employment at any establishment other than the one they applied to.

RYI and YS are two different entities. Different corporations. Different officers. Different locations. No uniforms. *L.R. 56.1*. Different counsel.[2] The fact that some of the plaintiffs wanted to work at more than one of the restaurants in order to obtain increased income does not in any manner equate to them working for a "single enterprise." Plaintiffs simply cannot have it both ways. They themselves have established that the restaurants are individually owned. They admit that they (the plaintiffs and other fellow servers and workers) decided between themselves to switch schedules, shifts, and even the restaurants they worked in without the defendant's knowledge or input. *L.R. 56.1*. This scenario is not unlike the crocodile that eats its eggs and then cries because it has no children.

---

[2] By an Order dated 11/3/2017 Docket Entry #80), the Court granted defendants' application to have two separate counsel one for the RYI defendants and one for the YS defendants.

## IV. <u>Employers</u>

RYI defendants argued in their motion for partial summary judgment that Masahiko Negita and Yasuko Negita were not employers for purposes of FLSA. Plaintiffs' motion makes boiler-plate conclusory allegations that the individual defendants should be considered "employers." Plaintiffs' opposition is in direct contrast with their sworn testimony and simply an artful tactic by their counsel to cast individual defendant's testimony as irrefutable proof that these defendants are "employers" for purposes of FLSA.

RYI defendants would not belabor that point and rest on their argument presented in their moving papers. RYI defendants do reserve the right to interpose a reply after reviewing plaintiffs' opposition to RYI's argument.

V. **Plaintiffs' claim for summary judgment on wage, overtime, spread of hours.**

Summary judgment is only appropriate when no issues of material fact exists. All reasonable inferences must be drawn in favor of the RYI defendants. Plaintiffs have failed to offer uncontroverted proof that they worked the hours they claimed they did and they were not adequately compensated. *L.R. 56.1*.

Plaintiffs testified that they worked at YS and RYI locations on same day. *Id.* Plaintiffs testified that they worked at other restaurants besides YS and RYI. *Id.* Plaintiffs testified that they would switch shifts amongst one another and handle the payment amongst themselves without informing the management. *Id.* Plaintiffs kept proof of their entitlement to pay but yet failed to turn over these documents in discovery. *Id.* Plaintiffs disguised their social security numbers so it was impossible for RYI defendants to explore in discovery whether plaintiffs were "double dipping" with another employer or masking their hours for tax purposes.

There remain too many disputed facts to allow plaintiffs to obtain summary judgment on their wage hour, tips, spread of hours etc. claims.

VI. **Liquidated damages and Fees**

Since the RYI defendants do not believe that plaintiffs are entitled to summary judgement, it is premature to address the liquidated damages or fee claims by plaintiffs.

## **CONCLUSION**

For the foregoing compelling reasons set forth herein, this Court should find that the plaintiffs have failed to meet their burden to obtain. Summary judgment against the RYI defendants.

**Dated:**   January 31, 2021
         New York, New York 10075

                                                                Respectfully,

                                                                /s
                                                                Vik Pawar (VP9101)
                                                                20 Vesey Street, Suite 1410
                                                                New York, New York 10007
                                                                212 571 0805 (phone)
                                                                www.pawarlaw.nyc