```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ORNRAT KEAWSRI, et al.,                                            :
                                                                   :
                              Plaintiffs,                          :
                                                                   :       17-cv-2406 (LJL)
        -v-                                                        :
                                                                   :       OPINION AND ORDER
RAMEN-YA INC, et al.,                                              :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/05/2022

LEWIS J. LIMAN, United States District Judge:

Defendants Ramen-Ya Inc. ("RYI") and Y&S International Corp. d/b/a Ramen-Ya ("Y&S," and collectively with RYI, "Ramen-Ya") are two companies that operate as a single or joint employer under the trade name Ramen-Ya. Plaintiffs Ornrat Keawsri, Sachina Nagae, Takayuki Sekiya, Siwapon Topon, Pimparat Ketchatrot, Thiratham Raksuk, Parichat Kongtuk, Tanon Leechot, Thanatharn Kulaptip, Wanwisa Nakwirot, Natcha Natatpisit, and Parada Mongkolkajit (collectively, "Plaintiffs"), who are former employees of Ramen-Ya, sue their employers under the Fair Labor Standards Act of 1947 ("FLSA") and New York Labor Law ("NYLL"). On August 10, 2021, the Court granted in part and denied in part Plaintiffs' motion for summary judgment. Dkt. No. 419. The Court granted Plaintiffs' motion for summary judgment that (1) RYI and Y&S operated as a single integrated enterprise; (2) that defendants Maki, Mr. Negita, and Kora were employers under FLSA and NYLL; (3) that defendants had violated the record-keeping provisions of both FLSA and NYLL; (4) that defendants also violated the tip credit provisions of FLSA and NYLL; (5) that defendants unlawfully failed to distribute employee tips; (6) that defendants also violated the overtime provisions of FLSA and NYLL; (7) that defendants violated the "spread of hours" provisions of NYLL; (8) that Plaintiffs

were entitled to liquidated damages under FLSA or NYLL (but not both); and (9) that Plaintiffs also would be entitled to attorneys' fees and costs. The Court found that there were factual issues as to certain damages issues and whether Defendants Kobayashi and Yasuko Negita ("Mrs. Negita") were employers.[1] *Id.* The jury trial of this case is scheduled for May 31, 2022. The parties agree that the issue remaining for trial is whether Mrs. Negita is an employer under FLSA or NYLL. Dkt. No. 441 (joint pretrial order).[2] The final pretrial conference is scheduled for May 25, 2022.

The parties have raised a number of different issues through the overlapping motions pending at Dkt. Nos. 440, 446, 450, and 453. This order resolves the pending motions.

I. **Subpoenas to the Twelve Plaintiffs for Their Attendance at Trial**

Defendant has sent subpoenas to Plaintiffs' counsel for the attendance of all twelve of the plaintiffs who are members of the FLSA collective at the pretrial conference and at each day of trial. At least five of the plaintiffs reside outside the United States. Other members of the collective work in positions in which they receive minimum wage and from which they do not have the flexibility and/or cannot lose income to appear to testify. It is not disputed that none of the plaintiffs had direct contact or interaction with Yasuko or had knowledge or could provide probative evidence regarding Yasuko's status as an employer. Plaintiffs' counsel has indicated a willingness to stipulate to those facts. Defendant argues: "If the plaintiffs do not attend their own trial, it would deprive Mrs. Negita an opportunity to question them about the remaining factual dispute. Afterall [sic], Mrs. Negita has the right to confront the individuals who seek money from her." Dkt. No. 440 at 1.

---

[1] Plaintiffs subsequently dismissed their claims against Kobayashi.
[2] The Y&S Defendants did not identify any issues for trial. Accordingly, they are deemed to have waived the argument that any other issues remain for trial.

The Court has discretion whether to grant a motion to quash a subpoena for trial testimony. *See Hickey v. Myers*, 2013 WL 2418252 (N.D.N.Y. June 3, 2013). There is no dispute here that the fact that the subpoenas are directed to parties—as opposed to nonparties—is not fatal to their enforcement. Federal Rule of Civil Procedure 45 contemplates that a subpoena may be served upon a party. *See* Fed. R. Civ. P. 45(c) (1)(B) (permitting a subpoena to command a person to attend a trial within the state "where the person resides, is employed, or regularly transacts business in person, if the person . . . is a party or a party's officer"). "While a Rule 45 subpoena is typically used to obtain the production of documents and/or testimony from a non-party to an action . . . , nothing in the Federal Rules of Civil Procedure explicitly precludes the use of Rule 45 subpoenas against parties. *First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 255 (S.D.N.Y. 2000), *aff'd*, 281 F.3d 48 (2d Cir. 2002). In the absence of a properly served subpoena, there is no legal requirement that a party attend his or her own civil trial. *See Angamarca v. Da Ciro, Inc.*, 303 F.R.D. 445, 448 (S.D.N.Y. 2012) (noting that defendants had pointed to no authority permitting the court to order plaintiffs to attend their own trial); *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 31324030, at *1 (S.D.N.Y. Oct. 16, 2002); *Standard Metals Corp. v. Tomlin,* 1982 WL 1300 at *1–2 (S.D.N.Y. Apr. 14, 1982).

The fact that Rule 45 permits the service of a subpoena on a party for trial, however, is only the start of the analysis. It does not answer the question whether Defendants are entitled to an order commanding compliance with the subpoenas. As an initial matter, Defendants are not entitled to command the attendance at trial of any plaintiff who does not either reside, work, or regularly transact business within 100 miles of the courthouse or within New York State. Fed. R. Civ. P. 45(c)(1). The Federal Rules distinguish between the power of the court to require a party's appearance for deposition in the jurisdiction and its power to require a party's appearance

for trial. "As a general rule, a 'plaintiff having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there.'" *Tangtiwatanapaibul v. Tom & Toon Inc.*, 2017 WL 10456190, at *2 (S.D.N.Y. Nov. 22, 2017) (alteration adopted) (quoting *City of Perry, Iowa v. Procter & Gamble Co.*, 2017 WL 2656250, at *1 (S.D.N.Y. June 20, 2017)). The Court has discretion to order an out-of-state plaintiff to appear for a deposition in the venue in which he or she has brought suit. *See, e.g.*, *Schindler Elevator Corp. v. Otis Elevator Co.*, 2007 WL 1771509, at *8 (S.D.N.Y. June 18, 2007). "There is no such discretion apparent in the application of Rule 45[]." *Standard Metals Corp.*, 1982 WL 1300, at *2; *see also* Fed. R. Civ. P. 45, Advisory Committee Note to 2013 amendment ("Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly travels more than 100 miles unless the party or party officer resides, is employed, or regularly transactions business in person in the state. . . . These amendments do not change . . . existing law; the courts retain their authority to control the place of party depositions and impose sanctions for failure to appear under Rule 37(b)."). The rule circumscribes the Court's power to require by subpoena the attendance of a party and nonparty alike to attend a deposition. Accordingly, to the extent that the subpoenas require the attendance of any plaintiff who resides outside the territorial power of the Court to compel attendance by subpoena under Rule 45(c)(1) the subpoenas are quashed for that reason alone. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii).

There exist other limitations apart from the territorial restrictions on the power of a subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A). In particular, the court is required to quash or modify a subpoena that subjects any person, including a party, to "undue burden." Fed. R. Civ. P. 45(d)(3)(A) (iv). "In the context of a subpoena ad testificandum, for example, 'it might be

4

unduly burdensome to compel an adversary to attend trial as a witness if the adversary is known to have no personal knowledge of the matters in dispute, especially so if the adversary would be required to incur substantial travel burdens.'" 9A Federal Practice and Procedure (Wright & Miller) § 2463.1 (3d ed. 2022) (quoting Advisory Committee Note to 1991 amendment to Rule 45). The burden is on the party moving to quash to establish that a subpoena imposes an undue burden on a witness. *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48–49 (S.D.N.Y. 1996). "The Court engages in a balancing test to determine whether undue burden exists," *Aristocrat Leisure Ltd.*, 262 F.R.D. at 299, weighing "the interests served by demanding compliance with the subpoena against the interests furthered by quashing it," 9A Federal Practice and Procedure (Wright & Miller) § 2463.1.

Plaintiffs argue that the subpoenas impose an undue burden even on those persons who are not outside the United States and reside within the territorial jurisdiction of the Court. They argue that none of the plaintiffs interacted with Mrs. Negita or have percipient knowledge of facts that would make her an employer. They assert that they will rely at trial on the "economic reality" test to establish the proposition that Mrs. Negita was an employer, not on the knowledge of the plaintiffs themselves. Plaintiffs also argue that the appearance to give testimony that would not be relevant would be additionally unduly burdensome because the plaintiffs work at minimum wage jobs where they cannot afford to take time off for trial. Finally, they offer that they would be willing to stipulate that "no Plaintiff has personal knowledge of any matter related to Mrs. Negita's activities as a manager of the two restaurants, and three Plaintiffs have attested to their lack of knowledge." Dkt. No. 452 at 9.

Plaintiffs' willingness to stipulate does not alone vitiate Defendants' rights to compel the attendance of persons within the territorial power of the Court. A party "may not stipulate or admit his way out of the full evidentiary force of the case as [its adversary] chooses to present it." *Old Chief v. United States*, 519 U.S. 172, 186–87 (1997). But in this case, Defendant has not identified any "evidentiary force" that it would obtain from the plaintiffs. Plaintiffs have persuasively shown that they do not possess any testimony that would be relevant to the sole issue that has been identified for trial, and Defendants have not shown how the witnesses possess relevant testimony or why—if they do possess relevant testimony—such testimony could not be presented by deposition. *See, e.g.*, *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 2009 WL 3111766, at *8 (S.D.N.Y. Sept. 28, 2009) (quashing trial subpoena for witness who had no relevant testimony as to sole issue for trial). Here, Defendants had the power to compel the appearance of each of the plaintiffs at a deposition. *See* Fed. R. Civ. P. 30. "Defendants do not contend that they have not taken, or had the opportunity to take, depositions of the persons in question." *A.I.A. Holdings*, 2002 WL 31324030, at *1. If certain of the plaintiffs could not have been deposed in New York, Defendants could have attempted to take their depositions elsewhere. *See id.* If a plaintiff failed to appear, Defendants could have sought sanctions, including an order dismissing the action of that plaintiff. Fed. R. Civ. P. 37(d)(1)(A). If the plaintiff did testify at deposition and failed to appear at trial, the deposition transcript could have been used against him or her. Fed. R. Civ. P. 32(a)(1). Defendants' use of the trial subpoena instead, without identifying any relevant testimony, smacks of bad faith—the use of legal process not to arrive at the truth but rather to try to extort a settlement from persons for whom appearance at trial would extract a large, and perhaps insuperable, economic cost.

**II.     Motion for a Protective Order Against Answering Defendant's Requests for Admission**

On March 30, 2022, Defendant's counsel served requests for admission on Plaintiffs' counsel. The RFAs are untimely, and the protective order will be granted. "Requests for Admission are a discovery device and are covered by the discovery cut-off date." *Revlon Consumer Products Corp. v. Estee Lauder Cos.*, 2001 WL 521832, at *1 (S.D.N.Y. May 16, 2001); *see also Fournier v. Erickson*, 242 F. Supp. 2d 338, 344 (S.D.N.Y. 2003) ("Requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure are generally bound by fact discovery deadlines."); *Brett v. 44th Street Restaurant, LLC*, 2016 WL 11774304, at *4 (S.D.N.Y. Oct. 13, 2016). Discovery in this case closed on July 13, 2020. Dkt. No. 366. Accordingly, no answer to the RFAs will be required. *See Walker v. Carter*, 210 F. Supp. 3d 487, 506 n.8 (S.D.N.Y. 2016).

**III.    Questioning on the Immigration Status of the Plaintiffs**

Plaintiffs move in limine to preclude Defendants from questioning any plaintiffs who appear at trial regarding their immigration status. That motion is granted.

"The law is clear that that 'any individual' is entitled to pursue an action under the Fair Labor Standards Act . . . ." *Quintanilla v. Suffolk Paving Corp.*, 2019 WL 1513455, at *1 (E.D.N.Y. Apr. 4, 2019) (internal quotation marks omitted) (quoting *Francois v. Mazer*, 2012 WL 1506054, at *1 (S.D.N.Y. Apr. 24, 2012) (quoting 29 U.S.C. § 203(e)(1))); *see also Colon v. Major Perry Street Corp.*, 987 F. Supp. 2d 451, 453 (S.D.N.Y. 2013) ("[U]ndocumented workers . . . [are] eligible to recover unpaid minimum wage and overtime wages under FLSA."). It follows, and courts have long held, that inquiry into a plaintiffs' immigration status is generally "irrelevant and impermissible" in a FLSA case. *Id.* at 464 (citing cases); *see also Francois*, 2012 WL 1506054, at *1; *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 426–27

(E.D.N.Y. 2014); *Galindo v. Vanity Fair Cleaners*, 2012 WL 2510278, at *3–4 (S.D.N.Y. Jun. 29, 2012); *Garcia v. BAE Cleaners Inc.*, 2011 WL 6188736, at *1 (S.D.N.Y. Dec. 12, 2011); *Solis v. Cindy's Total Care, Inc.*, 2011 WL 5170009, at *1 (S.D.N.Y. Oct. 31, 2011); *Uto v Job Site Services, Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010); *Garcia v. Benjamin Group Enters. Inc.*, 2010 WL 2076093, at *2 (E.D.N.Y. May 21, 2010); *Widjaja v. Kang Yue USA Corp.*, 2010 WL 2132068, at *1 (E.D.N.Y. May 20, 2010). Indeed, such inquiry "would inhibit plaintiffs in pursuing their rights," *Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002), and would impose a "chilling effect . . . on enforcement of the FLSA," *Marquez v. Erenler, Inc.*, 2013 WL 5348457, at *1 (S.D.N.Y. Sept. 20, 2013); *see also Colon*, 987 F. Supp. 2d at 464–65 (quoting *Zeng Liu* and *Marquez* for the same propositions).

Defendant asserts that the immigration status of the plaintiffs is relevant "to impeach [Plaintiffs'] credibility." Dkt. No. 449 at 4. Defendant asserts:

> Defendant Negita is mindful of the congressional intent to allow undocumented workers to file FLSA lawsuits without jeopardizing their illegal status. However, in this case, the plaintiffs were complicit in engaging in various scheme to use other individual's social security numbers and then ask Miho Maki to change their shifts and or to allow them to cover shifts for one another because of their own illegal scheme and defendant Negita should be allowed to question them about it.

Dkt. No. 449 at 4. That argument does not address Plaintiffs' argument or justify inquiry into the immigration status of the Plaintiffs. "The Court's concerns regarding the relevance and prejudice of evidence related to plaintiff's immigration status pertain equally to its use as support for any claim or defense and its use to cross-examine the credibility or character of plaintiff." *Francois*, 2012 WL 1506054, at *1. "Whatever value the information might hold as to impeachment is outweighed by the chilling and prejudicial effect of disclosure." *Id.* (internal quotation marks omitted and alteration adopted) (quoting *Barrera v. Boughton*, 2010 WL 1240904, at *5 (D. Conn. Mar. 19, 2010)); *see also Cabrera v. Schafer*, 178 F. Supp. 3d 69, 75

8

(E.D.N.Y. 2016) ("[T]he Court finds that although the evidence that the Plaintiff may have given the Defendant . . . forged immigration documents may be relevant to the Plaintiff's credibility, the evidence would also be highly prejudicial to the Plaintiff because of the likelihood that it will lead the jury to be improperly biased against the Plaintiff because of his status as an illegal immigrant.  Moreover, the Court is also cognizant of the 'chilling effect' that disclosure of his immigration status may have on his own decision to testify and the decision of other employees to enforce their rights under the FLSA in future cases.").  In particular, the risk of unfair prejudice to Plaintiffs far outweighs any minimum probative value the evidence would have as to credibility.  *See Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 10–11 (S.D.N.Y. 2015).

### IV.   Stipulation as to Facts Established at Summary Judgment

Plaintiffs move in limine for an order excluding testimony that may be inconsistent with or contrary to determinations by the Court in the Court's Opinion and Order granting in part and denying in part Plaintiffs' motion for summary judgment and the motion for summary judgment of the RYI Defendants, or that are inconsistent with the undisputed facts on that record.  Dkt. No. 446.  Defendant responds that she "has no intention to relitigate rulings of the Court or to question the law of the case as has already been found by the Court."  Dkt. No. 449 at 4.  The parties shall submit within one week of the date of this Order the facts as to which they are able to stipulate including based on the Court's prior orders.

\* \* \*

The Clerk of Court is respectfully directed to close Dkt. Nos. 440, 446, 450, and 453.

SO ORDERED.

Dated: May 5, 2022
         New York, New York                                 _____
                                                            LEWIS J. LIMAN
                                                            United States District Judge