UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
ORNRAT KEAWSRI, et al.,                          :
:
                              Plaintiffs,        :
:                        17-cv-2406 (LJL)
              -v-                                :
:                        MEMORANDUM
RAMEN-YA INC., et al.,                           :        AND ORDER
:
                              Defendants.        :
:
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _07/01/2022_
```

LEWIS J. LIMAN, United States District Judge:

        Plaintiffs move pretrial for a ruling on the objections of Defendant Yasuko Negita ("Mrs.

Negita") to the receipt into evidence of the deposition testimony of Mrs. Negita, Masahiko

Negita ("Mr. Negita"), and Miho Maki ("Maki").  Mrs. Negita, Mr. Negita, and Maki are all

defendants in this action.  Mr. Negita and Maki were both defendants at the time of their

depositions; although summary judgment has been granted against them as to liability, judgment

has not been entered under Rule 54(b) and they remain defendants.  *See* Dkt. No. 482; *In re*

*Agent Orange Prod. Liability Litigation*, 95 F.R.D. 192, 194 (E.D.N.Y. 1982).  All three appear

on the list of Plaintiffs' witnesses and Mrs. Negita's witnesses for trial.  Dkt. No. 445, Section

IX.  Mrs. Negita objects to the receipt into evidence of their deposition testimony on the grounds

of hearsay.  She argues that, because the three will be witnesses at trial, Plaintiffs should be

limited to eliciting their live testimony and should be precluded from offering their deposition

testimony as substantive evidence.

        Plaintiffs' motion is granted and the objection based on hearsay is overruled.  Rule

32(a)(3) expressly provides that "[a]n adverse party may use for any purpose the deposition of a

party or anyone who, when deposed, was the party's officer, director, managing agent, or

designee under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 32(a)(3).  "[T]he Rule permits a party

to introduce, as part of his substantive proof, the deposition of his adversary, and it is quite

immaterial that the adversary is available to testify at the trial or has testified there."  *Community

Counselling Service, Inc. v. Reilly*, 317 F.2d 239, 243 (4th Cir. 1963); *see also* 8A Federal

Practice and Procedure (Wright & Miller) § 2145 (3d ed.).  The rule is "'liberally construed,' and

although 'the court has discretion to exclude parts of the deposition that are unnecessarily

repetitious in relation to the testimony of the party on the stand, it may not refuse to allow the

deposition to be used merely because the party is available to testify in person.'"  *Redd v. New

York State Div. of Parole*, 923 F. Supp. 2d 393, 408 (E.D.N.Y. 2013) (quoting *N. Ins. Co. of N.Y.

v. Albin Mfg., Inc.,* 2008 WL 3285852, at *3 n. 4 (D.R.I. Aug. 8, 2008)); *see also Capitol Recs.,

Inc. v. MP3tunes, LLC,* 2014 WL 503959, at *16 (S.D.N.Y. Jan. 29, 2014) (rejecting argument

that deposition excepts should be precluded because witness would be testifying live).

Defendant does not argue that the requirements of Rule 32(a)(1) were not satisfied.  Thus,

the Court assumes—because it is not disputed—that Mrs. Negita was present or had notice of the

deposition, that that the testimony would be admissible if the witnesses were testifying in court.

Mrs. Negita's sole argument is that the witnesses whose deposition testimony will be offered will

also be live witnesses.  But regardless of her status when her deposition was first taken, Mrs.

Negita is now a party, and the adverse party can use the depositions against her.  *See Codeiro v.

Levasseau*, 112 F.R.D. 209, 211 (D.R.I. 1986) (Selya, J.) ("[T]he logic underlying Rule 32

argues in favor of a broader definition.  In the context of litigation, use of a deposition at trial is

most appropriate vis-a-vis one who is a party at the time of trial, irrespective of his former status.

There is no real reason why one should be relieved of the effects of his (former) sworn testimony

simply because he is (subsequently) sued civilly—any more than a litigant can escape the

2

evidentiary impact of his prior (i.e., pre-suit) out-of-court declarations.").  Indeed, her deposition testimony would not be considered to be hearsay under Federal Rule of Evidence 809(d)(2)(A), which permits the receipt into evidence of statements offered against an opposing party that were made by that party in an individual capacity.

The same can be said with respect to the testimony of Maki and Mr. Negita.  The two were parties at the time of their deposition and remain parties today.  Thus, under a plain reading of Rule 32(a)(3), they each constitute a party.  The rule states that "[a]n adverse party may use for any purpose the deposition of a party."  Fed. R. Civ. P. 32(a)(3).  Because Maki and Mr. Negita remain parties, the only remaining question is whether Mrs. Negita—the party seeking to use their depositions—constitutes an "adverse party" to them.  Maki and Mr. Negita are—and have been since the beginning of the case—adverse to the Plaintiffs.  *See* Dkt. No. 1 (naming Maki and Mr. Negita as defendants).  They are not necessarily adverse to Plaintiffs in reference to Mrs. Negita.  The same, however, would be true if—had the Court not granted summary judgment as to Maki and Mr. Negita—it had conducted a trial to determine the liability of all three defendants.  In that instance, the Court would have permitted Plaintiffs to introduce into evidence the deposition testimony of each of the defendants under Rule 32(a)(3) and would have permitted the factfinder to consider the testimony for its truth against all defendants, regardless whether the deposed defendant was, in some abstract sense, adverse to the other defendants on trial.  Although the interests of each defendant would not necessarily be aligned with the other defendant and thus they may not be "adverse" to the Plaintiffs in reference to each other, each would be adverse to the parties seeking to introduce the testimony—the Plaintiffs.  The deposition testimony sought to be introduced here has been tested by the adversarial process.  Maki and Mr. Negita testified at deposition as defendants in the case; Mrs. Negita is also a

defendant; and the testimony is sought to be offered by parties—the Plaintiffs—who were adverse to and remain adverse to all three.  There is no reason why Plaintiffs should not be able to introduce those depositions in this proceeding simply because they have already prevailed in part on summary judgment.

The discretionary factors all weigh in favor of the introduction of the deposition testimony.  On the one hand, the receipt into evidence of the deposition testimony will facilitate the resolution of the matters for trial.  It has been represented that each of the witnesses will testify through a translator.  To the extent that the facts the testimony supports are undisputed or the witness would not dispute them, the receipt into evidence of the testimony through deposition will greatly simplify the trial for all involved.  On the other hand, all three of the deponents will also be available to testify live.  Thus, there is no harm to Mrs. Negita from allowing Plaintiffs to introduce these deposition excerpts.  If Maki and Mr. Negita will testify at trial consistent with their deposition testimony, the deposition testimony may be duplicative, but its receipt— particularly in this bench trial—would make the trial efficient.  If Maki and Mr. Negita testify at trial in a manner inconsistent with their deposition testimony, the deposition testimony will regardless be admissible under Rule 801(d)(1)(A) as prior inconsistent statements, and no harm will result from its receipt.

Plaintiff's Rule 32 motion is granted and the objection is overruled.


SO ORDERED.

Dated: July 1, 2022
       New York, New York                    _____
                                                      LEWIS J. LIMAN
                                             United States District Judge