UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ORNRAT KEAWSRI, SACHINA NAGAE, TAKAYUKI SEKIYA, SIWAPON TOPON, PIMPARAT KETCHATROT, THIRATHAM RAKSUK, PARICHAT KONGTUK, TANON LEECHOT, THANATHARN KULAPTIP, WANWISA NAKWIROT, NATCHA NATATPISIT, and PARADA MONGKOLKAJIT,** | **INDEX NO.  17-cv-2406 (LJL)(OTW)** |
| *Plaintiffs,* | |
| v. | |
| **RAMEN-YA INC., Y&S INTERNATIONAL CORP. d/b/a RAMEN-YA, MIHO MAKI, MASAHIKO NEGITA, TOSHIHITO KOBAYASHI, KENJI KORA and YASUKO NEGITA** | |
| *Defendants.* | |

**MEMORANDUM OF LAW IN SUPPORT OF AWARD TO PLAINTIFFS OF DAMAGES, PENALTIES, ATTORNEY'S FEES AND COSTS**

Florence Rostami
Neal Haber

**FLORENCE ROSTAMI LAW, LLC**
**Attorneys for Plaintiffs**
**420 Lexington Avenue, Suite 1402**
**New York, New York 10170**
**(212) 209-3962**

Rachel Izower-Faddé

**IZOWER FELDMAN, LLC**
**1325 Franklin Avenue**
**Suite 255**
**Garden City, New York 11530**
**(516) 231-2260**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................. 1

I.     THE COURT SHOULD AWARD TO EACH PLAINTIFF ACTUAL DAMAGES FOR UNPAID WAGES, UNLAWFULLY WITHHELD TIPS, UNPAID OVERTIME, AND UNPAID "SPREAD OF HOURS" PAYMENTS, IN THE AMOUNTS SET FORTH IN THE DECLARATION OF FLORENCE ROSTAMI, BASED ON THE "HOURS/TIPS SPREADSHEETS" AND PAY STATEMENTS ......... 3

II.    THE COURT SHOULD AWARD PREJUDGMENT INTEREST TO EACH PLAINTIFF ON THEIR ACTUAL DAMAGES, AT THE STATUTORY RATE OF 9 PERCENT PER ANNUM, UNDER CPLR 5001 AND CPLR 5004 ....................... 4

III.    THE COURT SHOULD AWARD TO EACH PLAINTIFF LIQUIDATED DAMAGES EQUAL TO THE AMOUNT OF ACTUAL DAMAGES FOR UNPAID WAGES, UNLAWFULLY WITHHELD TIPS, UNPAID OVERTIME, AND UNPAID "SPREAD OF HOURS" PAYMENTS ........................................................ 5

IV.    THE COURT SHOULD AWARD TO EACH PLAINTIFF THE STATUTORY PENALTY OF $5,000.00 FOR DEFENDANTS' FAILURE TO PROVIDE COMPLETE AND ACCURATE PAY STATEMENTS .................................................... 6

V.    THE COURT SHOULD AWARD TO PLAINTIFFS THEIR REASONABLE ATTORNEY'S FEES AND COSTS, IN THE AMOUNTS AND FOR THE CATEGORIES OF COSTS SET FORTH IN THE DECLARATION OF FLORENCE ROSTAMI ............................................................................................. 7

VI.    THE COURT SHOULD AWARD POST-JUDGMENT INTEREST ON ALL SUMS OWED BY DEFENDANTS, JOINTLY AND SEVERALLY, TO PLAINTIFFS PURSUANT TO 28 U.S.C. § 1961 ........................................................... 12

CONCLUSION ......................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Allende v. Unitech Design, Inc.*,
   783 F. Supp. 2d 509 (S.D.N.Y. 2011)................................................................7

*Almanzar v. 1342 St. Nicholas Avenue Rest. Corp.*,
   2016 WL 8650464 (S.D.N.Y. Nov. 7, 2016)......................................................7

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
   369 F.3d 91 (2d Cir. 2004)..............................................................................11

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
   522 F.3d 182 (2d Cir. 2008)..............................................................................7

*Augusto Corrales v. AJMM Trucking Corp.*,
   2020 WL 1911189 (S.D.N.Y. April 20, 2020) .........................................4-5, 10

*Cheeks v. Freeport Pancake House, Inc.*,
   796 F.3d 199 (2d Cir. 2015)..............................................................................8

*City of Riverside v. Rivera.*,
   477 U.S. 561 (1986)..........................................................................................8

*Cortes v. New Creator's Inc.*,
   2016 WL 3455383 (S.D.N.Y. June 20, 2016) ................................................10

*De Jesus Morales v. Stalwart Group Inc.*,
   2021 WL 3774145 (S.D.N.Y. August. 24, 2021) ..........................................5, 7

*Fermin v. Las Delicias Peruanas Rest., Inc.*,
   93 F.Supp.3d 19 (E.D.N.Y. 2015) ....................................................................5

*Fisher v. SD Protection Inc.*,
   948 F.3d 593 (2d Cir. 2020)..............................................................................8

*Goldberger  v. Integrated Resources*,
   209 F.3d 43 (2d Cir. 2000)................................................................................8

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)..........................................................................................7

*Hong v. Mommy's Jamaican Market Corp.*,
   2021 WL 4843912 (S.D.N.Y. Oct. 15, 2021) ................................................10

*Imbeault v. Rick's Cabaret International, Inc.*,
   2009 WL 2482134 (S.D.N.Y. Aug. 13, 2009)................................................11

*LeBlanc-Sternberg v. Fletcher*,
   143 F.3d 748 (2d Cir. 1998)............................................................................11

*Lilly v. City of New York*,
   934 F.3d 222 (2d Cir. 2019)..............................................................................7

*Millea v. Metro-North R.R. Co.*,
   658 F.3d 154 (2d Cir. 2011) ........................................................................7

*Murray v. UBS Sec*,
   2020 WL 7384722 (S.D.N.Y. Dec. 16, 2020) .............................................7

*Najnin v. Dollar Mountain, Inc.*,
   2015 WL 6125436 (S.D.N.Y. Sept. 25, 2015)...............................................7

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*.,
   711 F.2d 1136 (2d Cir. 1983)........................................................................7

*Perdue v. Kenny A. ex rel. Winn*,
   559 U.S. 542 (2010) ......................................................................................7

*Quaratino v. Tiffany & Co.*,
   166 F.3d 422 (2d Cir. 1999)........................................................................10

*Santana v. Latino Express Restaurants, Inc.*,
   198 F.Supp.3d 285 (S.D.N.Y. 2016).............................................................5

*Savino v. Computer Credit, Inc*.,
   164 F.3d 81 (2d Cir. 1998)............................................................................7

## Statutes and Regulations

28 U.S.C. § 1961 .............................................................................................12

29 U.S.C. § 201 .................................................................................................1

29 U.S.C. § 203(m)(2)(B) ..................................................................................2

29 U.S.C. § 206(a) .............................................................................................2

29 U.S.C. § 207(a)(1)..........................................................................................2

29 U.S.C. § 215(a)(2)..........................................................................................2

29 U.S.C. § 215(a)(5)..........................................................................................3

29 U.S.C. § 216(b) ...................................................................................3, 7, 8

29 U.S.C. § 255 ..................................................................................................1

29 C.F.R. § 516.2(a)(1)-(12) ..............................................................................3

CPLR § 5001 ..................................................................................................2, 4

CPLR § 5001(a) ..................................................................................................5

CPLR § 5004..............................................................................................2, 4, 5

NY Hospitality Wage Order, 12 NYCRR § 146-1.4 ........................................2

NY Hospitality Wage Order, 12 NYCRR § 146-1.6 .....................................1, 2

NY Labor Law § 195 ..........................................................................................2

NY Labor Law § 195(3) .....................................................................................1

NY Labor Law § 196-d .................................................................................................2

NY Labor Law § 198(1) ...............................................................................................2

NY Labor Law § 198(1-a) ..........................................................................................5, 7

NY Labor Law § 198(1-d) ...........................................................................................6

NY Labor Law § 198(3) ...............................................................................................1

NY Labor Law § 651 ....................................................................................................1

NY Labor Law § 663(1) .............................................................................................3, 5

NY Labor Law § 663(6) ...............................................................................................1

**PRELIMINARY STATEMENT**

Plaintiffs respectfully submit this Memorandum of Law in support of their application for damages, penalties, attorney's fees and costs to be awarded to them, for which Yasuko Negita ("Mrs. Negita"), Masahiko Negita ("Negita"), Miho Maki ("Maki"), Ramen-Ya Inc. ("RYI"), Y&S International Corp. d/b/a Ramen-Ya ("Y&S"), and Kenji Kora ("Kora")(collectively, "Defendants") shall be jointly and severally liable to Plaintiffs for all monies owed pursuant to the Court's judgment to be entered against them.

Plaintiffs asserted causes of action for unpaid wages, unpaid overtime, and unlawfully withheld tips under both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the New York Labor Law ("NYLL"). Plaintiffs also asserted claims for unpaid "spread of hours" payments under the NYLL and the New York Hospitality Wage Order (the "Hospitality Wage Order"), 12 N.Y.C.R.R. § 146-1.6, and for failure to provide complete and accurate pay statements to Plaintiffs as required by the NYLL § 195(3) and the New York Wage Theft Prevention Act. The statute of limitations for FLSA claims for a willful violation is three years, 29 U.S.C. § 255, and the statute of limitations for claims under the NYLL is six years, N.Y. Labor Law §§ 198(3), 663(6). The complaint in this matter [DE 1] was filed on April 3, 2017, and the date of hire of the earliest Plaintiff to be employed by Defendants was November 1, 2014, less than three years before the commencement of this action. Declaration of Florence Rostami ("Rostami Decl."), ¶ 45].Thus, all claims by Plaintiffs for an award of damages are timely.

On August 10, 2021, the Court issued an Opinion and Order ("O&O") [DE 419] in which it determined *inter alia* that Plaintiffs constituted a proper collective group under the FLSA; that Ramen-Ya Inc. ("RYI") Miho Maki ("Maki"), Masahiko Negita ("Negita"), Y&S International Corp. ("Y&S"), and Kenji Kora ("Kora") were "employers" of Plaintiffs and liable to Plaintiffs

1

for damages and penalties for failure to pay proper compensation to each of these Plaintiffs (including minimum wage, gratuities ("tips"), overtime pay, and "spread of hours" payments) and failure to provide complete and accurate pay statements as required by the NYLL, and for Plaintiffs' attorney's fees and costs.  On July 11, 2022, after a bench trial, the Court determined that Yasuko Negita ("Mrs. Negita") was also an "employer" of Plaintiffs, thus making her jointly and severally liable with the other employers for damages, penalties, and attorney's fees and costs owed to Plaintiffs. [DE 497, DE 498]

In the O&O, the Court determined that Plaintiffs are entitled to the following categories of damages and penalties, as well as attorney's fees and costs:

i. statutory damages for Defendants' failure to maintain accurate and complete records pursuant to N.Y. Labor Law ("NYLL") §§ 195, 198(1-b) [DE 419 p. 30];

ii. wages for all hours worked at Defendants' restaurants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a) and the NYLL [DE 419, p. 38] at full minimum wage for each year [DE 419, p. 31];

iii. twenty percent (20%) of their tips which Defendants illegally withheld from Plaintiffs pursuant to the FLSA, 29 U.S.C. § 203(m)(2)(B) and NYLL § 196-d [DE 419, pp. 39];

iv. overtime compensation pursuant to the FLSA, 29 U.S.C. §§ 207(a)(1), 215(a)(2) and N.Y. Comp. Codes R. & Regs. tit. 12 ("N.Y.C.R.R."), § 146-1.4 (the New York Hospitality Wage Order [the "Hospitality Wage Order"]) [DE 39-44] which the Court determined to be:

    a. $121.40 for Nagae [DE 419, p. 42];
    b. $64.13 for Topon [DE 419, p. 42];
    c. $1,009.69 for Keawsri [DE 419, pp. 41-42];
    d. $3,349.94 for Raksuk [DE 419, pp. 43-44];
    e. $140.25 for Kulaptip [DE 419, p. 44]; and
    f. zero for the other Plaintiffs.

v. "spread of hours" pay pursuant to the Hospitality Wage Order, 12 N.Y.C.R.R. § 146-1.6 [DE 419, pp. 44-47];

vi. prejudgment interest at nine percent (9%) per annum pursuant to N.Y. Civil Practice Laws and Rules ("CPLR") §§ 5001, 5004;

vii.    liquidated damages equal to the actual damages awarded for unpaid wages, unpaid tips, unpaid overtime, and unpaid "spread of hours" payments, pursuant to the FLSA, 29 U.S.C. § 216(b) and NYLL § 663(1) [DE 419, p. 50]; and

viii.    attorney's fees and costs pursuant to the FLSA and the NYLL [DE 419, p. 50].

Plaintiffs have filed with the Court, contemporaneously with this Memorandum of Law, the Rostami declaration with exhibits, setting forth the basis for the award of each category of damages and penalties that Defendants, jointly and severally, should be ordered to pay to Plaintiffs, and the basis for the award of attorney's fees and costs to Plaintiffs' counsel.

This Memorandum of Law addresses the statutory and decisional law relating to each category of damages.

**I.    THE COURT SHOULD AWARD TO EACH PLAINTIFF ACTUAL DAMAGES FOR UNPAID WAGES, UNLAWFULLY WITHHELD TIPS, UNPAID OVERTIME, AND UNPAID "SPREAD OF HOURS" PAYMENTS, IN THE AMOUNTS SET FORTH IN THE DECLARATION OF FLORENCE ROSTAMI, BASED ON THE "HOURS/TIPS SPREADSHEETS" AND PAY STATEMENTS**

In the O&O, the Court determined that Defendants failed to maintain complete and accurate records of Plaintiffs' hours worked and hourly rate of pay, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(5), and United States Department of Labor regulations, 29 C.F.R. § 516.2(a)(1)-(12). Consequently, Plaintiffs need only offer a reasonable estimate of their damages, and unless Defendants can controvert those estimates, the reasonable estimate offered by Plaintiffs will be used to compute damages. [DE 419, pp. 27-28] The Court utilized a document identified as the "Hours/Tips Spreadsheet" [DE 399-22], provided by Defendants in discovery, along with pay statements for some of the Plaintiffs, also created by Defendants, which were produced in discovery by Defendants or by Plaintiffs to establish Defendants' liability for unpaid wages, unlawfully withheld tips, unpaid overtime, and unpaid

"spread of hours" payments, and to calculate damages to be awarded to Plaintiffs for these violations of wage-hour and wage payment laws. [Rostami Decl. ¶¶ 6-8]

The Rostami Declaration, in paragraph 9 and annexed Exhibit A and Exhibit C through N, sets forth a precise calculation of actual damages suffered by each Plaintiff for unpaid wages [Rostami Decl. ¶¶ 25-32 and Exh. A, C-N],[1] unpaid "spread of hours" payments [Rostami Decl. ¶¶ 33-35 and Exh. A, C-N],[2] unpaid overtime [Rostami Decl. ¶ 36 and Exh. A, C-N],[3] and unlawful withholding by Defendants of 20 percent of each Plaintiffs' tips. [Rostami Decl.¶¶ 37-38 and Exh. A, C-N]

Plaintiffs are entitled to payment of actual damages in the amounts set forth in the Rostami Declaration and annexed exhibits.

## II. THE COURT SHOULD AWARD PREJUDGMENT INTEREST TO EACH PLAINTIFF ON THEIR ACTUAL DAMAGES, AT THE STATUTORY RATE OF 9 PERCENT PER ANNUM, UNDER CPLR 5001 AND CPLR 5004

Under New York law, a successful plaintiff alleging unpaid wages, overtime or other wage violations is entitled to prejudgment interest. As this Court stated in *Augusto Corrales v. AJMM*

---

[1]   In Plaintiffs' computation of unpaid wages, Plaintiffs have calculated unpaid wages for 2017 in the following manner: for the period January 1, 2017 through August 13, 2017, damages for unpaid wages at a rate of $11.00 per hour (statutory minimum wage); for the period August 14, 2017 through December 30, 2017, unpaid wages at a rate of $12.00 per hour because Defendants informed employees, including Plaintiffs, that their wage rage would be increased to $12.00 per hour. [DE 399-29] Rostami Decl. ¶¶ 24-25. The Court applied the $12.00 per hour wage rate in the calculation of unpaid overtime to Plaintiff Raksuk between August 14, 2017 and December 30, 2017. [DE 419, p. 44] Thus, as the recognized pay rate for this period, to compensate each Plaintiff for unpaid wages, should be $12.00 per hour.

[2]   In the O&O, the Court made a determination as to the amount of unpaid "spread of hours" payments for each Plaintiff.  [DE 419, pp. 44-48] In preparation of this motion and application, Plaintiffs found some discrepancies between their calculations of "spread of hours" payments to which Plaintiffs are entitled and the calculations contained in the O&O.  Plaintiffs respectfully request that the Court review the calculations submitted with the Rostami Declaration and make appropriate adjustments in the award of damages to each Plaintiff for unpaid "spread of hours" payments.

[3]   In the O&O, the Court calculated liability for unpaid overtime for Plaintiffs Keawsri, Nagae, Topon, Raksuk, and Kulaptip. [DE 419, pp. 41-44] Plaintiffs agree with these calculations and have incorporated them into their request for damages. [Rostami Decl., ¶ 36]

4

*Trucking Corp.*, 2020 WL 1911189, at *4 (S.D.N.Y. April 20, 2020): "Under New York law, Plaintiff is entitled to prejudgment interest on actual damages. *See* N.Y. C.P.L.R. § 5001(a); N.Y. Lab. L. § 663(1). Prejudgment interest is calculated on a simple basis and applies only to the lost wages, not the liquidated damages or statutory damages. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F.Supp.3d 19, 49 (E.D.N.Y. 2015). The Court has discretion to choose a reasonable accrual point, with the midpoint used by courts in this district. See *Santana*, 198 F.Supp.3d at 294-95." In *de Jesus Morales v. Stalwart Group Inc.*, 2021 WL 3774145, at *5 (S.D.N.Y. August 24, 2021), this Court stated:

> Finally, employees may recover prejudgment interest with respect to their back wages, but not with respect to liquidated damages or violations of the wage statement or wage notice provisions. NYLL § 198(1-a) . . .'New York law sets the relevant interest rate at nine percent per year.' . . . And to determine when prejudgment interest begins to accrue, '[c]ourts applying [the] NYLL in wage-and-hour cases "often choose the midpoint of the plaintiff's employment within the limitations period."' . . . The Court will award prejudgment interest in this case, starting from the midpoint of each Plaintiff's employment. (citations omitted)

Plaintiffs are entitled to prejudgment interest on their actual damages on all claims for unpaid wages, unpaid overtime, unpaid "spread of hours" payments, and unlawfully withheld tips, since each claim falls under New York law, at a rate of 9 percent per annum.  CPLR 5004. The starting date for calculation of prejudgment interest should be the midpoint of each Plaintiff's employment, as is set forth in Exhibit B of the Rostami Declaration.

### III.   THE COURT SHOULD AWARD TO EACH PLAINTIFF LIQUIDATED DAMAGES EQUAL TO THE AMOUNT OF ACTUAL DAMAGES FOR UNPAID WAGES, UNLAWFULLY WITHHELD TIPS, UNPAID OVERTIME, AND UNPAID "SPREAD OF HOURS" PAYMENTS

In the O&O, the Court held that Plaintiffs are entitled to liquidated damages equal to the amount of actual damages, based on the Court's finding that Defendants violations of the FLSA and the NYLL were willful. [DE 419, pp. 48-50] As the Court found, Plaintiffs are not entitled to

separate, duplicative liquidated damage awards under both the FLSA and the NYLL but can recover under the statute that provides the greater relief.  [DE 419, pp. 49-50] Both the FLSA and the NYLL provide for liquidated damages equal to 100 percent of the actual damages for the violations of the wage and hour laws.  Accordingly, Plaintiffs are entitled to liquidated damages equal to the amount of actual damages they suffered for unpaid wages, unpaid overtime, unpaid "spread of hours" payments, and unlawfully withheld tips, in the amounts set forth in the accompanying Rostami Declaration and Exhibit A and Exhibit C-N.

### IV.   THE COURT SHOULD AWARD TO EACH PLAINTIFF THE STATUTORY PENALTY OF $5,000.00 FOR DEFENDANTS' FAILURE TO PROVIDE COMPLETE AND ACCURATE PAY STATEMENTS

In the O&O, the Court concluded that Defendants failed to maintain accurate records and failed to furnish each employee with a complete and accurate wage statement.  [DE 419, pp. 28-30] Pursuant to NYLL § 198(1-d), employees are entitled to recover damages of two hundred fifty dollars for each workday that the violation occurred or continued to occur, but not to exceed a total of $5,000.00, together with costs and reasonable attorney's fees.  As set forth in the exhibits accompanying the Rostami Declaration (and as stipulated by the parties in the Amended Stipulated Facts filed with the Court in advance of the hearing as to Mrs. Negita's "employer" status) [DE 486, stips. 5-16], each Plaintiff worked for Defendants for more than 20 days.  Consequently, each Plaintiff is entitled to the maximum statutory penalty of $5,000.00 from Defendants for their failure to provide complete and accurate wage statements.

## V.   THE COURT SHOULD AWARD TO PLAINTIFFS THEIR REASONABLE ATTORNEY'S FEES AND COSTS, IN THE AMOUNTS AND FOR THE CATEGORIES OF COSTS SET FORTH IN THE DECLARATION OF FLORENCE ROSTAMI

**<u>Attorney's Fees</u>**

In *de Jesus Morales*, *supra*, this Court described the standards for the award of attorney's

fees to a prevailing plaintiff in a case in which a violation of the FLSA or the NYLL is found:

"Under both the FLSA and the NYLL, a prevailing plaintiff may recover [his or] her reasonable attorney's fees and costs." *Almanzar v. 1342 St. Nicholas Avenue Rest. Corp*., 2016 WL 8650464, at *12 (S.D.N.Y. Nov. 7, 2016) (citing *Najnin v. Dollar Mountain, Inc*., 2015 WL 6125436, at *4 (S.D.N.Y. Sept. 25, 2015)); see 29 U.S.C. § 216(b); NYLL § 198(1-a). The Court has discretion to determine the amount of attorneys' fees that would be appropriate to satisfy a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

As a general matter, the "starting point" in analyzing whether claimed attorneys' fees are appropriate is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co*., 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008), and *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)); *see generally Lilly v. City of New York*, 934 F.3d 222, 227-34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended). The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable, see *Allende v. Unitech Design, Inc*., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011), and must provide the court with sufficient information to assess the fee application, *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

The court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill*, 522 F.3d at 189. The reasonable hourly rate is "the rate a paying client would be willing to pay," bearing in mind that the "paying client wishes to spend the minimum necessary to litigate the case effectively." Id. at 190. When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the court's discretion to reduce the requested rate. *See Savino v. Computer Credit, Inc*., 164 F.3d 81, 87 (2d Cir. 1998). Once a court has determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable. The court "should exclude excessive, redundant[,] or otherwise unnecessary hours[.]" *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *see generally Murray v. UBS Sec.*, 2020 WL 7384722, at *11-12 (S.D.N.Y. Dec. 16, 2020).

7

In *Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020), the Second Circuit held that in the context of settlement of FLSA and NYLL cases, which must be approved by the trial court in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the district court abused its discretion in limiting the amount of recoverable fees to a percentage of the recovery by the successful plaintiffs.  The Court in *Fisher* stated (at 948 F.3d 603-604):

> Neither the text nor the purpose of the FLSA, however, supports imposing a proportionality limit on recoverable attorneys' fees. With respect to the statutory text, FLSA simply provides for a "reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). Nothing in this clause or the surrounding text supports the conclusion that a "reasonable attorney's fee" must be a "proportional" fee.

> \*\*\*\*\*\*\*\*\*\*\*

> While in some cases the proportion of fees may be relevant in considering the reasonableness of an award (for example, the multi-million dollar securities class action involving a common fund, often cited by the district courts in evaluating fee requests, see *Goldberger*, 209 F.3d at 50-51), there is no explicit limit on attorneys' fees in FLSA actions and district courts should not, in effect and practice, implement such a limit. *See City of Riverside v. Rivera*, 477 U.S. 561, 578, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts."). Even if helpful, however, the percentage of attorneys' fees cannot be the determinative factor in evaluating the reasonableness of the award.

> \*\*\*\*\*\*\*\*\*\*\*

> If plaintiffs' attorneys in these so-called "run of the mill" FLSA actions are limited to a proportional fee of their client's recovery (here, a maximum of $11,170), no rational attorney would take on these cases unless she were doing so essentially pro bono. Without fee-shifting provisions providing compensation for counsel, employees like Fisher would be left with little legal recourse.

Plaintiffs were successful in virtually every issue in this case.  Specifically, Plaintiffs were successful in defeating Defendants' RYI, Negita and Maki initial motion to dismiss and in prevailing in Plaintiffs' motion for conditional certification of the collective group [DE 130]; in obtaining a protective order to quash Defendants' arbitration agreements that they compelled their employees, including prospective members of the collective group, to sign in an attempt to destroy

8

the possibility of a collective group [DE 176]; in obtaining an Order compelling Defendants, over their objections, to disclose tax and management documents that were highly relevant to the case [DE 246]; in seeking to compel the deposition of Mrs. Negita after she failed to appear pursuant to subpoena at her scheduled deposition [DE 303]; in obtaining an Order from Magistrate Judge Wang compelling Y&S to produce documents, identified at Kora's deposition, that Y&S failed to produce [DE 309]; in obtaining an Order to Show Cause compelling counsel for Y&S to show cause why he should not be held in contempt for failure to timely produce responsive documents as directed by the Court [DE 334]; in obtaining leave to file a Third Amended Complaint, after the depositions of Maki, Negita, and Mrs. Negita, to add Mrs. Negita as a defendant [DE 367]; in defeating Defendants' motion for summary judgment and in obtaining summary judgment for Plaintiffs on the entirety of their claims set forth in the Third Amended Complaint (except for establishing Toshihito Kobayashi and Mrs. Negita as "employers", with the Court determining that Mrs. Negita's status would be determined at trial) [DE 419]; and in successfully establishing, after a four day bench trial, that Mrs. Negita was at all material times an "employer" of Plaintiffs. [DE 497, DE 498]  Further, as is reflected in the numerous docket entries reflecting Defendants' delay, obfuscation, and disregard of the litigation process, Plaintiffs were required to expend substantial time, effort and cost to pursue their claims.

In this case, Plaintiffs incurred significant attorney's fees in vindicating the rights of twelve Plaintiffs, in response to Defendants' repeated delays, filing of unsuccessful motions, and decision to pursue their meritless defenses to the bitter end. [Rostam Decl. ¶¶ 57-61] Ultimately, Plaintiffs were successful, and are entitled to recovery of all legal fees for their attorney's services.

Each of Plaintiff's attorneys is a highly experienced labor and employment attorney who is a principal of the firm or an experienced litigator. [Rostami Decl. ¶¶ 49-52] Plaintiffs' counsel's

primary law firm, Florence Rostami Law LLC, is a boutique law firm, which does not employ a cadre of junior associates, paralegals, and support personnel.  [Rostami Decl., ¶ 48] Review of the attorney time records will readily reveal no unnecessary duplication of activities and no claims for attorney's fees for work normally performed by a paralegal [Rostami Decl. ¶ 56]; thus, the number of hours expended by Plaintiffs' counsel is reasonable.

Plaintiffs seek attorney's fees at a rate of $450.00 per hour, which is consistent with their experience and is comparable to rates approved by this Court. [Rostami Decl. ¶ 53] The requested rate is a blended rate, reflecting that Plaintiffs' counsel's hourly rate at the commencement of representation in 2016 was $400 per hour,[4] which has increased over the past six years to $500 per hour. . [Rostami Decl. ¶ 55] The requested hourly rate is lower than courts in the Southern District of New York, including this Court, have found to be reasonable for experienced counsel in FLSA matters.  See *Hong v. Mommy's Jamaican Market Corp*., 2021 WL 4843912, at *5 (S.D.N.Y. Oct. 15, 2021)(Liman. J.)(mean and median hourly rates for partners practicing labor and employment law in New York City as $620 and $682, respectively); *Corrales*, *supra* at *4 (Liman, J.)(mean hourly partner rate for labor attorneys in New York City was $682, and mean associate rate was $473 in the third quarter of 2018; rate of partner counsel of $600 per hour was found to be reasonable). Accordingly, Plaintiffs request that the Court calculate that their attorney's fees of $500 per hour are reasonable, and that they be awarded attorney's fees for all hours set forth in the Rostami Declaration and accompanying documentation.

## Costs

---

[4]   Six years ago, in *Cortes v. New Creators Inc*., 2016 WL 3455383, at *7 (S.D.N.Y. June 20, 2016), Judge Paul Engelmayer approved a rate of $400.00 per hour for Plaintiffs' counsel (Mr. Haber and Ms. Rostami) for calculation of attorney's fees to be awarded in a FLSA/NYLL action,, stating that the hourly rate for their services was "in line with the rates generally awarded in this District to attorneys with commensurate levels of experience in employment actions."

Plaintiffs incurred substantial reimbursable costs in this action, including filing fees, process service fees, deposition fees, translator fees, fees for purchasing transcripts of court conferences and trial transcripts. Plaintiffs incurred fees for obtaining liquor licenses and certified certificate of incorporation of RYI.  Plaintiffs also incurred reimbursable costs for outside vendor printing and binding services and travel.

Plaintiffs also incurred significant costs for online legal research.  Online legal research costs are generally recoverable. In *Imbeault v. Rick's Cabaret International, Inc*., 2009 WL 2482134, at *11 (S.D.N.Y. Aug. 13, 2009), the Court included fees for online legal research in costs to be paid by defendant to the successful plaintiffs, stating:

> The $350.00 in Westlaw charges will be allowed. A party seeking an award of costs and fees pursuant to fee-shifting provisions-such as the FLSA and NYLL-should be permitted to recover expenses associated with computerized research "because such services presumably save money by making legal research more efficient, and because paying clients reimburse[ ] lawyers' LEXIS and WESTLAW expenses, just as [they] reimburse their paralegal expenses." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 98 (2d Cir.2004) (alterations in original; quotations omitted) ("*Arbor Hill I*"). Nevertheless, Peregrine challenges the charges on the ground that Nichols Kaster has not produced evidence that it typically bills its clients for Westlaw charges rather than absorbing the costs into its overhead. This position finds some support in the caselaw, e.g., *Lucky Brand Dungarees*, 2009 WL 466136, at *7, stemming from *Arbor Hill I*'s statement that "[i]f [plaintiff's counsel] normally bills its paying clients for the cost of online research, that expense should be included in the fee award," 369 F.3d at 98.
>
> But regardless of Nichols Kaster's specific practices, it is commonplace to pass computer research fees on to clients, making such expenses part of "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients" that comprise an appropriate cost award. *LeBlanc-Sternberg*, 143 F.3d at 763 (including computerized legal research in category of expenses generally "not properly treated as overhead expenses for purposes of a fee award" but rather "the sort of expenses that may ordinarily be recovered").

Plaintiffs' counsel does not include online legal research fees from Westlaw as part of overhead.  Rather, Plaintiffs' counsel apportions its monthly Westlaw charges among the clients for whom it has conducted online research during that month.  [Rostami Decl., ¶ 63] Plaintiffs

11

incurred significant online research costs necessary to address the multiplicity of Defendants' meritless motions, to successfully obtain summary judgment, and to litigate Mrs. Negita's "employer" status (which included substantial preparation for a jury trial only to have Mrs. Negita's counsel decide that he and/or his client preferred a bench trial). Consequently, Plaintiffs respectfully submit that their recoverable fees include Westlaw online legal research costs.

## VI.   THE COURT SHOULD AWARD POST-JUDGMENT INTEREST ON ALL SUMS OWED BY DEFENDANTS, JOINTLY AND SEVERALLY, TO PLAINTIFFS PURSUANT TO 28 U.S.C. § 1961

Finally, Plaintiffs respectfully request that the judgment entered by this Court against Defendants specifically compel the assessment of post-judgment interest to be paid by Defendants to Plaintiffs pursuant to 28 U.S.C. § 1961. See *Rosario v. Fresh Smoothies LLC*, 2021 WL 5847633, at *9 (S.D.N.Y. Dec. 9, 2021)(Liman, J.)(this Court directed the Clerk of Court to enter judgment in favor of plaintiff, specifically setting forth plaintiff's damages to include post-judgment interest on back wages, liquidated damages, and statutory penalties for violation of the pay statement and other provisions of the NYLL).

## <u>CONCLUSION</u>

Plaintiffs respectfully submit that, upon full consideration of Plaintiffs' motion and application for calculation of damages, penalties, pre-judgment and post-judgment interest, attorney's fees, and costs, the Court should grant to Plaintiffs all damages and other monies set forth in the Rostami Declaration and annexed exhibits.

Dated: New York, New York
     July 15, 2022

                              Respectfully submitted,

                              FLORENCE ROSTAMI LAW LLC
                              Attorneys for Plaintiffs

                              By:  ____/s/ Florence Rostami
                                   Florence Rostami
                                   Neal Haber
                                   420 Lexington Avenue, Suite 1402
                                   New York, New York 10170
                                   (212) 209-3962

                                   frostami@rostamilaw.com
                                   nhaber@rostamilaw.com


                                   Rachel Izower-Fadde
                                   IZOWER FELDMAN, LLP
                                   1325 Franklin Avenue, Suite 255
                                   Garden City, New York 11530
                                   (516) 231-2260

                                   rizower@izowerfeldman.com