**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ORNRAT KEAWSRI, et. al.,**<br>***Plaintiffs,***<br>**v.**<br>**RAMEN-YA INC., et. al.,**<br>***Defendants.*** | **INDEX NO. 17-cv-02406 (LJL)(OTW)**<br><br>**ORDER OF ATTACHMENT OF IDENTIFIED PROPERTY PURSUANT TO FED. R. CIV. P. RULE 64, N.Y. CPLR 6201, 6211(a) AND 6212(a), AND ORDER OF TEMPORARY RESTRAINT** |

WHEREAS the Court has previously rendered decisions, in an Opinion & Order dated August 10, 2021 and an oral decision made on July 11, 2022, that Defendants are liable to Plaintiffs for damages, penalties, attorney's fees and costs for violations of the Fair Labor Standards Act, the New York Labor Law, and the New York Hospitality Wage Order, with the exact amount of such damages, penalties, attorney's fees and costs to be determined by the Court, and

WHEREAS on July 15, 2022, Plaintiffs filed an application for damages, penalties, prejudgment interest, and attorneys' fees and costs, claiming that Defendants are joint and severally liable for $1,869,034.26, and

WHEREAS on July 28, 2022 an *ex parte* application was made to the undersigned pursuant to Fed. R. Civ. P. 64 and CPLR 6201, 6211(a), and 6212 by Plaintiffs Ornrat Keawsri ("Keawsri"), Sachina Nagae ("Nagae"), Takayuki Sekiya ("Sekiya"), Siwapon Topon ("Topon"), Pimparat Ketchatrot ("Ketchatrot"), Thiratham Ratsuk, ("Ratsuk"), Partichat Kongtuk ("Kongtuk"), Tanon Leechot ("Leechot"), Thanatharn Kulaptip ("Kulaptip"), Wanwisa Nakwirot ("Nakwirot"), Natcha Natatpisit ("Natatpisit"), and Parada Mongkolkajit ("Mongkolkajit"), collectively "Plaintiffs", for an Order of

Attachment against certain property of Defendants Yasuko Negita ("Mrs. Negita"), Masahiko Negita ("Negita"), Miho Maki ("Maki"), Ramen-Ya Inc. ("RYI") and Y&S International Corp. ("Y&S") in an action in the United States District Court, Southern District of New York entitled Keawsri et al. v. Ramen-Ya Inc. et al., Index No. 17-cv-02406 (the "Lawsuit"), and

WHEREAS on July 27, 2022 an *ex parte* application was made to the undersigned pursuant to Fed. R. Civ. P. 64 and CPLR 5229 by Plaintiffs for an order of restraint against Mrs. Negita, Negita, Maki, RYI, Y&S, and Kenji Kora ("Kora"), collectively "Defendants," (1) prohibiting them from selling, transferring, conveying, gifting, pledging, assigning, or otherwise encumbering any assets or interest in any assets, and (2) compelling each Defendant to appear for examination concerning the nature, extent, and location of their assets, and

WHEREAS on July 29, 2022 the Court conducted an *ex parte* hearing on the applications, and

WHEREAS Plaintiffs have demonstrated that they have satisfied the grounds for *ex parte* relief because the Court is satisfied that there is an imminent risk that Defendants will remove or dissipate assets if notice of the application for attachment and for an order of restraint is given to Defendants, and

WHEREAS Plaintiffs have demonstrated that they have satisfied the grounds for an *ex parte* attachment under CPLR 6201(1) against Mrs. Negita and Negita because they are nondomiciliaries living outside the State of New York and also have satisfied the grounds for an *ex parte* order of attachment under CPLR 6201(3) by alleging facts which sufficiently establish the intent of Mrs. Negita, Negita, Maki, RYI and Y&S to defraud their creditors, and

WHEREAS Plaintiffs have identified deposits owned by RYI and Y&S, shares in an entity known as Ku-Raku and the Kuraku restaurant owned and operated by Mrs. Negita, and real property of Mrs. Negita, situated in the United States, that can be applied to satisfy the judgment to be rendered by the

Court in the Lawsuit, and

WHEREAS Plaintiffs have demonstrated that they have satisfied the grounds for a restraining order under CPLR 5229 against all Defendants to prohibit them from selling, transferring, conveying, gifting, pledging, assigning, or otherwise encumbering any assets or interest in any assets, because a decision or verdict has been rendered against them in the Lawsuit and there are facts which sufficiently establish Defendants' intent to defraud their creditors,

NOW THEREFORE, upon the *ex parte* motion of Plaintiffs through their attorneys Florence Rostami Law LLC,

IT IS HEREBY ORDERED that Plaintiffs' application for an *ex parte* Order of Attachment is GRANTED and this Order of Attachment shall be effective immediately and shall remain so unless otherwise amended or vacated by this Court.

IT IS FURTHER ORDERED that pursuant to the Order of Attachment and CPLR 6201, CPLR 6211(a), and CPLR 6212(a), Mrs. Negita, Negita, Maki, RYI and Y&S are enjoined from transferring, selling, assigning, hiding, dissipating, or moving the following assets out of the reach of Plaintiffs to satisfy the judgment that will be issued for Plaintiffs in this action:

a. Property located at 309 Knickerbocker Road, Tenafly, New Jersey, also known as 8 Floral Terrace, Tenafly New Jersey ("Real Property") owned by Mrs. Negita.
b. All shares of Ku-Raku New York, Inc. ("Ku-Raku") owned by Mrs. Negita, which operates a restaurant in New York County under the trade name "Ramen Kuraku."
c. The restaurant Ramen Kuraku.
d. RYI bank account 7528057408 with Capital One ("RYI Account"), except to the extent that funds in such account are required to be expended to make legitimate payments to

RYI's creditors.

e. Y&S bank accounts 428-968578 and 434-7134879 ("Y&S Accounts") with TD Bank, except to the extent that funds in such accounts are required to be expended to make legitimate payments to RYI's creditors.

IT IS FURTHER ORDERED that pursuant to Rule 64 of the Federal Rules of Civil Procedure, and Articles 62 and 75 of the CPLR, the U.S. Marshal for the Southern District of New York or any person appointed to act in their place and stead shall, pursuant to CPLR 6214, levy without taking possession within this Court's jurisdiction the property to which attachment has been ordered herein.

IT IS FURTHER ORDERED that following persons shall act in the place and stead of the U.S. Marshal for the purpose of serving this Order of Attachment and effecting any levy ordered hereby: Demovsky Lawyer Service, 401 Broadway, Suite 808, New York, New York 10013, and its employees.

IT IS FURTHER ORDERED that pursuant to CPLR 5229, Defendants are restrained from selling, transferring, conveying, gifting, pledging, assigning, or otherwise encumbering any assets or interest in any assets in their possession, custody or control up to $1,869,034.26, which restraining order shall expire at the end of the day on August 10, 2022 unless the restraining order is extended by the Court.

IT IS FURTHER ORDERED that Plaintiffs *ex parte* application for leave to examine Defendants with respect to the nature, extent and location of their assets is denied, with Plaintiffs provided leave to file such motion on notice

IT IS FURTHER ORDERED that Plaintiffs and Defendants shall appear, by counsel, for a hearing before the Court, 500 Pearl Street, Courtroom 15C, on August 9, 2022, commencing at 10:00 a.m., at which time the Court shall consider whether to continue, modify, or terminate the Order of Attachment and/or the Restraining Order.

IT IS FURTHER ORDERED that within five days of issuance of this Order of Attachment, Petitioner shall move for an order confirming the Order of Attachment.

IT IS FURTHER ORDERED that, within ten days of being served a copy of this Order of Attachment, Defendants shall serve the statement required by CPLR 6219 upon Plaintiffs' counsel, Florence Rostami LLC, by email delivery to Florence Rostami at frostami@rostamilaw.com, with copies to Neal Haber at nhaber@rostamilaw.com and Rachel Izower-Fadde at rizower@izowerfeldman.com.

IT IS FURTHER ORDERED that Petitioner shall post a bond in the amount of $2,000.00 as security within 5 days of this Order of Attachment

AND IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 4(f)(3), service of the Order of Attachment shall be made by email to the individual counsel at the corresponding email addresses listed below:

- Counsel for Mrs. Negita, Negita, Maki, and RYI to Vikrant Pawar, at vikrantpawaresq@gmail.com
- Counsel for Kora and Y&S to Howard Chun, at howard@kaplanchun.com.

SO ORDERED.

Dated: New York, New York
July 29, 2022
6:25 PM EST

Lewis J. Liman
United States District Judge