```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
KEAWSRI, et al.,                                                 :
                                                                 :
                              Plaintiffs,                        :
                                                                 :         17-cv-2406 (LJL)
            -v-                                                  :
                                                                 :         OPINION AND ORDER
RAMEN-YA INC., et al.,                                           :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/08/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiffs move for damages, penalties, attorneys' fees, and costs. Dkt. Nos. 499–501.

## BACKGROUND

Familiarity with the prior proceedings in this case is assumed. Plaintiffs are former employees of two Japanese noodle restaurants located in the West Village in New York City, Ramen-Ya Inc. ("RYI") and Y&S International Corp. d/b/a Ramen-Ya ("Y&S"). On April 3, 2017, they commenced an action against Masahiko Negita ("Mr. Negita"), Miho Maki, RYI, Y&S, Toshihito Kobayashi, and Shigeaki Nakanishi. Dkt. No. 1. Shigeaki Nakanishi was later dismissed from the case. Dkt. No. 23. Yasuko Negita ("Mrs. Negita") and Kenji Kora were later added as defendants in the case. *See* Dkt. No. 371 (Third Amended Complaint).

Plaintiffs assert causes of action for unpaid wages and unpaid overtime under the Fair Labor Standards Act of 1947 ("FLSA"), 29 U.S.C. § 201 *et seq.*, as well as for unpaid wages, unpaid overtime, and unlawfully withheld tips under the New York Labor Law ("NYLL") and the New York Hospitality Wage Order ("Wage Order"), 12 N.Y.C.R.R. § 146. Dkt. No. 371 ¶¶ 170–211. Plaintiffs also assert claims for unpaid "spread of hours" payments under the NYLL and the Wage Order and for failure to provide complete and accurate pay statements as

required by the NYLL § 195(3), the Wage Order, and the New York Wage Theft Prevention Act. *Id.* ¶¶ 212–237.

On August 10, 2021, the Court issued an Opinion and Order granting summary judgment to Plaintiffs[1] on their claims against RYI, Maki, Mr. Negita, Y&S, and Kora. Dkt. No. 419. Specifically, the Court held that these defendants were "employers" under the FLSA and the NYLL and therefore jointly and severally liable for all actual damages, liquidated damages, statutory penalties, and attorney's fees and costs. *Id.*[2] On July 11, 2022, after a bench trial, the Court found that Mrs. Negita was also an "employer" of Plaintiffs under the FLSA and the NYLL, making her jointly and severally liable to Plaintiffs with RYI, Maki, Mr. Negita, Y&S, and Kora (collectively with Mrs. Negita, "Defendants"). Dkt. No. 497 at 490:12–491:3.

At the final pretrial conference held on June 29, 2022, the parties agreed that the Court would decide the amount of the judgment based on the parties' written submissions. *Id.* at 494; Minute Entry (June 29, 2022). On July 15, 2022, Plaintiffs filed a motion with respect to Plaintiffs' entitlement to damages, penalties, and attorneys' fees and costs. Dkt. Nos. 499–501. On July 25, 2022, Defendants RYI, Maki, Mr. Negita, and Mrs. Negita[3] filed a response, Dkt. No. 504, and, on August 2, 2022, Plaintiffs filed a reply, Dkt. Nos. 506–507.

Plaintiffs seek $687,825.81 in damages and penalties and $1,181,710.45 in attorneys' fees and costs.[4] Dkt. Nos. 499–501, 506–507.

---

[1] Plaintiffs are Ornrat Keawsri, Sachina Nagae, Takayuki Sekiya, Siwapon Topon, Pimparat Ketchatrot, Thiratham Raksuk, Parichat Kongtuk, Tanon Leechot, Thanatharn Kulaptip, Wanwisa Nakwirot, Natcha Natatpisit, and Parada Mongkolkajit (collectively, "Plaintiffs").
[2] The Court denied Plaintiffs' motion for summary judgment as to Kobayashi. Dkt. No. 419 at 27. Plaintiffs elected not to proceed to trial against Kobayashi. Dkt. No. 441 at 4. Accordingly, the claims against him are dismissed.
[3] Counsel for Y&S and Kora submitted no opposition to Plaintiffs' request for judgment.
[4] In their original motion, Plaintiffs' counsel requested attorneys' fees and costs of approximately $1,181,208.45. Dkt. Nos. 499–501. In their reply, Plaintiffs' counsel requested an additional

2

## DISCUSSION

Defendants do not object to Plaintiffs' calculation of damages for unpaid wages and overtime, unlawfully withheld tips, and unpaid "spread of hours" payments or Plaintiffs' calculation of statutory penalties for Defendants' failure to provide complete and accurate pay statements. Dkt. No. 502. Instead, Defendants argue that: (1) Defendants are not liable to Plaintiffs for any underpayment of wages or failure to pay overtime under the FLSA for the calendar year 2014 as neither restaurant had income in excess of $500,000 for that year, *id.* at 2; (2) Plaintiffs are not entitled to receive both liquidated damages and prejudgment interest under the FLSA and that, under the NYLL, prejudgment interest should be applied only to unpaid wages, *id.*; (3) that the Court should not award liquidated damages, *id.* at 8–11; (4) the award of attorneys' fees should be reduced from the requested $1,127,395.00 to $322,435.83 reflecting an hourly rate of $250 (rather than $450) and a further discount of 35% for excessive time entries including those relating to the number of lawyers prosecuting and trying the case, block-billing, and clerical tasks, *id.* at 2–7; and (5) that costs should be reduced to approximately $8,000 (for an aggregate award of attorneys' fees and costs of no more than $330,000) based on various grounds, *id.* at 7.

Defendants' first objection—to the inclusion of the calendar year 2014 for the FLSA claims—is not well-founded. The Court granted summary judgment in favor of Plaintiffs on their FLSA claims against RYI, Maki, Mr. Negita, Y&S, and Kora, which were based on the "enterprise" theory of coverage and related to conduct dating back to 2014. Dkt. No. 419 at 23–27. Implicit in this Court's judgment was that the Plaintiffs were employed in 2014 in an "enterprise" covered by the FLSA, 29 U.S.C. §§ 206(a), 207(a)(1), which had annual gross sales

---

$502.34 in costs related to trial transcripts, for which Plaintiffs' counsel had not received invoices until after their motion for judgment was filed. *See* Dkt. No. 508 at 21.

greater than $500,000, *see id.* § 203(s)(1)(A)(ii). Defendants offered no evidence to the contrary at the summary judgment stage,[5] nor did they seek reconsideration of the Court's order, which is law of the case, *see Choi v. Tower Rsch. Cap. LLC*, 2 F.4th 10, 21 (2d Cir. 2021) ("The law of the case doctrine forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings" and "applies both to that which is expressly decided as well as to everything decided by necessary implication." (internal quotation marks and citation omitted)).

Defendants offer no "cogent and compelling reasons justifying a departure from the law of the case." *Id.* Even if Defendants are correct that "neither of the restaurants had income in excess of $500,000 to be liable under FLSA," Dkt. No. 502 at 2, the Court concluded that RYI and Y&S operated as a single integrated enterprise, Dkt. No. 419 at 20–23, and so their annual sales would be aggregated for purposes of the FLSA, *see Yu Wei Cao v. Miyama, Inc.*, 2019 WL 4279407, at *9 (E.D.N.Y. Sept. 10, 2019) (aggregating gross annual revenues of defendant corporations that formed a "single integrated enterprise"). Moreover, coverage under the FLSA for 2014 is irrelevant. Defendants are liable for unpaid wages, withheld tips, unpaid overtime, and unpaid "spread of hours" payments dating back to 2014 under the NYLL and the FLSA, and the "NYLL does not require that an employer achieve a certain minimum in annual sales in order to be liable under the NYLL." *Zhen Ming Chen v. Y Cafe Ave B Inc.*, 2019 WL 2324567, at *3 (S.D.N.Y. May 30, 2019); *see also Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 34 (E.D.N.Y. 2015).

---

[5] In fact, the Court noted in its opinion that Defendants did not dispute that the $500,000 in annual sales element of the FLSA was satisfied and argued only that they were not "engaged in commerce." Dkt. No. 419 at 10.

4

Defendants' second argument is that Plaintiffs are not entitled to prejudgment interest and liquidated damages under the FLSA.  Plaintiffs do not contest this point. Dkt. No. 507 at 2–3. "Because both FLSA liquidated damages and pre-judgment interest are compensatory, the award of both would be duplicative." *Sai Qin Chen v. E. Mkt. Rest., Inc.*, 2018 WL 340016, at *9 (S.D.N.Y. Jan. 9, 2018); *see also Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988) ("It is well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in addition to liquidated damages.").  However, "NYLL liquidated damages are punitive, and, therefore, even where NYLL liquidated damages are awarded, pre-judgment interest may be awarded pursuant to New York C.P.L.R. Section 5001." *Chen*, 2018 WL 340016, at *9; *see Zokirzoda v. Acri Cafe Inc.*, 2020 WL 359908, at *6 (S.D.N.Y. Jan. 22, 2020) ("The NYLL provides for an award of prejudgment interest in addition to liquidated damages."); *Herrera Lopez v. Metrowireless 167 Inc.*, 2020 WL 289785, at *4 (S.D.N.Y. Jan. 21, 2020) (same); *Underwood v. TAFSC Hous. Dev. Fund Corp.*, 2019 WL 5485211, at *5 (S.D.N.Y. Oct. 25, 2019) (same); *Zhen Ming Chen*, 2019 WL 2324567, at *4–5 (same).  "Prejudgment interest is calculated on a simple basis and applies only to the lost wages, not the liquidated damages or statutory damages." *Augusto Corrales v. AJMM Trucking Corp.*, 2020 WL 1911189, at *4 (S.D.N.Y. Apr. 20, 2020); *see Zokirzoda*, 2020 WL 359908, at *6 ("Prejudgment interest is available only for actual damages under the NYLL, not liquidated damages or statutory penalties.").  Accordingly, Plaintiffs are entitled to prejudgment interest on all unpaid wages, withheld tips, unpaid overtime, and "spread of hours" payments, computed at the rate of nine percent simple interest beginning at the midpoint of each Plaintiff's period of employment.  *See Augusto Corrales*, 2020 WL 1911189, at *4; *Zokirzoda*, 2020 WL 359908, at *6.

Defendants' third objection—*i.e.*, to the award of liquidated damages—is also without merit.  This Court found at summary judgment that Defendants were liable for liquidated damages under both the FLSA and the NYLL.[6]  Dkt. No. 419 at 48–50.  Defendants submitted no evidence of their good faith at summary judgment, *id.* at 49, nor did they seek reconsideration of the Court's decision.  That liquidated damages are warranted is law of the case.  *See Choi*, 2 F.4th at 21.  And, Defendants—who rely on out-of-Circuit cases decided decades ago in support of this objection—offer no "cogent and compelling reasons justifying a departure from the law of the case." *Id.*

Fourth, Defendants object to Plaintiffs' requested attorneys' fees as unreasonable.   As an initial point, Plaintiffs' counsel is clearly entitled to substantial attorneys' fees in this action.  This was a hard-fought litigation (lasting for over five years), and Plaintiffs' counsel was successful in nearly all aspects of its case, including in obtaining a significant monetary judgment for Plaintiffs.  *See, e.g.*, Dkt. No. 130 (successfully opposing Defendants' motion to dismiss and successfully moving for collective certification); Dkt. No. 419 (successfully opposing Defendants' motion for summary judgment and successfully moving for summary judgment on most claims); Dkt. 497 (successful at trial); *see also Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) ("[W]e are mindful of the Supreme Court's observation that 'the most critical factor' in a district court's determination of what

---

[6] Although the grant of summary judgment only applied to Defendants RYI, Maki, Mr. Negita, Y&S, and Kora, the Court later found, after a bench trial, that Mrs. Negita was an "employer" of Plaintiffs under the FLSA and the NYLL, Dkt. Nos. 497 at 490:12–491:3, and as an employer, Mrs. Negita "is jointly and severally liable for all back wages *and liquidated damages*," *Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 304 (S.D.N.Y. 2019) (emphasis added); *see also Kernes v. Glob. Structures, LLC*, 2016 WL 880199, at *10 (S.D.N.Y. Mar. 1, 2016) (finding defendants to be "jointly and severally liable for the unpaid wages and liquidated damages owed to Plaintiffs").

constitutes reasonable attorneys' fees in a given case 'is the degree of success obtained' by the plaintiff." (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992))). The award of fees in cases like this one also help to ensure that attorneys continue to provide legal services to individuals who have had their rights under the FLSA and NYLL violated. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) ("Fee awards in wage and hour cases should encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." (internal quotation marks and citation omitted)); *Sand v. Greenberg*, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.").

In determining what award is reasonable, this Court looks to "the 'lodestar' amount, which is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Cortes v. Bew Creators, Inc.*, 2016 WL 3455383, at *7 (S.D.N.Y. June 20, 2016) (quoting *Gaia House Mezz LLC v. State Street Bank & Trust Co*, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)). In determining the reasonable hourly rate, the Court is guided by the market rate in the District "for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "As to the reasonableness of the number of hours billed, courts 'should exclude . . . hours that were not reasonably expended,' such as where there is overstaffing or the hours are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Here, Plaintiffs' counsel—each of whom have over a decade of relevant experience—request an hourly rate of $450 for their work on this case.[7] *See* Dkt. No. 500 at 14. This hourly rate is in line with the rates generally awarded to attorneys with "comparable skill, experience, and reputation," *see, e.g.*, *Ochoa v. Prince Deli Grocery Corp.*, 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (awarding $450 hourly rate to principal attorney at law firm); *Hong v. Mommy's Jamaican Mkt. Corp.*, 2021 WL 4843912, at *5 (S.D.N.Y. Oct. 15, 2021) (finding average hourly rate of $460 reasonable for labor attorney with over sixteen years of experience), *vacated on other grounds*, 2021 WL 6064101 (S.D.N.Y. Dec. 22, 2021), and is only $50 more per hour than the hourly rate that two of Plaintiffs' attorneys were awarded by another court in this District over six years ago, *see Cortes*, 2016 WL 3455383, at *7 (finding that $400 hourly rate for Neal Haber and Florence Rostami was reasonable). Accordingly, this Court finds that Plaintiffs' counsel's requested hourly rate is reasonable.

As for the hours Plaintiffs' counsel worked on the case, the Court agrees with Defendants that not all of them are reasonable. For example, as Plaintiffs' counsel appears to concede, Dkt. No. 507 at 8, Plaintiffs' counsel is not entitled to full hourly rates for travel time, *see, e.g.*, Dkt. No. 500-32 at 23 (10/27/17 entry: charging full hourly rate for travel), 40 (3/23/18 entry: charging full hourly rate for travel), 48 (9/28/18 entry: charging full hourly rate for travel); *see also LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 526 (S.D.N.Y. 2010) ("Courts in this Circuit regularly reduce attorneys' fees by 50 percent for travel time."). Additionally, the amount of time that Plaintiffs spent preparing for certain conferences and for trial is excessive,

---

[7] The retainer agreement that Plaintiffs' counsel entered into with Plaintiffs in May 2016 provided for a $400 hourly fee. Dkt. No. 500 at 14–15. Defendants, however, do not assert that this hourly rate in the retainer agreement constitutes an upward limit on the hourly rate to which Plaintiffs' counsel is entitled under the FLSA or the NYLL. Accordingly, this Court declines to address this.

*see, e.g.*, Dkt. No. 500-32 at 116–20, and Plaintiffs did not need three attorneys at trial. To address these excesses, the Court reduces the total hours by 6%. *See, e.g.*, *Andrade v. 168 First Ave Rest. Ltd.*, 2016 WL 3141567, at *12 (S.D.N.Y. June 3, 2016), *report and recommendation adopted*, 2016 WL 3948101 (S.D.N.Y. July 19, 2016) (reducing hours by 10%, in part, because the "time spent on certain tasks seems excessive"); *Allende v. Unitech Design*, Inc., 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (reducing legal fees by 7% "because of duplication of work by various attorneys, and excessive time spent on certain projects").

Defendants' final objection is to Plaintiffs' requested costs. Specifically, Defendants claim that costs should be reduced on the grounds that there was no need for daily trial transcripts, and that Defendants should not have to pay for transportation, translators, Westlaw costs, or deposition costs (other than deposition transcripts used in trial), or for the costs of preparing binders. Dkt. No. 502 at 7. However, these objections are without merit. Each of these costs is reasonable "and of the type commonly reimbursed by courts in this District." *Cortes*, 2016 WL 3455383, at *6 (awarding costs for "filing fees, interpreter services, proofs of service, legal research, and travel to and from court proceedings"); *see also Nautilus Neurosciences, Inc. v. Fares*, 2014 WL 1492481, at *4 (S.D.N.Y. Apr. 16, 2014) (awarding costs for court fees, administrative fees, photocopying, and legal research costs); *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 31 (S.D.N.Y. 2015) (awarding costs for depositions, transcription, and transportation). Accordingly, this Court finds that Plaintiffs' requested costs are reasonable.[8]

---

[8] In an attorney declaration in support of Plaintiffs' reply, Rostami requests that the Court order Defendants to make payments by wire transfer and to provide Plaintiffs with receipts showing that Defendants made required tax and social security payments as well as a sworn affidavit from an authorized representation that such payments were made. Dkt. No. 506 at 22. This Court, as a general matter, does not consider issues raised in a reply brief for the first time, let alone an

9

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to prepare a judgment awarding $687,825.81 in damages and penalties to Plaintiffs, $1,110,807.82 in attorneys' fees and costs to Plaintiffs' counsel, as well as any post judgment interest.

The Clerk of Court is respectfully directed to close Dkt. No. 499.

SO ORDERED.

Dated: August 8, 2022
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

attorney declaration in support of that reply brief. *Sacchi v. Verizon Online LLC*, 2015 WL 1729796, at *1 (S.D.N.Y. Apr. 14, 2015) ("Generally, a court does not consider issues raised in a reply brief for the first time because if a party raises a new argument in a reply brief the opposing party may not have an adequate opportunity to respond to it." (cleaned up)).  The Court therefore declines to consider these requests.  Plaintiffs may make these requests at a later date so that Defendants have an adequate opportunity to respond.