USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
ORNRAT KEAWSRI, et al.,                                              :
                                                                     :
                            Plaintiffs,                              :
                                                                     :
            -v-                                                      :   17-cv-02406 (LJL)
                                                                     :
RAMEN-YA INC. et al,                                                 :   MEMORANDUM AND
                                                                     :        ORDER
                            Defendants.                              :
                                                                     :
-------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

      Judgment Creditors[1] move, pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules ("CPLR") 5225(a) and (c), for an order (1) compelling Defendant Yasuko Negita ("Yasuko") to immediately pay Judgment Creditors, in a certified check made payable to Florence Rostami Law LLC, the funds in the investment account Yasuko owns at Merrill Lynch, Pierce, Fenner & Smith, a Bank of America Company ("Merrill"), with the account number ending 3453; (2) compelling Defendant Masahiko Negita ("Masahiko") to immediately pay Judgment Creditors, in a certified check made payable to Florence Rostami Law LLC, the funds in the investment account Masahiko owns at Merrill with the account number ending 3454; and (3) compelling Yasuko to transfer (and to execute and deliver any document necessary to effect such transfer) the real property she owns located at 309 Knickerbocker Road, Tenafly, New Jersey 07670 to the Marshal of the United States District Court for the District of New Jersey (the "Marshal") for sale by the Marshal, the proceeds of such sale to be applied toward payment of the judgment. Dkt. No. 583. Judgment Creditors also

---

[1] The Judgment Creditors are Ornrat Keawsri, Sachina Nagae, Takayuki Sekiya, Siwapon Topon, Pimparat Ketchatrot, Thiratham Raksuk, Parichat Kongtuk, Tanon Leechot, Thanatharn Kulaptip, Wanwise Nakwirot, Natcha Natatpisit, and Parada Mongkolkajit.

move for an order, pursuant to Federal Rule of Civil Procedure 69 and CPLR 5234, (1) granting Judgment Creditors priority over other creditors over the property of Judgment Debtors,[2] including the investment account of Yasuko and Masahiko until the judgment is satisfied; and (2) compelling Yasuko and Masahiko to pay the remaining balance of the judgment forthwith to the extent that the funds in the Merrill accounts are insufficient to satisfy the judgment. *Id.* The Court heard argument from both parties on this motion at a conference held on December 19, 2022.

Familiarity with the prior proceedings in this case is assumed. On August 8, 2022, the Court awarded Judgment Creditors $687,825.81 in damages and penalties and $1,110,807.82 in attorneys' fees and costs and post-judgment interest against Judgment Debtors jointly and severally. Dkt. No. 512. Judgment for this amount was entered by the Clerk of Court on August 10, 2022. Dkt. No. 514. To date, Judgment Debtors have not paid any portion of the Judgment. Dkt. No. 584 ¶ 7; Dkt. No. 607 ¶ 4.

"As a general rule, once a federal court has entered judgment, it has ancillary jurisdiction over subsequent proceedings necessary to 'vindicate its authority, and effectuate its decrees.'" *Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000) (quoting *Peacock v. Thomas,* 516 U.S. 349, 354 (1996)). "This includes proceedings to enforce the judgment." *Id.*; *see Jones v. Milk River Café, LLC*, 2022 WL 3300027, at *3 (E.D.N.Y. Aug. 11, 2022); *VFS Fin., Inc. v. Elias-Savion-Fox LLC*, 73 F. Supp. 3d 329, 335 (S.D.N.Y. 2014). Under Federal Rule of Civil Procedure 69, state law generally supplies the procedures for enforcement of the judgment. The Rule provides: "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." Fed. R.

---

[2] The Judgment Debtors are Ramen-Ya Inc. ("RYI"), Yasuko, Masahiko, and Miho Maki.

Civ P. 69(a)(1).

      CPLR 5225(a) provides in pertinent part:

> Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

CPLR 5225(c) provides that "[t]he court may order any person to execute and deliver any document necessary to effect payment or delivery."

      Judgment Creditors have submitted evidence that Yasuko maintains an investment account at Merrill with the account number ending in 3453, that Masahiko maintains an investment account at Merrill with an account number ending in 3454, and that they collectively hold cash and other assets with a value of $218,000. Dkt. No. 584 ¶ 8; Dkt. No. 602-1. The Court has authority under CPLR 5225(a) to order Yasuko and Masahiko to turn over the funds in those accounts to Judgment Creditors.

      That the Merrill accounts were opened in New Jersey does not change this conclusion.[3] "[A]s long as the New York court has personal jurisdiction over a defendant, regardless of whether it is the judgment debtor himself, or the garnishee bank, the court may order it to turn over out-of-state property to a judgment creditor." *McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 275 (E.D.N.Y. 2011); *see also Koehler v. Bank of Bermuda Ltd.*, 911 N.E.2d 825, 830 (N.Y. 2009).

      Judgment Debtors argue that CPLR 5205(c)(2) protects them from having to turn over

---

[3] Originally, it was represented to the Court that the investment accounts were opened in New York County. Dkt. No. 584 ¶ 8. However, the Court was informed at the conference on December 19, 2022 that the accounts were actually opened in New Jersey.

3

assets in their retirement accounts. Dkt. No. 604 at 2.[4] That provision shields certain retirement accounts from turnover or garnishment by creditors. C.P.L.R. 5205(c)(2); *see Bellco Drug Corp. v. Bear Stearns & Co., Inc.* 1999 WL 399903, at *2 (N.Y. Cty Court Nassau Cty Apr. 12, 1999) (holding that all trusts, custodial accounts, monies, assets or interests qualified as individual retirement accounts under Section 408 of the Internal Revenue Code are exempt from attachment to enforce a money judgment). However, it does not apply here. CPLR 5205 goes on to state that "[a]dditions to an asset described in paragraph two of this subdivision shall not be exempt from application to the satisfaction of a money judgment if (i) made after the date that is ninety days before interposition of the claim on which such judgment was entered, or (ii) deemed to be voidable transactions under article ten of the debtor and creditor law." C.P.L.R. 5205(c)(5); *see VFS Fin., Inc. v. Elias-Savion-Fox LLC*, 73 F. Supp. 3d 329, 348 (S.D.N.Y. 2014) ("Under the anti-garnishment statute, 'any contributions to [the debtor's SRA/IRA] account made after the date that is 90 days before the interposition of the claim on which the judgment herein was entered are not exempt from execution.'" (quoting *Bellco*, 1999 WL 399903, at *2)).

This case was filed on April 3, 2017. Notwithstanding Judgment Creditors' subpoena requiring Judgment Debtors to produce all account statements for accounts in which they had any legal or equitable interest from January 1, 2014 forward, Dkt No. 577-1, Judgment Debtors have not submitted any evidence that the funds in the two accounts were deposited prior to the date that is 90 days before April 3, 2017. Therefore, the exemption does not apply, and Judgment Debtors are required to, and will be ordered to, turn over the funds in the accounts.[5]

---

[4] Judgment Debtors refer to CPLR 5405(c)(2). That provision has to do with the fees payable when a foreign judgment is filed in New York courts. The Court assumes that the reference to CPLR 5405(c)(2) is the product of a typographical error.

[5] At the conference held on December 19, 2022, Judgment Debtors stated for the first time that they have evidence that certain funds in these accounts were deposited prior to the date that is 90

Judgment Creditors also ask for an order pursuant to CPLR 5225(a) compelling Yasuko to transfer (and to execute and deliver any document necessary to effect such transfer) the real property she owns located at 309 Knickerbocker Road, Tenafly, New Jersey 07670 to the Marshal of the United States District Court for the District of New Jersey (the "Marshal") for sale by the Marshal, the proceeds of such sale to be applied toward payment of the judgment. Dkt. No. 583.  Judgment Debtors argue that the Court does not have jurisdiction over the property located in New Jersey, Judgment Creditors should seek relief from the United States District Court for the District of New Jersey where Judgment Creditors have domesticated the judgment, and Plaintiff do not advance any arguments over how they would have priority over the real property "especially since there are at least two banks who are primary creditors and have liens and mortgages on that real property."  Dkt. No. 604 at 1.  They also argue that New Jersey may have a homestead exemption.  *Id.*  Judgment Creditors respond that the Court has ancillary jurisdiction to enforce the judgment, that Yasuko has no basis to assert the rights of other lienholders who can assert their rights as appropriate, and that because the Court has personal jurisdiction over the Judgment Debtors it also has jurisdiction to order them to turn over property (real or personal) outside of the District (and outside the State).  Dkt. No. 608 at 5-6.

The basis for the order that Plaintiffs seek, *i.e.*, CPLR 5225(a), only applies to a judgment debtors' "possession or custody of *money or other personal property* in which he has an

---

days before April 3, 2017.  No such evidence was offered in connection with Judgment Debtors' opposition to this motion, which was filed approximately 20 days after Judgment Creditors filed their motion.  Nor was any such evidence provided in connection with Judgment Creditors' subpoena which was originally returnable in August 2022.  Dkt. No. 577-1.  The Court makes this decision on the basis of the evidence and the record before it.  To the extent that Judgment Debtors have new evidence, the proper vehicle within which to raise such evidence is in a motion for reconsideration, assuming that such motion satisfies the appropriate standards.  It is not to reopen this motion or to require Judgment Creditors to respond to proffers offered on the fly during oral argument.

interest." C.P.L.R. 5225(a) (emphasis added). In other words, it can only be used to force a turnover of money and personal property of the Judgment Debtor. Here, however, Judgment Creditors are seeking a turnover order of Yasuko's real property and the deed to that real property, which are not subject to turnover by this statutory provision. *See DeFlora Lake Development Assocs., Inc. v. Hyde Park*, 689 F. App'x 93 (2d Cir. 2017) ("The disposition of real property is not subject to turnover order under CPLR § 5225"); *Bernard v. Lombardo*, 2016 WL 7377240, at * 2; *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co.*, B.V., 836 N.Y.S.2d 4, 12 (1st Dep't 2007) (holding that real property was not subject to turnover order under CPLR 5225(a)).

   Plaintiffs acknowledge that the "authority conferred to New York courts under CPLR 5225 is, by its terms, directed toward personal property," but note that the "Court can, in the circumstances of this matter, issue orders in aid of Judgment Creditors' rights to turnover of property held in other jurisdictions." Dkt. No. 608 at 6. Plaintiffs appear to point to CPLR 5240 as authority for this proposition. *Id.* This argument is unavailing. "'CPLR 5240 permits a court at any time, on its own initiative or the motion of any interested person' to issue an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure'—and therefore grants the court substantial authority to order equitable relief." *Anderson Kill P.C. v. Anderson Kill P.C. as Escrowee*, 17 N.Y.S.3d 381 (N.Y. Sup. Ct.), *aff'd sub nom. Anderson Kill, P.C. v. Anderson Kill, P.C.*, 134 A.D.3d 552, 22 N.Y.S.3d 20 (2015). However, the plain purpose of CPLR 5240 is "to prevent the brutal use of legal procedures against a judgment debtor." *Midlantic Nat. Bank/N. v. Reif*, 732 F. Supp. 354, 356 (E.D.N.Y. 1990); *see Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 183 N.E.3d 1185, 1193 (N.Y. 2021). In other words, "[i]ts use is strictly to aid a party inequitably burdened by the use

of enforcement procedures by his adversary and to allow him an opportunity to either meet his legal obligation or postpone the enforcement of a judgment until such time that its enforcement is more properly sought." *Reif*, 732 F. Supp. 354, 356–57 (quoting *Kolortron Sys., Inc. v. Casey*, 688, 500 N.Y.S.2d 36, 36 (2d Dep't 1986)); *see also KLS Diversified Master Fund, LP. v. McDevitt*, 2022 WL 220058, at *5 (S.D.N.Y. Jan. 25, 2022). In light of this purpose of the statute, this Court declines to use CPLR 5240 to allow the Judgment Creditors to bypass the clear language of CPLR 5225(a) and obtain a turnover order regarding the New Jersey property. *See Adler v. Solar Power, Inc.*, 2018 WL 11447340, at *2 (S.D.N.Y. Apr. 9, 2018) ("New York courts have recognized that concerns of comity and sovereignty render attachment of real property located outside of the state inappropriate at the very least.").

Thus, Plaintiffs' request for a turnover order of Yasuko's property in New Jersey pursuant to CPLR 5225(a) or CPLR 5240 is denied, without prejudice to Plaintiffs providing a different, valid basis for such an order.

With respect to the requested order under CPLR 5234, the motion of Judgment Creditors for an order compelling Yasuko and Masahiko to pay the remaining balance of the judgment forthwith to the extent that the funds in the Merrill accounts are insufficient to satisfy the judgment is denied. "[A] judgment creditor seeking a turnover order must identify the particular property as to which it seeks a turnover, whether a specific bank account, account receivable, or office furniture." *Bernardo v. Lombardo*, 2016 WL 7377240, at *2 (S.D.N.Y. Nov. 23, 2016) (internal citations and quotations omitted). *See also Mattel, Inc. v. www.fisher-price.online*, 2022 WL 2801022, at *14 (S.D.N.Y. July 18, 2022) ("Courts in this District have denied plaintiffs' section 5225 motions without prejudice when plaintiffs fail to identify the particular property as to which they seek a turnover.").

Judgment Creditors argued at the December 19, 2022 conference that they should be excused from the requirement that they identify the particular property as to which they seek a turnover as Judgment Debtors have not been forthcoming about the nature and extent of their U.S. property and assets.  However, where a judgment debtor is not forthcoming about his or her assets in response to subpoenas and document requests, the proper remedy is a motion for contempt sanctions for failure to comply with court orders regarding postjudgment discovery, including for criminal contempt if the standards for such relief are met.  It is not, in the first instance, a blanket order requiring the judgment debtor to turn over all of his or her assets without identifying those assets.

Finally, the motion of Judgment Creditors under CPLR 5234 for an order granting Judgment Creditors priority over other creditors over the property of Judgment Debtors is denied as not ripe for consideration.  Judgment Creditors have not, at this point, identified any particular creditor who has claimed priority to any of Judgment Debtors' property.  Judgment Debtors represented at argument that there is no competing turnover order with respect to the investment accounts.  Judgment Creditors may reapply for such relief in the event that this issue later becomes ripe.

## CONCLUSION

The motion to enforce the judgment is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully directed to close Dkt. No. 583.

SO ORDERED.

Dated: December 19, 2022
      New York, New York
                                              LEWIS J. LIMAN
                                        United States District Judge