```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
ORNRAT KEAWSRI, et al.,                                        :
                                                               :
                              Plaintiffs,                      :
                                                               :      17-cv-02406 (LJL)
              -v-                                              :
                                                               :      MEMORANDUM AND
RAMEN-YA INC. et al,                                           :          ORDER
                                                               :
                              Defendants.                      :
                                                               :
---------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The RYI Defendants,[1] as Judgment Debtors, move for reconsideration of this Court's order of December 19, 2022, ordering Yasuko and Masahiko Negita to turn over funds in Merrill accounts ending in 3453 and 3454 (together, "Merrill Accounts" and, each individually, "Merrill Account"). The RYI Defendants argue, based on purportedly newly-discovered evidence, that all but $11,451.26 in the account ending 3454 is exempt under C.P.L.R. § 5205(c)(2) and all but $12,932.19 in the account ending 3455 is exempt under that same provision of the C.P.L.R. Dkt. No. 627. For the reasons that follow, the motion is denied.

## BACKGROUND

Familiarity with the prior proceedings in this matter and the Court's prior opinions and orders are assumed. Plaintiffs and Judgment Creditors brought this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against the RYI Defendants,

---

[1] The RYI Defendants are Yasuko Negita ("Yasuko"), Masahiko Negita ("Masahiko"), Miho Maki ("Maki"), and Ramen-Ya Inc. RYI Defendants have occasionally been referred to as the RYI Judgment Debtors and Plaintiffs occasionally have been referred to as the Judgment Creditors. For convenience, the Court refers to "RYI Defendants" and to "Plaintiffs" in this Memorandum and Order.

Y&S International Corporation ("Y&S"), Kenji Kora ("Kora"), and others. Dkt. No. 182. On August 8, 2022, the Court awarded Plaintiffs $687,825.81 in damages and penalties, $1,110,807.82 in attorneys' fees and costs, as well as post-judgment interest, and held that the RYI Defendants as well as Y&S and Kora are jointly and severally liable for all amounts due. Dkt. No. 512. The clerk entered judgment in that amount on August 10, 2022. Dkt. No. 514 ¶ 8.

Since then, Plaintiffs have sought to collect from the RYI Defendants, as well as Y&S and Kora. On August 15, 2022, Plaintiffs served on each of the RYI Defendants a subpoena duces tecum and subpoena ad testificandum compelling their attendance and requiring them to produce certain documents related to the nature, extent, and location of their assets. Dkt. No. 577 ¶ 6. The subpoenas served on Yasuko, Negita, and Maki requested, among other things, financial account information, both for accounts held in the United States and in any foreign country. *Id.* ¶ 7.

After the subpoenas were served, RYI Defendants sought various deadline extensions for the production of documents as well as for the depositions of the RYI Defendants. *Id.* ¶¶ 8–11. On August 25, 2022, the Court ordered the RYI Defendants to deliver to counsel for Plaintiffs "all documents identified in the subpoena duces tecum and subpoena ad testificandum served on each of the RYI Defendants." Dkt. No. 523. On August 25, 2022, Plaintiffs agreed to extend the deadline for RYI Defendants to produce all responsive documents until August 29, 2022. Dkt. No. 577 ¶ 12. On August 29, 2022, the RYI Defendants failed to produce responsive documents and instead asserted various objections to each category of documents set forth in the subpoenas. *Id.* ¶ 15.

Due to the RYI Defendants' refusal to produce responsive documents, Plaintiffs filed a motion on August 31, 2022 requesting an order (i) finding the RYI Defendants in contempt of

court, (ii) compelling the RYI Defendants to produce all documents and information sought by Plaintiffs, and (iii) imposing sanctions against each of the RYI Defendants and their respective counsel for their contempt of court, among other relief.  Dkt. No. 530.  The Court held a conference on September 27, 2022, regarding that request.  Dkt. No. 560.  At that conference, the Court granted Plaintiffs' motion in part and denied it in part.  The Court found that "Plaintiffs have established by clear and convincing evidence that each of the Defendants have violated the Court's rulings through Defendants' refusal to produce documents and information sought by Plaintiffs."  *Id.* at 1–2.  The Court therefore imposed sanctions on RYI Defendants to compel compliance.  *Id.* at 2.

Plaintiffs made their motion to enforce the judgment and for turnover on November 18, 2022, asking for the turnover of funds in the Merrill Accounts.  Dkt. No. 583.  In their declaration in support of that motion, Plaintiffs offered evidence that Yasuko owned the Merrill Account ending in 3453 and Masahiko owned the Merrill Account ending in 3454.  Dkt. No. 584.  At a conference with the Court on November 23, 2022, counsel for Plaintiffs foreshadowed the issue that is now raised on this motion.  During colloquy with the Court on the status of the RYI Defendants' compliance with the Court's orders and the schedule with respect to the motion to enforce the judgment and for turnover, Plaintiffs' counsel stated that the RYI Defendants had the "responsibility to produce documents with respect to the moneys that were deposited into the [Merrill] account because they may have the right to withhold some of those moneys pursuant to the rules" and noted that the RYI Defendants had not done so.  Dkt. No. 619 at 59.  She stated: "I'm just letting them know, they need to provide the specifics with respect to the account."  *Id.*  The Court responded:  "Why isn't the appropriate procedure for them, in their opposition papers, to indicate the amounts that need to be withheld under New York State law … [and] [i]f they

3

don't indicate amounts that need to be withheld, then they would be considered [to have] waived that issue." *Id.* at 59–60.  The Court asked counsel for the RYI Defendants whether he objected to proceeding in that manner and he responded that he did not.  *Id.* at 60.  The Court then gave the RYI Defendants the time they requested to respond to Plaintiffs' motion.  *Id.*

On December 8, 2022, the RYI Defendants submitted their response to the motion.  Dkt. No. 604.  The response argued broadly (and incorrectly) that C.P.L.R. § 5205(c)(2) shielded retirement accounts from turnover and any monies in the Merrill Accounts should be withheld in full.  *Id.*  In their reply memorandum dated December 15, 2022, Plaintiffs correctly pointed out that C.P.L.R. § 5205(c) does not protect funds in retirement accounts if deposited after the date that is ninety days before the commencement of a lawsuit.  Dkt. No. 608 at 3.  Plaintiffs also argued that the RYI Defendants had failed to produce evidence that the Merrill Accounts were opened prior to January 3, 2017 (*i.e.*, 90 days prior to the commencement of their lawsuit), or that deposits were made into the accounts prior to that date, such that monies in the accounts would be exempt.  Dkt. No. 608 at 4.  By order of December 16, 2022, the Court set a hearing for December 19, 2022 on the motion to enforce the judgment and for turnover and directed that the parties be prepared to present any evidence that they wished the Court to consider on that motion.  Dkt. No. 609.  RYI Defendants did not submit any evidence at the hearing on December 19, 2022, but they argued that monies in the accounts had been deposited prior to January 3, 2017 and were therefore exempt.

The Court's order of December 19, 2022 granted Plaintiffs' motion, pursuant to C.P.L.R, § 5225(a), to compel Yasuko to immediately pay Plaintiffs the funds in the Merrill Account ending 3453 and Masahiko to immediately pay Plaintiffs the funds in the Merrill Account ending 3454.  Dkt. No. 616 at 4.  The Court rejected the RYI Defendants' argument that C.P.L.R.

4

§ 5205(c)(2) shielded the assets in the Merrill Accounts from being turned over to satisfy the judgment. *Id.* at 3–4. The Court noted that while that provision shields retirement accounts from turnover or garnishment by creditors, it does not apply to additions to a retirement account made after the date that is ninety days before interposition of the claim on which judgment was entered. *Id.* That date here would have been January 3, 2017 because Plaintiffs' complaint was filed on April 3, 2017. The Court wrote:

> Notwithstanding Judgment Creditors' subpoena requiring Judgment Debtors to produce all account statements for accounts in which they had any legal or equitable interest from January 1, 2014 forward, Dkt. No. 577-1, Judgment Debtors have not submitted any evidence that the funds in the two accounts were deposited prior to the date that is 90 days before April 3, 2017. Therefore, the exemption does not apply, and Judgment Debtors are required to, and will be order to, turn over the funds in the accounts.

*Id.* at 4. In a footnote to its Memorandum and Order, the Court noted:

> At the conference held on December 19, 2022, Judgment Debtors stated for the first time that they have evidence that certain funds in these accounts were deposited prior to the date that is 90 days before April 3, 2017. No such evidence was offered in connection with Judgment Debtors' opposition to this motion, which was filed approximately 20 days after Judgment Creditors filed their motion. Nor was any such evidence provided in connection with Judgment Creditors' subpoena which was originally returnable in August 2022. Dkt. No. 577-1. The Court makes this decision on the basis of the evidence and the record before it. To the extent that Judgment Debtors have new evidence, the proper vehicle within which to raise such evidence is in a motion for reconsideration, assuming that such motion satisfies the appropriate standards. It is not to reopen this motion or to require Judgment Creditors to respond to proffers offered on the fly during oral argument.

*Id.* at 4 n.5.

## DISCUSSION

The RYI Defendants argue that the Court should reconsider its December 19, 2022 order "because newly submitted evidence clearly demonstrates that majority [sic] of the funds in the Merrill accounts were deposited prior to January 3, 2017." Dkt. No. 627 at 2. In support of that motion, they submit bank statements that show that Masahiko made deposits totaling $11,451.26

5

to the account ending 3454 since 2017 and Yasuko made deposits to the account ending in 3452 totaling $12,932.19 since 2017.  *Id.*  They claim only $14,000 ($7,000 each) was deposited after January 3, 2017.  *Id.*  The RYI Defendants do not object to the turnover of the $14,000 but argue that the remainder of the funds in the accounts are exempt.  *Id.* at 4.  Plaintiffs respond that reconsideration is not appropriate because the RYI Defendants do not identify any newly discovered facts that they could not have located without reasonable diligence: Yasuko and Masahiko were aware months before the motion for turnover that the account statements were relevant to the identification of assets when those account statements were subpoenaed on August 15, 2022, yet in response to those subpoenas they produced only one page of their respective Merrill Accounts for the April to June 2022 time period.  Dkt. No. 628 at 5.  Plaintiffs also argue that the December 19, 2022 order should not be reconsidered on grounds of "manifest injustice"; that basis for relief is not available when the motion is based on newly-discovered evidence and there is no manifest injustice in requiring the RYI Defendants to turn over funds in the Merrill Accounts that they earned from their violations of FLSA and the NYLL, particularly when they could have asserted evidence to support the exemption far earlier and in response to Plaintiffs' motion but failed to do so.  *Id.* at 9–11.

      The RYI Defendants style their motion as one for reconsideration.  "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).  Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In*

6

*re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

In opposition, Plaintiffs make reference to the standards for relief under Federal Rule of Civil Procedure 60(b). The rule addresses the standards and procedures for the court to relieve a party "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Federal Rule of Civil Procedure 60(b)(2) provides that within a year of the entry of the judgment or order or the date of the proceeding, a party may move for relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The Second Circuit has repeatedly held that:

> To prevail on a motion for relief from a judgment on the grounds of newly discovered evidence, a party must establish that: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching."

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001)).[2]

---

[2] Federal Rule of Civil Procedure 60(b)(6) also provides that the court may relieve a party of a final order, at any time, for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

7

In the case at hand, the RYI Defendants have not shown "new evidence" or "manifest injustice" justifying reconsideration of this Court's December 19 order or relief under Rule 60(b)(2). The RYI Defendants' motion is based on the contention that the majority of the funds in the Merrill Accounts were deposited prior to January 3, 2017. But that information was available to the RYI Defendants at the time that they filed their opposition to the motion to enforce the judgment and for turnover. It is based on deposits made by Yasuko and Masahiko themselves. There is no reason, and the RYI Defendants offer none, why, if they believed that the funds were exempt, they could not have submitted an affidavit or a declaration in connection with their opposition, explaining that the funds were exempt. Nor were the account statements new evidence that was not previously available to the RYI Defendants before the Court entered its order. The account statements were requested by Plaintiffs as early as August 2022. They were the subject of an order to produce dated August 25, 2022, with a deadline of August 29,

---

"Rule 60(b)(6) [is] a catch-all provision that 'is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule.'" *Pastor v. P'ship for Children's Rts.*, 856 F. App'x 343, 344–45 (2d Cir. 2021) (quoting *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020)); *see Obra Pia Ltd. v. Seagrape Invs. LLC*, 2021 WL 1978545, at *2 (S.D.N.Y. May 18, 2021) (same). In other words, "if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." *Castro v. Bank of New York Mellon*, 852 F. App'x 25, 30 (2d Cir. 2021) (quoting *Int'l Brotherhood of Teamsters*, 247 F.3d at 391–92). "The burden of proof on a Rule 60(b) motion is on the party seeking relief from the earlier judgment or order." *Obra Pia Ltd.*, 2021 WL 1978545, at *2 (quoting *In re Gildan Activewear, Inc. Sec. Litig.*, 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009)).

Here, Federal Rule of Civil Procedure 60(b)(6) does not apply because "[a]lthough [the RYI Defendants] failed to carry [their] burden under" Rule 60(b)(2), as explained *supra* pp. 8–9, their "reasons for seeking relief from the judgment fell within" that more specific clause "thereby disqualifying [them] from obtaining relief under Rule 60(b)(6)." *Castro*, 852 F. App'x at 30 . The RYI Defendants also did not invoke this catch-all provision in their motion papers or explain why it would apply and thus separately have not met their burden. *See Obra Pia Ltd.*, 2021 WL 1978545, at *2 (noting burden is on person moving for Rule 60(b) relief).

8

2022. The RYI Defendants were held in contempt in September 2022 for failure to produce the account statements with additional sanctions running each day in which they were not produced, Dkt. No. 560, the Court gave the RYI Defendants notice in late November 2022 of the need to submit specific information to the Court justifying any withholdings under New York State law as to the Merrill Accounts and then gave them the time they needed to submit their opposition to the motion, Dkt. No. 619 at 59–60, and the Court directed the RYI Defendants on December 16, 2022 to bring to Court any evidence they intended to rely upon in opposition to the motion, Dkt. No. 609. The RYI Defendants failed to produce the account statements in response to any of these requests or demands. To the contrary, it was not until December 19, 2022—months after the RYI Defendants had been ordered to produce the account statements—that the RYI Defendants even requested the account statements from their representative at Merrill. Dkt. No. 629-2 at 5. And then the account representative was able to readily and quickly produce the account statements.

The account statements thus are not newly discovered evidence or new evidence. They are evidence that the RYI Defendants always had available to them with the sending of an email. They simply decided not to request them in response to Plaintiffs' subpoenas and the Court's prior orders. To grant the motion to reconsider now, on the basis of the account statements, would be to reward the RYI Defendants for their own intransigence. A party may not obtain relief based upon evidence that it could have offered earlier but, either through negligence or deliberate sandbagging, chose not to offer. To do so neither satisfies Local Rule 6.3 nor Rule 60(b).

Because the RYI Defendants' request for relief fails regardless, the Court does not decide whether Local Rule 6.3 (for motions for reconsideration or reargument) or Federal Rule of Civil Procedure 60(b) applies.[3]

## CONCLUSION

The motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 627.

SO ORDERED.

Dated: January 24, 2023
New York, New York

LEWIS J. LIMAN
United States District Judge

---

[3] Rule 60(b) does not apply to interlocutory orders. *See* Fed. R. Civ. P. 60(b), advisory committee notes to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief, and hence interlocutory orders are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford relief from them as justice requires."); *see also Stern v. Highland Lake Homeowners*, 2021 WL 1164718, at *4 (S.D.N.Y. Mar. 26, 2021) (Rule 60(b) not applicable to preliminary injunctions which are not final judgments or orders); *Bridgeforth v. Mckeon*, 2012 WL 3962378, at *2 (W.D.N.Y. Sept. 10, 2012) (Rule 60(b) not applicable to interlocutory order).