# PAWAR LAW GROUP P.C.

### ATTORNEYS AT LAW

20 VESEY STREET SUITE 1410
NEW YORK NEW YORK 10007

**Robert Blossner**

**Vik Pawar**

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.com

April 28, 2023

**BY ECF:**
The Honorable Lewis J. Liman
Southern District of New York

Re:        *Keawsrei, et al., v. Ramen-Ya, Inc., et al.*, 17 CV 2406 (LJL) (OTW)

Dear Judge Liman:

I am counsel of record for the RYI defendants.  I write in opposition to plaintiffs' motion.

First, enclosed please find a letter regarding the Bankruptcy filing drafted by the Negitas' bankruptcy counsel ("BK counsel").  It is self-explanatory. The Court should refer these issues to the US Bankruptcy Court overseeing the Bankruptcy proceedings. That Court is in a better position to make the appropriate finding since it is supervising the Bankruptcy matter and can make a determination on the ownership and control of the subject entity.

Second, I am flabbergasted by the fact that plaintiffs' counsel would violate the basic notions of confidentiality regarding Federal Rules of Evidence 408 and publicly disclose settlement discussion between her and BK counsel.  It is not the first time plaintiffs' counsel has engaged in underhanded tactics.  To state the obvious, you cannot "unhear" the sound of a bell that has already been "rung."[1]  While all parties certainly understand the plaintiffs' predicament, they do not get a "pass" for underhanded conduct. Besides, BK counsel had simply attempted to resolve the debt before taking the ultimate route of Bankruptcy.  Plaintiffs' counsel, once again, posed a barrier for whatever interests they appear to be advancing and prevented a settlement to transpire and now instead the plaintiffs might get nothing.

---

[1] As the Court would recall, during the bench trial, plaintiffs' counsel for the first time disclosed that they had in their possession a document that showed the relationship between Kuraku and Yasuko Negita and then foisted it upon the defendants during the trial.  The Court although not pleased with the tactic nevertheless allowed that document to come into evidence.

Third, I had reached out to plaintiffs' counsel and inquired how is it that the Court can rule on a motion when there is an automatic stay regarding the Negitas.  Plaintiffs' counsel did not provide any authority.  I also inquired from plaintiffs' counsel how the Court has power over non-parties (e.g. the CPA and Ms. Maki's daughter) when they have not been sued or appeared with counsel in this action. Upon information and belief, Ms. Maki's daughter does not reside in the United States and any money that Ms. Maki allegedly sent to her daughter was prior to the judgment and was a gift and not a way of fraudulently transferring funds to avoid payment of a judgment.

Once again, plaintiffs' counsel refused to provide any legal authority for such a step.  Plaintiffs' counsel also rebuffed my request to explain under what procedure can the Court simply declare an entity an "alter ego" or make a determination of "fraudulent conveyance" when these two key issues were never litigated in the main action.  Plaintiffs' counsel appear to boot-strap new claims to an existing judgment and the Court should not permit it.

Finally, I, once again, ask the Court to inquire who the plaintiffs' counsel appear to be representing their "finance company" or the plaintiffs.  This is because I had previously mentioned to the Court that an independent interest is interfering with settlement discussion and plaintiffs' counsel most recent position in rebuffing the settlement before the filing of Bankruptcy is further proof.

The Court should deny the recent motion in its entirety.

Thank you.

Respectfully,

/s
Vik Pawar (VP9101)

Cc:     All counsel (by ECF)

2