# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

ATTORNEYS AT LAW

JONATHAN I. RABINOWITZ*
JAY L. LUBETKIN ∆
MARY ELLEN TULLY, RETIRED
BARRY J. ROY*◻
JEFFREY A. COOPER*
HENRY M. KARWOWSKI*
JOHN J. HARMON*

293 EISENHOWER PARKWAY • SUITE 100
LIVINGSTON, NEW JERSEY 07039
TELEPHONE: (973) 597-9100
FACSIMILE: (973) 597-9119
WWW.RLTLAWFIRM.COM

* MEMBER NJ & NY BARS
∆ MEMBER NJ & GA BARS
◻ MEMBER MA BAR

April 17, 2023

**Via Email (frostami@rostamilaw.com) and Regular Mail**

Florence Rostami, Esq.
Florence Rostami, LLC
420 Lexington Avenue, Suite 1402
New York, New York 10170

      Re:    **In re Negita**
               **Case No. 23-12365 (SLM)**

              **Motion Pursuant to Fed R. Civ. P. 60 and Applicable New York Statutes**
              **Keawsri et al. v. Ramen-Ya Inc., et al.**
              **Index No. 17-cv-02407 (LJL)(OTW)**

Dear Ms. Rostami:

      As you know, this office represents Masahiko and Yasuko Negita (collectively, the "Negitas") in connection with the above referenced Chapter 11 bankruptcy case. As you are aware, the Negitas' bankruptcy filing invokes the automatic stay provided for pursuant to 11 U.S.C. § 363(a) of the United States Bankruptcy Code (the "Code"), which prohibits, among other things: (1) the "commencement or continuation . . . of a judicial . . . proceeding against the debtor . . . to recover a claim that that arose before the commencement of the case; (2) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; and (3) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. 11 U.S.C. § 362(a)(1), (3) and (6). As you also know, § 541(a) of the Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

      It is the Negita's position that your clients' recently filed Motion Pursuant to Fed.R.Civ.69 and applicable New York Statutes may violate the automatic stay in that, among other things, it seeks an order requiring that Ku-Raku NYC ("Ku-Raku"), of which Yaskuko Negita is the 90% owner, be somehow "transferred" to the Judgment Creditors. To the extent that the "transfer" involves the assets and liabilities of Ku-Raku, it acts to effect the entity 90% owned by Yasuko Negita. To the extent that the "transfer" directly involves the 90% shares of stock themselves, it clearly acts to affect property of Yasuko Negita. The motion also seeks to

Florence Rostami, Esq.
April 17, 2023
Page 2

affect Miho Maki's 10% ownership interest, to which Yaskuko Negita may have, under applicable law, a legal or equitable interest. Further, the motion itself involves exerting pressure on the Negitas to pay a prepetition claim.

Please be aware that some of your requests for relief may violate the automatic stay and, thus, will be deemed *void ab initio*.

Please be guided accordingly.

Sincerely yours,

RABINOWITZ, LUBETKIN & TULLY, LLC

Barry J. Roy

BJR:jc
cc: Alan Brody, Esq. (via e-mail brodya@gtlaw.com)
    Jeffrey A. Cooper, Esq.
    Paul Schafhauser, Esq (via e-mail Schafhauserp@gtlaw.com)