USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/06/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
ORNRAT KEAWSRI, et al.,                                            :
                                                                   :
                      Plaintiffs,                    :
                                                                   :     17-cv-2406 (LJL)
       -v-                                                         :
                                                                   :     MEMORANDUM AND
RAMEN-YA INC., et al.,                                             :     ORDER
                                                                   :
                      Defendants.                    :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       This order resolves one of many post-judgment motions pending before the Court. Judgment Creditors move for an order, pursuant to Federal Rule of Civil Procedure 69 and N.Y.C.P.L.R. 5225(a) and (c), compelling Defendant Kenji Kora ("Kora") to immediately pay Judgment Creditors $149,000 in the form of a certified check made payable to Florence Rostami Law LLC and to pay the remaining balance of the judgment forthwith. Dkt. No. 652.

       Familiarity with the prior proceedings in this matter is assumed. On August 8, 2022, the Court awarded Judgment Creditors $687,825.81 in damages and penalties and $1,110,807.82 in attorney's fees and costs, and post-judgment interest ("Judgment") jointly and severally against Kora and his co-defendants and co-judgment debtors Ramen-Ya Inc. ("RYI"), Yasuko Negita ("Yasuko"), Masahiko Negita ("Negita"), Miho Maki ("Maki") and Y&S International Corporation ("Y&S") (collectively, "Defendants" or "Judgment Debtors") in connection with Judgment Creditors' lawsuit against Defendants and Judgment Debtors under the Fair Labor Standards Act and the New York Labor Law. Dkt. No. 512. A judgment for this amount was entered by the Clerk of Court on August 10, 2022. Dkt. No. 514. To date, Judgment Debtors have not paid any portion of the Judgment. Dkt. No. 653 ¶ 7.

Judgment Creditors filed this motion for partial payment of the Judgment against Kora on May 19, 2023.  Dkt. No. 652.  Judgment Creditors proffer evidence that Kora was served with a subpoena on or about August 15, 2022, and was deposed on August 22, 2022.  Dkt. Nos. 653 ¶ 9, 653-2.  The subpoena required Kora to produce documents relating to Kora's revenue or income during a relevant time period defined as January 1, 2014 through the present, Dkt. No. 653-2 at ECF pp. 6, 8–9, and any tangible or intangible property with a value over $1,000 he held during that same relevant time period, *id.* at ECF pp. 10–12.  Judgment Creditors also have proffered a copy of a bank check produced by Kil S. Jung, and made payable to Kora.  Dkt. Nos. 653 ¶ 8; 653-1.  The bank check is in the amount of $149,000 and is dated July 13, 2022.  Dkt. No. 653-1.  Kora withheld information and documents about this payment at his post-judgment deposition on August 22, 2022 and in his production.  Dkt. No. 653 ¶ 9.

Kora has not responded to the motion and the time for him to respond has passed.   The Court held a conference on the matter on June 26, 2023, during which Kora was present.  The Court indicated that the time for Kora to respond to the motion had passed and that the Court would be prepared to rule on the motion.  Kora did not object.

Federal Rule of Civil Procedure 69 provides that the procedure on execution of judgment "must accord with the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(1).  N.Y.C.P.L.R. 5225(a) provides that "[u]pon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody or money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor."  N.Y.C.P.L.R. 5225(a).  N.Y.C.P.L.R. 5225(c) provides that "[t]he Court

may order any person to execute and deliver any document necessary to effect payment or delivery." N.Y.C.P.L.R. 5225(c).

Judgment Creditors have demonstrated that Kora is in possession of at least $149,000 in which he has an interest and that he has been provided notice of these proceedings. He has not disputed that evidence. Accordingly, Judgment Creditors' motion is granted and Kora is ordered to immediately pay Judgment Creditors $149,000 in the form of a certified check made payable to Florence Rostami Law LLC.

## CONCLUSION

The motion to compel is GRANTED.

The Clerk of Court is respectfully directed to close Dkt. No. 652.


SO ORDERED.

Dated: July 6, 2023
      New York, New York

                                                LEWIS J. LIMAN
                                      United States District Judge