**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ORNRAT KEAWSRI, SACHINA NAGAE, TAKAYUKI SEKIYA, SIWAPON TOPON, PIMPARAT KETCHATROT, THIRATHAM RAKSUK, PARICHAT KONGTUK, TANON LEECHOT, THANATHARN KULAPTIP, WANWISA NAKWIROT, NATCHA NATATPISIT, and PARADA MONGKOLKAJIT,**<br><br>*Plaintiffs*,<br><br>**v.**<br><br>**RAMEN-YA INC., Y&S INTERNATIONAL CORP. d/b/a RAMEN-YA, MIHO MAKI, MASAHIKO NEGITA, TOSHIHITO KOBAYASHI, KENJI KORA and YASUKO NEGITA,**<br><br>*Defendants.* | Case No. 17-cv-2406-(LJL)(OTW)<br><br>**RESPONSE OF ALAN NISSELSON, TRUSTEE FOR CHAPTER 7 ESTATES OF DEFENDANTS RAMEN-YA INC. (RYI), AND MIHO MAKI (MAKI), TO PLAINTIFFS' MOTION FOR AN ORDER WITHDRAWING THE REFERENCE TO THE BANKRUPTCY COURT OF PLAINTIFFS' CLAIMS AND FOR APPOINTMENT OF A RECEIVER TO ADMINISTER ASSETS OF RYI AND MAKI** |

**TO THE HONORABLE LEWIS J. LIMAN,**
**UNITED STATES DISTRICT COURT JUDGE:**

Alan Nisselson (the "***Trustee***"), as trustee for the chapter 7 bankruptcy estates of Defendants Ramen-ya Inc. ("***RYI***"), and Miho Maki ("***Maki***"), by his undersigned counsel Windels Marx Lane & Mittendorf, LLP, respectfully represents:

<b>Background</b>

1.       On June 23, 2023, Defendant Maki filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "***Bankruptcy Code***") with the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), Case No. 23-10978-mg.  Alan Nisselson is the duly appointed Trustee for Maki's chapter 7 estate.

2.      On June 23, 2023, Defendant RYI filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code with the Bankruptcy Court, Case No. 23-10979-mg.   Alan Nisselson is the duly appointed Trustee for RYI's chapter 7 estate.

3.      On July 3, 2023, the above-captioned Plaintiffs filed a motion with this Court (ECF Docs. 675, 676, and 677) (the "***Motion***") for orders (a) withdrawing the reference to the Bankruptcy Court of claims asserted by Plaintiffs against Maki and RYI with respect to the motions currently pending before this Court and the Motion; and (b) (i) for the appointment of a receiver for Ku-Raku New York, Inc. ("***Kuraku***") and its asset Restaurant Kuraku; (ii) for appointment of Hirofumi Sugano as the receiver; (iii) granting the receiver certain enumerated powers, including to preserve the net profits of Kuraku to be provided to the Trustee for the benefit of all creditors of Maki and RYI in their respective bankruptcy cases; and (c) providing such other and further relief as the Court deems just and proper.

4.      The Plaintiffs' motions currently pending before this Court are described in the Motion as follows:

(a)      On April 13, 2023, Plaintiffs filed their motion ("Alter Ego Motion") for (i) an order pursuant to Fed.R.Civ.P. Rule 69 and CPLR Rule 5225(a) (A) to hold, pursuant to New York common law, that Kuraku, a New York domestic corporation, is an alter ego and/or mere continuation of RYI, a Judgment Debtor in this matter, and as such it must turn over its asset, a restaurant called Ramen Kuraku that operates at 3952 Broadway, New York, New York 10032 ("Restaurant Kuraku"), to Judgment Creditors; or, in the alternative, (B) to order Maki to transfer her ownership in Kuraku to the Judgment Creditors; (ii) an order pursuant to Fed.R.Civ.P. Rule 69 and CPLR Rules 5225(b) and New York Debtors & Creditors Law § 274 (A) to determine that the transfer of $68,000 from Maki to her adult daughter Haruna Maki ("Haruna") was fraudulent and as such

Haruna must pay $68,000 to Judgment Creditors; (B) to determine that the transfer of $55,000 from Y&S to Haruna was fraudulent and as such Haruna must pay $55,000 to Judgment Creditors; (iii) an order pursuant to Fed.R.Civ.P. Rule 69 and CPLR Rules 5225(b) and New York Debtors & Creditors Law § 274 determining that the transfer to Jung (the accountant of RYI and the other corporate judgment debtor Y&S) as garnishee and transferee of $150,000 from RYI and $149,000 from Y&S was fraudulent and as such Jung must pay these amounts to Judgment Creditors forthwith; (iv) inasmuch as the value of Restaurant Kuraku and the monies held by Haruna and Jung are insufficient to satisfy the judgment dated August 10, 2022 [DE 514], for an order to RYI and Maki, who are jointly and severally liable for the entire Judgment, to pay the remaining balance of the Judgment forthwith; and (v) an order pursuant to New York Debtors & Creditors Law § 276-a to RYI, Y&S, Maki, Haruna and Jung for the legal fees Judgment Creditors incurred in connection with this motion. [DE 632]

(b)      On May 19, 2023, Plaintiffs filed a motion ("Kora Motion") for (i) an order pursuant to Fed.R.Civ.P. Rule 69 and CPLR 5225(a) and (c) to Kenji Kora ("Kora") to immediately pay Judgment Creditors, in a certified check made payable to Florence Rostami Law LLC, One Hundred and Fifty Thousand Dollars ($150,000), and (ii) for an order compelling Kora to pay the remaining balance of the judgment forthwith.

5.      These currently pending motions assert claims for assets or causes of action that the Trustee believes belong to the bankruptcy estates of Maki and RYI.  These assets and causes of action assert:

(a)  That Kuraku restaurant is an alter ego of RYI;
(b)  That RYI's transfer of $130,000 to Kil Jung (an accountant) was a fraudulent transfer; and
(c)  That Maki's transfer of $68,000 to her daughter is a fraudulent transfer.

**Trustee's Response to Plaintiffs' Motion**

6.       Under Bankruptcy Code § 323, the Trustee is the representative of the bankruptcy estate with the capacity to sue and be sued.  11 U.S.C. § 323(a) and (b).  Under Bankruptcy Code § 541, the estate is created upon the commencement of the bankruptcy case, and is comprised of, among other things, all legal and equitable interests of the debtor in property wherever located and by whomever held.  11 U.S.C. § 541(a)(1).  The Trustee's duties under the Bankruptcy Code include the collection and reduction to money of the property of the estate for which the trustee serves.  11 U.S.C. § 704(a)(1).  The Trustee believes that granting the Motion will enable him to perform these duties most efficiently and in the best interests of the creditors of the Maki and RYI bankruptcy estates, which include the Plaintiffs.

7.       The Trustee and Florence Rostami, Esq., Plaintiffs' counsel, have discussed the Motion, the Alter Ego Motion, and the other pending motions affecting the Maki and RYI bankruptcy estates.  Based on those discussions and his review of the available information, the Trustee has determined that it is in the best interests of the Maki and RYI bankruptcy estates to consent to the withdrawal of the reference to the Bankruptcy Court of those specific proceedings pursuant to 28 U.S.C. § 157(d) so that Plaintiffs' counsel can pursue the adjudication of the issues raised by them.  Given that this case has been litigated before this Court for over five years, and its advanced procedural posture, the Trustee believes that the most efficient use of judicial resources requires this Court to retain and determine these proceedings rather than to ask the Bankruptcy Court to decide them.  The Trustee believes that if the reference of these proceedings is not withdrawn, it would cause unnecessary delay and additional costs that would be harmful to the creditors of the estates.

8.       The Trustee will apply to the Bankruptcy Court for an order in each case authorizing him to retain and employ Florence Rostami Law, LLC as special counsel to pursue

the proceedings in this Court on his behalf.  Plaintiffs will deliver to the Trustee any assets recovered by the Rostami law firm for the benefit of all creditors of Maki and RYI.

9.     According to her bankruptcy schedules, Maki is 10% equity owner (shareholder) of Ku-Raku New York, Inc. ("***Kuraku***"), which owns and operates Restaurant Kuraku.  As such, Kuraku is an asset of Maki's bankruptcy estate.  In the Motion, Plaintiffs seek the appointment of a receiver for Kuraku and its asset Restaurant Kuraku, and related relief.  Alternatively, Plaintiffs assert in another pending motion that Kuraku is an alter ego or mere continuation of RYI, and as such, should be turned over to Plaintiffs as judgment creditors of RYI.  Alter ego or veil-piercing actions are generally available to creditors, but upon the commencement of a bankruptcy case, are exclusively the Trustee's to pursue.  *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 700-01 (2d Cir. 1989) (alter ego claims generally available to creditors); *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993) (same); *Keene Corp. v. Coleman (In re Keene Corp.)*, 164 B.R. 844, 851-52 (Bankr. S.D.N.Y. 1994) (veil-piercing claims generally available to creditors).   Such actions have been held to constitute property of the bankruptcy estate.  *Singer Co., B.V. v. Groz Beckert KG (In re Singer Co., N.V.)*, 262 B.R. 257, 264 (Bankr. S.D.N.Y. 2001) ("Causes of action for piercing the corporate veil or for alter ego liability pass to the bankruptcy trustee or debtor in possession and constitute property of the estate."), *rev'd in part on other grounds*, Nos. 01 Civ. 1065 and 01 Civ. 6389, 2002 WL 999273 (S.D.N.Y. May 14, 2002).  The Trustee has no objection to the appointment of a receiver for Kuraku, provided the receiver accounts for all income and expenses of the business operations and the net income is remitted to the Trustee to be held for the benefit of the Maki and RYI estates and their creditors.

10.     No previous request for the relief sought herein has been made to this or to any other court.

**Conclusion**

**WHEREFORE,** the Trustee respectfully requests that the Court enter an Order granting

Plaintiffs' Motion, and such other and further relief as is just.

Dated: New York, New York        Respectfully submitted,
      July 12, 2023

               WINDELS MARX LANE & MITTENDORF, LLP
               *Attorneys for Alan Nisselson, Trustee*

               By:    */s/ Leslie S. Barr*
                     Leslie S. Barr (lbarr@windelsmarx.com)
                     156 West 56th Street
                     New York, New York 10019
                     Tel. (212) 237-1000 / Fax. (212) 262-1215