# KIRTON LAW FIRM

*Marlon G. Kirton, Esq.*

*Nassau County:*
*175 Fulton Avenue, Suite 305*
*Hempstead, New York 11550*
*Tel. # (516) 833-5617*
*Fax # (516) 833-5620*

July 12, 2023

VIA ELECTRONIC FILING

Hon. Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Ornrat Keawsri, et al. v. Ramen-ya Inc., et al.* 17 cv 2406 (LJL)

Dear Judge Liman:

     I represent Miho Maki in the above-referenced matter. I request that the Plaintiff's motion, as to Ms. Maki, for criminal sanctions be denied. Furthermore, I request that the July 17, 2023, sanctions hearing be adjourned. In the alternative, should the hearing proceed, I request that the scope of the hearing regarding Ms. Maki be limited.

## PROCEDURAL AND FACTUAL HISTORY

     Plaintiffs initiated this case by filing a summons and complaint on April 3, 2017.[1] This Court granted a motion certifying collective action on August 10, 2021.[2] After a bench trial, this Court found for the Plaintiffs on July 11, 2022.[3] On July 15, 2022, Plaintiff filed a motion seeking an award of $689,000 and $1.2 million in legal fees and costs.[4] This Court granted Plaintiff's motion in its entirety, plus interest, on August 8, 2022.[5]

     The Plaintiffs conducted extensive post-judgment litigation. Plaintiffs discovered that Ms. Maki transferred some assets to her daughter.[6] This Court found her in contempt for

---

[1] *Docket Entry #1.*
[2] *Docket Entry #419.*
[3] *Docket Entry #497.*
[4] *Docket Entry Numbers 499, 500, and 501.*
[5] *Docket Entry #512.*
[6] *Docket Entry #633.*

1

transferring the assets and levied a fine of $5000.[7]

This Court conducted a hearing on May 18, 2023, as part of the sprawling post-judgment ligation. Ms. Maki testified at the hearing, but the Court halted her testimony pending the appointment of counsel. On June 26, 2023, I was appointed counsel to represent Ms. Maki pursuant to the Criminal Justice Act (CJA). I am appointed to represent her interests in the criminal contempt matter.

## CASE LAW

Sanctions for civil contempt resulting from actions outside the record are designed to compel future compliance with a court order.[8] Civil contempt proceedings are meant to provide closure by pushing the party to comply in the future for violations made in the past.[9] Criminal contempt proceedings are different. District courts are empowered to punish civil litigants who disobey their rulings by fine or imprisonment.[10] Courts may choose to make a criminal referral to a federal prosecutor.[11] Instances where a civil litigant is prosecuted for perjury are relatively rare.[12] The US Supreme Court has held that private counsel hired by a district court to bring criminal contempt charges cannot have a beneficial interest in the outcome of the case.[13]

## ARGUMENT

Miko Maki is an abused woman with possible mental health issues.[14] She is a middle-aged Japanese national who was abused by her husband and is surrounded by strong-willed Japanese males seeking to take advantage of her for personal reasons. It is my view that she cannot make independent decisions when it comes to her employment with Ramen-ya and its progeny. I had a meeting with Ms. Maki in my office. I used a CJA-certified Japanese interpreter during our interview. Mr. Negita accompanied her to the meeting. Mr. Negita stayed for the entire meeting. Ms. Maki consented to his presence at the meeting.[15] Mr. Negita seemed to wield undue influence at the meeting. The meeting was productive, but it is clear to me that I did not need him to translate my discussions with Ms. Maki. It is unclear why he was at the meeting and whether her responses to me would have been different but for his presence. His presence at this and other prior meetings raises an issue of fact concerning her ability to make independent decisions.

I am still investigating her prior mental health and social history and will be able to weigh in on this issue in the coming weeks.

---

[7] *Docket Entry #560.*
[8] *ACLI Gov't Sec., Inc. v. Rhoades,* 989 F. Supp 462, 465 (SDNY 1997), *citing Int'l Union, United Mine Workers of America v. Bagwell*, 513 US 821, 827 (1994).
[9] *Rhoades* at 465-466.
[10] *Id; 18 USC 401 (3)*.
[11] *Rhoades 465-466.*
[12] *SEC v. Payton,* 176 F. Supp 3d 346, 349 (SDNY 2016).
[13] *Young v. United States ex rel. Vuitton Et Fils S.A.*, 481 US 787, 809 (1987).
[14] Counsel obtained this information by speaking with her previous attorneys, reviewing records, and my interactions with her.
[15] *See, Defendant's Declaration*.

Finally, I used a CJA-certified Japanese interpreter at our meeting. There is an issue of fact as to whether or not a neutral Japanese interpreter was present during her meetings with prior counsel. I suspect that most meetings took place with Mr. Negita present. Mr. Negita has his own agenda (he is entitled to look out for himself). However, there is an issue as to whether or not her history of non-compliance is linked to Mr. Negita or any of the other defendants.

## SCOPE OF THE HEARING

I request that the July 17, 2023, hearing be postponed until all four individual defendants subject to criminal sanction have hired counsel. If the hearing proceeds, I will do what is best for my client, even if it means exposing others to liability. Such a result would be tragic and absurd, given that they all face a judgment of $1.8 million and financial ruin.[16] I urge the Court not to let Plaintiff use this process to destroy Ms. Maki's livelihood. The Plaintiffs have rights that can and will be enforced by this Court.

If denied, the scope of the hearing on Monday should be narrowed. Whether or not she used an interpreter while meeting with her prior counsel. If not, was Mr. Negita or another interested party translating for Ms. Maki? The answer to this question goes to her state of mind.

I am still gathering transcripts and records in this case.[17] I reserve the right to respond in writing at a later date once I receive all of the records that I seek. The balance of the hearing should focus on whether or not she exercised independent judgment regarding her non-compliance with Plaintiff's post-judgment discovery demands.

Please contact me if you have any questions or concerns.

Sincerely,

*Marlon Kirton*
Marlon G. Kirton, Esq.


cc: To All Counsel (via electronic filing).

---

[16] *See SEC v. Payton,* 176 F. Supp 3d 346, 349 (SDNY 2016).
[17] I have already ordered all of the relevant transcripts.