```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ORNRAT KEAWSRI, et al.,                                          :
                                                                 :
                           Plaintiffs,                           :
                                                                 :          17-cv-2406 (LJL)
            -v-                                                  :
                                                                 :          MEMORANDUM &
RAMEN-YA INC., et al.,                                           :          ORDER
                                                                 :
                           Defendants.                           :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

On July 3, 2023, Plaintiffs filed a motion for an order pursuant to 28 U.S.C. § 157(d) that the reference to the United States Bankruptcy Court of claims asserted by Judgment Creditors against Defendants/Judgment Debtors Miho Maki ("Maki") and Ramen-Ya Inc. ("RYI") be withdrawn with respect to the motions pending before the Court.  Dkt. No. 675.  This Court held a conference on July 20, 2023.  At that conference, the Court granted the motion in part and withdrew the reference to the Bankruptcy Court with Plaintiffs' motion to enforce the judgment against Maki and RYI ("Motion to Enforce").  Dkt. No. 632.  The Court noted that an opinion would be forthcoming.  The Court's opinion is below.

28 U.S.C. § 157(d) provides that the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  "To determine whether such 'cause' exists, courts in the Second Circuit look to several factors, including: (1) whether the proceeding is core or non-core (and, relatedly, [] whether the bankruptcy court has constitutional authority to enter a judgment on the claim); (2) what the most efficient use of judicial resources is; (3) the delay and potential costs to the

parties; (4) the need for uniformity of bankruptcy administration; and (5) the prevention of forum shopping." *In re Motors Liquidation Co.*, 538 B.R. 656, 661 (S.D.N.Y. 2015).

An examination of these factors supports withdrawal of reference with respect to Plaintiffs' Motion to Enforce. The claims in the Motion to Enforce derive from state alter ego and fraudulent conveyance law, not from the bankruptcy law, and claims are not rendered core simply because they involve property of the estate. *See DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 591–92 (S.D.N.Y. 2012) ("A claim is non-core if it 'does not depend on bankruptcy laws for its existence and . . . could proceed in a court that lacks federal bankruptcy jurisdiction.'" (citation omitted)). In addition, withdrawing the reference from the Bankruptcy Court with respect to this motion would promote the most efficient use of judicial resources and would prevent delay and potential costs to the parties. The Court has been adjudicating this case for years and is fully familiar with the parties and issues in the case, whereas the Bankruptcy Court has expended few judicial resources with respect to these matters and would need to take substantial time to get up to speed on the relationship between the parties and the underlying evidence.

The Trustee of Maki's and RYI's bankruptcy estates has also written to the Court to note that it would be in the best interests of the estates to withdraw the reference. Dkt. No. 687 at 4. The Trustee noted:

> Given that this case has been litigated before this Court for over five years, and its advanced procedural posture, the Trustee believes that the most efficient use of judicial resources requires this Court to retain and determine these proceedings rather than to ask the Bankruptcy Court to decide them. The Trustee believes that if the reference of these proceedings is not withdrawn, it would cause unnecessary delay and additional costs that would be harmful to the creditors of the estates.

*Id.*

For these reasons, the Court grants Plaintiffs' motion to withdraw the reference from the Bankruptcy Court with respect to the Motion to Enforce.

2

Dated: July 17, 2023
     New York, New York

                                        LEWIS J. LIMAN
                                  United States District Judge