# KIRTON LAW FIRM

*Marlon G. Kirton, Esq.*

*Nassau County:*
*175 Fulton Avenue, Suite 305*
*Hempstead, New York 11550*
*Tel. # (516) 833-5617*
*Fax # (516) 833-5620*

August 7, 2023

VIA ELECTRONIC FILING

Hon. Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Ornrat Keawsri, et al. v. Ramen-ya Inc., et al.* 17 cv 2406 (LJL)

Dear Judge Liman:

      I represent Miho Maki in the above-referenced matter. When she testified before the Bankruptcy Court, Ms. Maki did not waive her Fifth Amendment privilege against self-incrimination. Therefore, she may invoke the privilege in any future proceedings in this case.

## PROCEDURAL AND FACTUAL HISTORY

      Plaintiffs initiated this case by filing a summons and complaint on April 3, 2017.[1] This Court granted a motion certifying collective action on August 10, 2021.[2]  After a bench trial, this Court found for the Plaintiffs on July 11, 2022.[3] On July 15, 2022, Plaintiff filed a motion seeking an award of $689,000 and $1.2 million in legal fees and costs.[4] This Court granted Plaintiff's entire motion, plus interest, on August 8, 2022.[5]

      The plaintiffs conducted extensive post-judgment litigation. Plaintiffs discovered that Ms. Maki transferred some assets to her daughter.[6] This Court found her in contempt for transferring

---

[1] *Docket Entry #1.*
[2] *Docket Entry #419.*
[3] *Docket Entry #497.*
[4] *Docket Entry Numbers 499, 500, and 501.*
[5] *Docket Entry #512.*
[6] *Docket Entry #633.*

the assets and levied a fine of $5000.[7]

This Court conducted a hearing on May 18, 2023, as part of the sprawling post-judgment ligation. Ms. Maki testified at the hearing, but the Court halted her testimony pending the appointment of counsel. On June 26, 2023, I was appointed counsel to represent Ms. Maki pursuant to the Criminal Justice Act (CJA). I am appointed to represent her interests in the criminal contempt matter.

The post-judgment litigation continued on July 20, 2023. Before the hearing, Ms. Maki notified the parties and this Court that she intended to invoke her Fifth Amendment privilege at the hearing.[8] At the hearing, counsel for Plaintiff argued orally that Ms. Maki waived her privilege because she testified at a bankruptcy hearing before July 20, 2023, in which she testified about her assets and transfers to her daughter.[9] This Court set a briefing schedule to address the issue as to whether Ms. Maki waived her Fifth Amendment privilege against self-incrimination because she testified at that hearing.[10]

## CASE LAW

The sole concern of the Fifth Amendment privilege against self-incrimination is to afford protection against being forced to give testimony leading to the affliction of penalties affixed to criminal acts.[11] The Fifth Amendment privilege against self-incrimination protects against disclosures that a witness believes can be used in a criminal prosecution.[12] The Fifth Amendment privilege against self-incrimination applies to litigants in civil cases, criminal cases, judicial matters, and investigatory matters.[13]

A waiver of the Fifth Amendment privilege against self-incrimination may be inferred from a witness's prior statement.[14] A waiver of the privilege against self-incrimination should only be inferred in the most compelling circumstances. Such circumstances do not exist unless a failure to find a waiver would prejudice a party to the litigation.[15] A court should only infer a waiver from a witness' prior statements if 1. The witness' prior statements have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth, and 2 the witness had reason to know that his prior statement would be interpreted as a waiver of the privilege.[16] A waiver may only be inferred if the witness' prior statement was a. testimonial (given under oath) and b. incriminating (not collateral) regarding the events in question.[17]

---

[7] *Docket Entry #560.*
[8] *Docket Entry #703.*
[9] An audio copy of that hearing will be sent to the Court but not through ECF. The heating examiner did not state the examination's date, location, or purpose. I rely on the in court oral representation of Plaintiff's counsel that this hearing occurred before July 20, 2023.
[10] *Docket Entry #709.*
[11] *Kastigar v. United States*, 406 US 441, 453 (1972).
[12] *Id at 445.*
[13] *Id at 444.*
[14] *Klein v. Harris*, 667 F.2d 274, 287 (2nd Cir. 1981).
[15] *Id at 288.*
[16] *Id at 287.*
[17] *Id at 288.*

Where a proceeding is solely to determine the location of a debtor's assets, the Trustee is the finder of fact.[18] The same case law applies under this scenario.[19]

## ARGUMENT

As a threshold matter, Ms. Maki testified under oath during her bankruptcy hearing.[20] Her statements were testimonial within the meaning of *Klein*.[21] Second, her statements are potentially incriminating because she discussed transferring assets to her daughter's American Bank accounts.[22] This Court is considering referring Ms. Maki to the Department of Justice for criminal prosecution for her attempts, inter alia, to hide her assets. Her testimony on this matter could be considered an admission to a crime; therefore, her prior statements were incriminating.

This Court must start with the two-pronged test in *Klein v. Harris*. The first question is whether the Trustee will be forced to rely on a distorted version of the truth if Ms. Maki invokes her privilege at the continued enforcement hearing before this Court? The Trustee[23] has testimony from depositions, the trial, and multiple hearings. The Trustee also has sworn affidavits, bank, business, and personal records from Ms. Maki and the other defendants in this case. This kaleidoscope of information will provide the Trustee with all the information needed to enforce the judgment of the Court. Furthermore, compelling Ms. Maki to testify again clarifies nothing.

Second, the issue is whether or not Ms. Maki understood that her testimony at the bankruptcy hearing was thought to be a waiver of her privilege against self-incrimination. The bankruptcy hearing examiner did not ask her this question after he administered the oath before her testimony.[24] The bankruptcy hearing examiner did not ask Ms. Maki's counsel whether or not he advised her of her Fifth Amendment privilege and waiver of that privilege if she testified at the hearing.[25] I did not ask Ms. Maki this question because the CJA-qualified Japanese interpreter I used, in this case, is out of town and unavailable until late August. I did not ask her bankruptcy counsel because his answer may create a conflict of interest. I argue that the answer to the question is no, based on the facts known to this point.

## SCOPE OF THE HEARING

The enforcement hearing is scheduled for August 14, 2023. Ms. Maki intends to invoke her Fifth Amendment privilege against self-incrimination if called to the stand at the hearing and any other enforcement proceeding. There is no need to call her to stand in light of the case law of

---

[18] *Horwitz v. Sheldon (In re Donald Sheldon & Co.)*. 193 BR 152, 164 (SDNY 1996).
[19] *Id.*
[20] *Audio Transcript starting at 3:05 minutes.*
[21] *Klein at 288.*
[22] *Audio Transcripts at 31:00 minutes, 32:33 minutes, and 35:00 minutes.*
[23] The Bankruptcy Trustee has requested to invest Plaintiff's firm with the authority to prosecute this matter in its stead. *Docket Entry #707*. This Court granted the motion. *Docket Entry #70*8.
[24] *Audio Transcript starting at 3:05 minutes.*
[25] *Id.*

this Circuit. The narrow issue of her understanding concerning her prior bankruptcy testimony is settled. To the extent that this issue needs to be clarified, I will submit an affidavit on this narrow issue after I have had an opportunity to consult with her using the CJA-qualified Japanese interpreter.[26]

      Please contact me if you have any questions or concerns.

Sincerely,

*Marlon Kirton*
Marlon G. Kirton, Esq.

cc: To All Counsel (via electronic filing).

---

[26] Ms. Maki had trouble understanding the Japanese interpreter at the bankruptcy hearing. *See, Audio Transcript starting at 11:40 minutes and starting at 11:48 minutes.*