USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/15/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                       :

ORNRAT KEAWSRI, et al.,                      :

                       Plaintiffs,             :

                                                       :       17-cv-02406 (LJL)

            -v-                                        :

                                                      :             ORDER

RAMEN-YA INC. et al,                        :

                       Defendants.           :

-------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

       On August 7, 2023, criminal counsel for Miho Maki filed a Motion pertaining to Maki's invocation of the Fifth Amendment during the August 18, 2023 hearing on Plaintiffs' Motion to Enforce. Dkt. No. 711. Plaintiffs filed a response brief on August 14, 2023, arguing that Maki must herself assert her Fifth Amendment right, that she may only do so in her personal capacity and when she is faced with substantial and real hazard of incrimination, that she has waived her right to invoke the Fifth Amendment by testifying at the 341 Creditors Meeting before the Bankruptcy Court, and that if she does invoke her Fifth Amendment right, the Court may draw negative inferences with respect to any question that she responds to by invoking her Fifth Amendment right. Dkt. No. 717.

       The hearing for this case is scheduled for August 18, 2023. Counsel for the Trustee will be permitted to ask questions of Maki at the hearing on Plaintiffs' Motion to Enforce. If Maki seeks to invoke the Fifth Amendment, she must do so herself in response to each question asked, *see Pal v. New York Univ.*, 06-cv-5892, 2007 WL 4358463, at *10 (S.D.N.Y. Dec. 10, 2007), only in her personal capacity, *see Braswell v. United States,* 487 U.S. 99, 105, 108 S. Ct. 2284, 2288, 101 L. Ed. 2d 98 (1988), and only in response to questions that responding to would

present her with a real hazard of prosecution, *see Rogers v. United States,* 340 U.S. 367, 374, 71 S. Ct. 438, 442, 95 L. Ed. 344 (1951). Further, the Court will be permitted to draw adverse inferences with respect to any question to which Maki responds by invoking her Fifth Amendment right. *LiButti v. United States*, 107 F.3d 110, 121 (2d Cir. 1997).

The parties have asked the Court to determine whether Maki has forfeited or waived her Fifth Amendment rights by voluntarily filing for bankruptcy protection, *see Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008), and by testifying at the 341 Creditors Meeting before the Bankruptcy Court, *see United States v. Miranti*, 253 F.2d 135, 140 (2d Cir. 1958). That determination is best made only after Maki is questioned and if she invokes the Fifth Amendment, and then only after knowing which questions Maki intends to invoke her Fifth Amendment right. Maki may have waived her Fifth Amendment right with respect to certain subjects. *See In re Flint Water Cases*, 53 F.4th 176, 201 (6th Cir. 2022), *reh'g denied*, No. 22-1353, 2023 WL 370653 (6th Cir. Jan. 5, 2023) ("[C]ourts often determine whether a second waiver is needed by considering whether a waiver best serves the purposes of the Fifth Amendment and, more specifically, the purposes of the 'waiver' rule.").

SO ORDERED.

Dated: August 15, 2023
      New York, New York

                                           LEWIS J. LIMAN
                                         United States District Judge