**FLORENCE ROSTAMI LAW, LLC**
*The Graybar Building*
420 LEXINGTON AVENUE, SUITE 1402, NEW YORK, NEW YORK 10170
(212) 209-3962, Fax (212) 209-7100
www.rostamilaw.com

Florence Rostami+ frostami@rostamilaw.com
Neal Haber nhaber@rostamilaw.com

+*Also Admitted in CA and TX*

*via ECF*

August 24, 2023

The Honorable Lewis J. Liman
District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

<u>Re: *Keawsri et al. v. Ramen-Ya Inc. et al.* Index No. 17-cv-02406 (LJL))OTW)</u>

Dear Judge Liman:

We represent Plaintiffs/Judgment Creditors and the United States Trustee for the bankruptcy estates of Defendant/Judgment Debtors Miho Maki ("Maki") and Ramen-Ya Inc. ("RYI") in the above matter. I write in response to the letter motion of Marlon Kirton [DE 730], who submitted to the Court a request for appointment of a *pro bono* counsel to represent Maki in the civil action. [DE 730] Plaintiffs/Judgment Creditors and the Trustee strenuously object to this request which (i) is not supported by the applicable law, and (ii) is filed solely for the purpose of delaying the Court's determination of the pending motion during which Maki has been represented by counsel.

*Maki has been represented throughout this case.* On April 13, 2023, Plaintiffs/Judgment Creditors and the Trustee filed the instant motion (the "Motion to Enforce") [DE 632] seeking a determination that Ku-Raku New York Inc. ("Kuraku") is an alter ego of RYI and its assets should be considered RYI assets to be utilized in partial satisfaction of the Judgment [DE 514]. The Motion to Enforce also asserted that fraudulent transfers were made into and from a checking account established in the name of Maki's daughter, Haruna Maki ("Haruna"); and that fraudulent transfers were made by RYI and Y&S International Corp. to their accountant, Kil S. Jung ("Jung"). On April 28, 2023, counsel for Maki, the Negitas and RYI (collectively, the "RYI Defendants"), **Vik Pawar** ("Pawar"), filed an opposition to the motion and argued that the Court does not have jurisdiction to hear either the alter ego issue because it was stayed by the Negitas' bankruptcy or the fraudulent transfer issues because the Court lacked jurisdiction. [DE 640] On May 17, 2023, **Douglas Pick** filed a Notice of Appearance with this court "as bankruptcy counsel to defendants Ramen-Ya Inc. and Miho Maki." [DE 648]

A hearing to receive testimony as to each of the matters in the Motion to Enforce was conducted on May 18, 2023 at which Maki was represented by Pawar and Pick. During the hearing, testimony was elicited from Maki that led the Court to believe that Maki may have or might inculpate herself; the Court recessed the hearing to allow Maki to obtain counsel.

On June 23, 2023, on behalf of Maki, Pick filed a voluntary petition for bankruptcy relief under Chapter 7 (Case No. 23-10978 with the Bankruptcy Court for the Southern District of New York (the "SDNY Bankruptcy Court"). [DE 670-1] On the same day, RYI filed a voluntary petition for bankruptcy relief under Chapter 7 (Case No. 23-10979) with the SDNY Bankruptcy Court. [DE 670-2] Maki paid $10,000 to Douglas Pick to represent her in the bankruptcy proceedings and Kuraku and another entity paid $15,500 to Pick to represent RYI in its bankruptcy proceedings. [DE 670-1, p. 32and  DE 670-2, p. 27.]

On June 28, 2023, the Court granted Pawar's motion to withdraw as counsel for Maki only and appointed ***Kirton*** as counsel regarding the criminal contempt proceedings only. [DE 673] On July 6, 2023, Kirton filed a Notice of Appearance on behalf of Maki. [DE 680] On July 26, 2023, at a hearing session at which no testimony was taken, the Court granted Plaintiffs/Judgment Creditors and the Trustee's motion that the reference of claims[1] asserted with respect to the Notice to Enforce be withdrawn. [DE 708]

***The matter currently pending before this Court.*** Prior to the August 18, 2023 hearing, after Maki and Plaintiffs/Judgment Creditors and the Trustee briefed Maki's rights and privileges pursuant to the Fifth Amendment, the Court issued an Order [DE 718] setting forth the manner in which Maki could invoke the Fifth Amendment, viz. in response to each question asked, only in her personal capacity, and "only in response to questions that responding to would present her with a real hazard of prosecution." Further, the Court stated that it "will be permitted to draw adverse inferences with respect to any question to which Maki responds by invoking her Fifth Amendment right" (citing *LiButti v. United States*, 107 F.3d 110, 121 (2d Cir 1997)).

The hearing related to the Motion to Enforce recommenced on August 18, 2023. Maki was recalled to continue her testimony. As to each question propounded to her, Maki refused to respond, claiming on advice of counsel she would not answer the question because to do so might result in self-incrimination under the Fifth Amendment. At the conclusion of the hearing, the Court asked counsel for Plaintiffs/Judgment Creditors and the Trustee if they would take the position, as set forth in a prior filing with the Court [DE 717] that Maki had waived her right to invoke the Fifth Amendment. Counsel advised the Court that the issue of possible waiver would not be pursued but that they would ask the Court to draw negative inferences with respect to each question that Maki refused to answer on Fifth Amendment grounds.

The Court set a schedule for supplemental briefing, which it codified in a written Order dated August 20, 2023. [DE 725] In conformity with that briefing schedule, counsel

---

[1] Claims asserted in the Notice to Enforce or otherwise against Y&S or Kora, or non-parties such as Jung, were not subject to referral to the SDNY Bankruptcy Court.

for Plaintiffs/Judgment Creditors and the Trustee submitted supplemental briefing on Monday, August 21, 2023, consisting of a memorandum of law with appendix [DE 729, DE 729-1] and a declaration with exhibit. [DE 728, DE 728-1][2]. Defendants were ordered to submit their opposition briefing no later than Thursday, August 24 at noon. [DE 725] On the morning of August 24, Kirton filed his request for appointment of counsel, but has not filed any opposition to the Court drawing adverse inferences against Maki with respect to the questions that she refused to answer.

### MAKI SHOULD NOT BE PROVIDED A DELAY IN THE DETERMINATION OF THE MOTION TO ENFORCE, AND THE COURT SHOULD NOT APPOINT PRO SE COUNSEL FOR MAKI

Kirton seeks an order from this Court appointing *pro bono* counsel for Maki in accordance with the procedures set forth in *In re The Creation and Administration of the Pro Bono Fund*, 16-MC-70 (2016). [DE 730-1] Plaintiffs/Judgment Creditors and the Trustee submit that Maki is not entitled to *pro bono* counsel because (i) she is represented by counsel (Pick) in this bankruptcy proceeding; (ii) there is no constitutional right to *pro bono* counsel in bankruptcy and while courts have discretion to appoint *pro bono* counsel for indigent debtors, Maki does not meet the criteria for indigency in particular because Maki is employed and receives at least $65,000[3] in gross salary annually from Kuraku, (iii) Maki's intended use of *pro bono* counsel can solely be to defeat RYI's creditors (her wholly owned entity) which is not permitted pursuant to 11 U.S.C. § 327(e); and finally (vi) Maki's last minute request for appointment of *pro bono* counsel is for the purpose of, or at a minimum will have the effect, of further delaying this matter to the detriment of the Plaintiffs/Judgment Creditors and the Trustee.

*First*, Maki has been continuously represented by counsel and is currently represented by Pick in the proceedings before this Court which are a part of the bankruptcy case forced on Plaintiffs/Judgment Creditors by Maki. By her counsel, Maki had and continues to have full opportunity to advance her positions with respect to the Motion to Enforce.

*Second*, Maki is not entitled to *pro bono* counsel. *Pro bono* counsel may be appointed at the discretion of the Court for indigent persons in criminal or civil proceedings. Such appointment is authorized by and governed by 28 U.S.C. § 1915(e)(1), which provides: "The court may request an attorney to represent any person unable to afford counsel." However, the first criterion to qualify for appointing such counsel is being indigent. The SDNY Bankruptcy Court refers debtors to four organizations[4] that provide pro bono services, including the City Bar Justice System which provides such services to debtors that are struggling with consumer debts and have incomes that are 200% below federal poverty level (currently defined as income below $14,580).[5] Indisputably, Maki

---

[2] Counsel for Plaintiffs/Judgment Creditors and the Trustee requested and was granted a 4-hour extension for filing of their supplemental briefing, which the Court granted. [DE 727]
[3] On Schedule I (p. 24) of her petition, she stated her monthly gross salary is $6,000. [DE 670-1]
[4] www.nysb.uscourts.gov/pro-bono-legal-services
[5] www.citybarjusticecenter.org/projects/consumers-bankruptcy-projects/

does not come close to meeting the threshold of indigency for appointment of *pro bono* counsel.

Further, Section 1915(e)(1)(B)(i) prohibits providing *pro bono* counsel to a debtor that intends to file malicious and/or frivolous actions. Debtors do not have a constitutional right to counsel. In *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984), a bankruptcy matter, the Second Circuit denied a debtor's application for appointment of a *pro bono* counsel and held:

> The sixth amendment right to counsel of course extends only to criminal and quasi-criminal proceedings. *Hannah v. Larche,* 363 U.S. 420, 440 n. 16, 80 S.Ct. 1502, 1513 n. 16, 4 L.Ed.2d 1307 (1960); *Ferguson v. Gathright,* 485 F.2d 504, 506 (4th Cir.1973), *cert. denied,* 415 U.S. 933, 94 S.Ct. 1447, 39 L.Ed.2d 491 (1974); *Madera v. Board of Education,* 386 F.2d 778, 780 (2d Cir.1967), *cert. denied,* 390 U.S. 1028, 88 S.Ct. 1416, 20 L.Ed.2d 284 (1968). In non-criminal cases federal courts have the authority to appoint counsel, but generally they are not required to do so. 28 U.S.C. § 1915(d); *see Caruth v. Pinkney,* 683 F.2d 1044, 1048 (7th Cir.1982), *cert. denied,* 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 451 (1983). The determination of whether appointment of counsel is necessary rests with the discretion of the court. *Id.*

In *Martin-Trigona*, the Second Circuit denied the request for *pro bono* counsel even though it stated that the hearing for which the debtor requested counsel involved a potential abrogation of an important right, viz. his freedom to commence future judicial proceedings without advance leave of court. The court held that the request was made very late—on the morning of the final hearing—and found that appointment of *pro bono* counsel was not appropriate because the debtor had purposefully delayed the proceedings. Finally, the Second Circuit held that the trial court did not abuse its discretion in denying pro bono counsel to the debtor since the debtor had not demonstrated that prejudice would have resulted because his motion was denied.

In *Griggs v. Schmauss*, No. 6:17-CV-06456 EAW, 2023 WL 2874065, at *2 (W.D.N.Y. Apr. 10, 2023), the court discussed the criteria considered for appointing *pro bono* counsel:

> "[i]n evaluating a *pro se* litigant's request for appointment of counsel the Second Circuit require[s] the court to consider first whether the indigent's position appears likely to be one of substance...." *Davidson v. Goord*, 259 F. Supp. 2d 236, 237 (W.D.N.Y. 2002) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)); *see also Cooper*, 877 F.2d at 174 (noting the "threshold showing of some likelihood of merit").

> Only after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel

4

would more probably lead to a just resolution of the dispute. *Carmona*, 243 F.3d at 632 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).

Pursuant to 11 U.S.C. § 327(e), a debtor may be entitled to be appointed with counsel but only if counsel had represented the debtor prior to filing the bankruptcy petition and if the appointment serves the best interest of the estate. The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, ***an attorney that has represented the debtor, if in the best interest of the estate***, and ***if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed***. (emphasis added)

Maki is not indigent. She earns at least $65,000 annually from Kuraku. [Tr. 5/18/23, 27:7-27:10] And, she ostensibly owns 10% of Kuraku. On August 29, 2022, Maki declared in her CPLR 6219 Garnishee Statement, under penalty of perjury that she did not own "any property or bank accounts located within [County of New York]." [DE 633-9] But, discovery has revealed additional assets that Maki did not identify to the Court, including bank accounts enumerated in her bankruptcy petition [Ex. 28] that were not included in the Garnishee Statement. Maki also did not disclose the existence of accounts under the name of Haruna that Maki admitted she used as her own [Tr. 5/18/23, 40:9-40:14], and that she had transferred $60,000 from these accounts to Jung to keep from the reach of Maki's creditors.

More significantly, Maki's sole purpose to retain *pro bono* counsel at the eleventh hour, after the hearing is closed and the Court is about to render a decision on the Motion to Enforce, is to add new members to her legal team to delay the process and attempt to defeat her creditors and the creditors of her wholly owned entity, RYI, for which she decided to file for bankruptcy and to impede Plaintiffs/Judgment Creditors and the Trustee's ability to recover funds she or others fraudulently transferred to Jung. Indeed, since July 5, 2022, Plaintiffs/Judgment Creditors have provided to this Court irrefutable evidence of Maki's involvement in deceit and fraud. Such a person is not entitled to usurp resources that are meant to assist honest debtors and litigants.

Thus, if Kirton had any reason to believe that Maki, who the Court determined would be proceeding *pro se*, required appointment of *pro bono* counsel, this matter should have been raised well in advance of the August 18 hearing. Kirton was (or should have been) well aware of the reasons that might impel a request for appointment of counsel after he met with Maki on July 11, 2023 [DE 688] Further, Kirton had the ability to consult with Maki's former counsel (Pawar) and her bankruptcy counsel (Pick) to ascertain information that might bear on this matter. Kirton's request, made ***six weeks after he met with Maki*** and only after the close of testimony, smacks of gamesmanship. For this additional reason, the request that Maki be appointed *pro bono* counsel should be summarily rejected. See *In re Martin-Trigona*, *supra* (request for appointment of *pro bono* counsel appropriately rejected where, among other reasons, the request was made on the morning of the final hearing in the pending matter.

## **CONCLUSION**

For all the above stated reasons, the Court should reject the request for appointment of *pro bono* counsel for Maki.

                                            Respectfully submitted,

                                            */s/  Florence Rostami*
                                            Florence Rostami

cc:      All counsel (by ECF)