```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ORNRAT KEAWSRI, et al.,                                          :
                                                                 :
                        Plaintiffs,                              :
                                                                 :          17-cv-02406 (LJL)
        -v-                                                      :
                                                                 :               ORDER
RAMEN-YA INC. et al,                                             :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/25/2023

LEWIS J. LIMAN, United States District Judge:

Defendant judgment debtor Miho Maki requests that the Court appoint counsel to represent her. The request is denied. The Court has authority to request that an attorney represent a person who is indigent and "unable to employ counsel." 28 U.S.C. 1915(d). In the case of a person who is indigent and unable to afford counsel, the court considers (1) whether the person's position "seems likely to be of substance"; (2) whether the issues presented "might require substantial factual investigation" and "the indigent's ability to investigate the crucial facts"; (3) the indigent's "apparent ability to present the case" and "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder"; (4) whether the "case's factual issues turn on credibility"; (5) whether the legal issues presented are complex; and (6) "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986), *cert. denied*, 502 U.S. 986 (1991). It also is relevant whether the appointment of counsel would "necessitat[e] a further delay in the context of a history of the persistent use of motions to delay and confuse proceedings." *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984).

Maki does not satisfy the *Hodge* standards.  In the first instance, it appears she is represented.  Mr. Kirton has filed a notice of appearance.  In addition, Douglas J. Pick, Esq. has filed a notice of appearance on behalf of Maki as "bankruptcy counsel" and the Court has withdrawn the reference to the Bankruptcy Court of Maki's bankruptcy filing with respect to the motion to enforce. Dkt. Nos. 648, 680, 708.  In addition, Maki has not shown that her issues are likely to be of substance, that they require factual investigation, that there is a need to present further evidence, or that the case's factual issues turn on issues of credibility.  The hearing on the motion to enforce is concluded; all sides rested. Dkt. No. 725.  Maki has not shown that her issues are of substance.  The evidence establishes, among other things, that she parked money with her accountant in order to avoid judgment creditors.  There is no need to present further evidence or for factual investigation as the hearing is concluded.  Finally, the request was filed at the last moment, immediately before her legal brief was due on the effect of her assertion of the Fifth Amendment.  The Court can only conclude that it was filed for purposes of delay.  The Court will let Maki achieve her goal of delay in one respect.  The Court exercises its discretion sua sponte to give her an extension until August 29, 2023, to address the implications that the Court should draw from her exercise of the Fifth Amendment.

SO ORDERED.

Dated: August 25, 2023
      New York, New York

                                      LEWIS J. LIMAN
                                 United States District Judge