UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
ORNRAT KEAWSRI, et al., :
:
Plaintiffs, :
: 17-cv-02406 (LJL)
-v- :
: ORDER
RAMEN-YA INC. et al, :
:
Defendants. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Ornrat Keawsri, Sachina Nagae, Takayuki Sekiya, Siwapon Topon, Pimparat Ketchatrot, Thiratham Raksuk, Parichat Kongtuk, Tanon Leechot, Thanatharn Kulaptip, Wanwisa Nakwirot, Natcha Natatpisit, and Parada Mongkolkajit (collectively "Plaintiffs" or "Judgment Creditors") move, pursuant to the Court's inherent power, for an Order adjudging that Defendant and Judgment Debtor Kenji Kora ("Kora") is in civil contempt of the Court for his failure to comply with this Court's Order dated July 6, 2023, Dkt. No. 681, directing Kora to pay $149,000 to Judgment Creditors. Dkt. No. 750.

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). A court's "inherent power to sanction derives from the fact that courts are 'vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Schlaifer Nance & Co., Inc. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "Civil contempt sanctions serve two purposes: to coerce a party into

compliance, or to compensate the adverse parties for any losses suffered as a result of the lack of compliance." *1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park*, 809 F. App'x 44, 45 (2d Cir 2020). "A contempt order" issued pursuant to a court's inherent authority "is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). "More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Id.*

    The Court held a hearing on the motion to hold Kora in civil contempt on November 14, 2023. Notice was provided and his counsel had an opportunity to be heard. For the reasons stated on the record at the hearing, and the reasons that follow, the motion to hold Kora in civil contempt of the Court is GRANTED. Judgment Creditors moved for an order compelling Kora to pay Judgment Creditors $149,000 on May 19, 2023. Dkt. No. 652. After Kora did not respond to the motion, and after the Court held a conference at which Kora was present and did not object to the Court ruling on the motion, the Court granted Creditors' motion on July 6, 2023. Dkt. No. 681. The Court's order was clear and unambiguous. It read: "Kora is ordered to immediately pay Judgment Creditors $149,000 in the form of a certified check made payable to Florence Rostami Law LLC." *Id.* at 3. Kora did not submit a motion for reconsideration and has not yet complied with the order. The proof of his noncompliance is clear and convincing. He has not paid the $149,000. He also has made no showing of any attempt to comply in a reasonable manner. His only responses to the motion to hold him in civil contempt were to the effect that the order was improvidently entered and that the other defendants to this action and

not he should be required to satisfy the Judgment.  However, it is black letter law that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947).  If Kora disagreed with the Court's order, he could have challenged it before it was entered.  He did not have the prerogative simply to ignore it.  Moreover, the underlying judgment in this case imposed liability against Kora and the other defendants jointly and severally.  If Kora believes that the other defendants should make him whole for his liability to Plaintiffs/Judgment Creditors, that is a matter between him and those other defendants.  Dkt. No. 514.  It does not give him the right to deprive Plaintiffs/Judgment Creditors of the relief rightly due to them.

When imposing sanctions pursuant to its inherent powers, a federal court "may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount for the sanctioned party's misbehavior." *Goodyear Tire*, 137 S. Ct. at 1186 (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826–30 (1994)).  "When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989).  Sanctions should be no "more than . . . necessary to compel compliance." *BOC Aviation Ltd. v. AirBridgeCargo Airlines, LLC*, 2022 WL 17581775, at *17 (S.D.N.Y. Dec. 12, 2022).  It has been represented that Kora is outside the United States, returning on November 20, 2023.  Dkt. No. 763.  The Court will give him time to come into compliance before contempt sanctions begin to run.  The Court therefore imposes a sanction on Kora of $1,000 per diem, beginning on

November 28, 2023, for each day that he remains in violation of the Court's July 6, 2023 Order. Those funds are to be paid directly to Plaintiffs on a weekly basis beginning on December 5, 2023.

The Clerk of Court is respectfully directed to close Dkt. No. 750.

SO ORDERED.

Dated: November 15, 2023
New York, New York

LEWIS J. LIMAN
United States District Judge