USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ORNRAT KEAWSRI, et al.,                                           :
                                                                  :
                                  Plaintiffs,                     :
                                                                  :        17-cv-02406 (LJL)
         -v-                                                      :
                                                                  :              ORDER
RAMEN-YA INC. et al,                                              :
                                                                  :
                                  Defendants.                     :
                                                                  :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Plaintiffs Ornrat Keawsri, Sachina Nagae, Takayuki Sekiya, Siwapon Topon, Pimparat Ketchatrot, Thiratham Raksuk, Parichat Kongtuk, Tanon Leechot, Thanatharn Kulaptip, Wanwisa Nakwirot, Natcha Natatpisit, and Parada Mongkolkajit (collectively "Plaintiffs" or "Judgment Creditors") move for an order holding Defendants/Judgment Debtors in criminal contempt of Court. Dkt. No. 655. The motion is denied.

    First, Plaintiffs/Judgment Creditors have not shown that they have standing. "[C]riminal contempt proceedings arising out of civil litigation 'are between the public and the defendant, and are not a part of the original cause.'" *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 804 (1987) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 445 (1911)). Under Federal Rule of Criminal Procedure 42, it is the "court" and not any private party which "must give notice" of the claim of criminal contempt. Fed. R. Cr. P. 42(a)(1). Although a party may have the right to bring to the Court's attention facts that would give rise to an order of criminal contempt, it is dubious that a private party itself has the power, through motion, to compel a court to issue such an order.

    Second, "[w]hile a court has the authority to initiate a prosecution for criminal contempt,

its exercise of that authority must be restrained by the principle that "only '[t]he least possible power adequate to the end proposed' should be used in contempt cases." *Young*, 481 U.S. at 801 (quoting *United States v. Wilson,* 421 U.S. 309, 319 (1975) (internal citations and quotations omitted)). Based on all of the relevant facts, including that several of the Defendants/Judgment Debtors have now come into compliance with the Court's orders, the exercise of criminal contempt is not appropriate in this case at this time.

    The Clerk of Court is respectfully directed to close Dkt. No. 655.

    SO ORDERED.

Dated: November 17, 2023
       New York, New York

                                       LEWIS J. LIMAN
                                 United States District Judge