UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                │
│ DOCUMENT                                 │
│ ELECTRONICALLY FILED                     │
│ DOC #:_____                   │
│ DATE FILED: 12/19/2023                   │
└─────────────────────────────────────────┘
```

-----------------------------------------------------------------------X
:
ORNRAT KEAWSRI, et al.,                                                 :
:
                      Plaintiffs,                            :
:
:                                                           17-cv-02406 (LJL)
       -v-                                                      :
:                                                           ORDER
RAMEN-YA INC., et al.,                                                  :
:
                    Defendants.                            :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      On August 10, 2022, the Court entered judgment in this case in favor of Plaintiffs Ornrat

Keawsri, Sachina Nagae, Takayuki Sekiya, Siwapon Topon, Pimparat Ketchatrot, Thiratham

Raksuk, Parichat Kongtuk, Tanon Leechot, Thanatharn Kulaptip, Wanwisa Nakwirot, Natcha

Natatpisit, and Parada Mongkolkajit (collectively "Plaintiffs" or "Judgment Creditors") on their

claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., and New

York Labor Law ("NYLL"), N.Y.L.L. §§ 190 et seq., against defendants Ramen-Ya Inc.

("RYI"), Y&S International Corporation ("Y&S"), Yasuko Negita ("Yasuko"), Masahiko Negita

("Negita"), Miho Maki ("Maki"), and Kenji Kora ("Kora" and collectively the "Defendants").

On March 31, 2023, the Court terminated the case.

      By letter dated July 10, 2023, Defendants and Cross-Claimants Y&S and Kora

("Movants") move to reopen their crossclaims against RYI, Negita, and Maki.  Dkt. Nos. 682,

756.  Negita objects on three grounds:  (1) that Negita filed for bankruptcy and that Movants

failed to take any action in the bankruptcy proceedings; (2) that Movants failed to prosecute their

crossclaims; and (3) that Movants cannot satisfy the stringent standard for a motion to reopen a

case.  Dkt. No. 762.  For the following reasons, the motion to reopen the crossclaims is denied.

**BACKGROUND**

Familiarity with the prior proceedings in this case is assumed.  On November 18, 2017, Movants filed their initial crossclaim complaint against RYI, Negita, and Maki, alleging that any damages suffered by Plaintiffs "were sustained due to the primary and active and sole fault" of RYI, Negita, and Maki, and demanded judgment against them "for the full amount of any judgment obtained and/or recovered against [Movants] by the Plaintiffs or for any part of such judgment obtained and/or recovered and found by the Court and/or Jury on the basis of an apportionment of responsibility between the Defendants . . . ."  Dkt. No. 101.  On December 12, 2017, RYI, Negita, and Maki filed their Answer to the crossclaim complaint, offering twenty-two affirmative defenses.  Dkt. No. 127.  On November 13, 2018, after Plaintiffs filed an amended complaint, Movants again filed a renewed crossclaim complaint against RYI, Negita, and Maki.  Dkt. No. 190.  On October 7, 2019, RYI, Negita, and Maki answered the renewed crossclaim complaint and also filed a counterclaim complaint against Y&S.  Dkt. No. 316.  On December 29, 2020, Y&S filed its answer to the counterclaim complaint.  Dkt. No. 393.

In advance of the trial, on June 16, 2022, the Court directed Movants to "[b]y June 20, 2022, . . . submit a letter motion regarding what issues they believe remain to be tried at the July 5 bench trial that pertain to [them], and whether the crossclaims remain in the case."  Dkt. No. 463.  Although Y&S and Kora did not submit any such letter motion prior to the June 20 deadline, they did on June 21, 2022—after the proposed pretrial order had been filed—move to have their crossclaims tried with Plaintiffs' FLSA and NYLL claims.  Dkt. No. 467.  On June 28, 2022, the Court denied the motion, declining to exercise its discretion to permit Y&S and Kora to amend the proposed pretrial order to add the crossclaims as an issue for the upcoming trial, and noting that the crossclaims between the co-defendants could be litigated after the trial if necessary.  Dkt. No. 479.  On August 8, 2022, the Court awarded Judgment Creditors

$687,825.81 in damages and penalties and $1,110,807.82 in attorney's fees and costs, and post-judgment interest ("Judgment") jointly and severally against the Defendants.  Dkt. No. 512. Judgment was entered two days later.  Dkt. No. 514.

On March 23, 2023, Negita informed the Court that he had filed a bankruptcy petition in the United States District Court for the District of New Jersey.  Dkt. No. 631.  On June 23, 2023, RYI, Dkt. No. 667, and Maki, Dkt. No. 665, informed the Court that they had each filed a bankruptcy petition with the United States Bankruptcy Court for the Southern District of New York.

On May 19, 2023, Plaintiffs filed a motion to enforce the judgment against Kora.  Dkt. No. 652.  After Kora did not respond to the motion, and after the Court held a conference on the motion at which Kora indicated he would not object to the Court ruling on the motion, the Court granted the motion on July 6, 2023 and ordered Kora to pay Plaintiffs $149,000.  Dkt. No. 681.

On July 10, 2023, Movants filed what is recorded on the docket as a letter motion to reopen the crossclaims.  Dkt. No. 682.  The letter supporting the motion does not actually ask for the case to be reopened.  It states that Kora is unable to pay the $149,000 that the Court had ordered him to pay to Plaintiffs, and attaches a loan agreement from the U.S. Small Business Administration to Y&S in the amount of $300,000.  *Id.*  The motion did not include briefing that discussed the crossclaims.

On October 2, 2023, Plaintiffs filed a motion to compel Kora to turn over to them the $149,000 that the Court ordered Kora to pay in its July 6, 2023 Order.  Dkt. No. 750.  On October 16, 2023, Kora's counsel submitted an affirmation in opposition to the motion to compel Kora, Dkt. No. 755, and filed a renewed motion to reopen the crossclaims against RYI, Negita, and Maki, Dkt. No. 756.  In the motion to reopen the crossclaims, Movants argue that the

crossclaims were never adjudicated, that the relevant evidence—a management agreement between the crossclaim parties—was produced in discovery, and that there was no prejudice to either party to the crossclaims for them to be adjudicated.  *Id.*  On October 16, 2023, counsel for Negita indicated that Negita would oppose the motion to reopen the crossclaims, Dkt. No. 758, and on November 10, 2023, Negita submitted a letter response in opposition to the motion to reopen, Dkt. No. 763.  In it, Negita argued that Negita had filed for bankruptcy and that neither Y&S nor Kora had taken any action in that bankruptcy proceeding, that Y&S and Kora had failed to prosecute their crossclaims, and that the motion to reopen did not satisfy the stringent standards established by Federal Rule of Civil Procedure 60(b)(3).  *Id.*

On November 14, 2023, the Court held a hearing at which counsel for Negita, counsel for Kora and Y&S, and Kora were present.  At that hearing, the Court stated that it would take under advisement the motion to reopen the crossclaims, and directed counsel for Movants to submit briefing on how the bankruptcy filings of RYI, Maki, and Negita impacted the crossclaims by November 28, 2023, including whether the bankruptcy discharged any liability those defendants had to movants.  No such briefing was ever submitted.

On December 7, 2023, Judgment Creditors and Kora informed the Court that they had reached an agreement regarding the timing of Kora's payment of the outstanding $149,000 owed to Judgment Creditors (the "Agreement").  Dkt. No. 780.  The Agreement provides for Kora to pay $100,000 to counsel for Judgment Creditors (in two separate installments) on or before December 4, 2023, and to pay the remaining $49,000 in monthly installments of $3,000 on the fifth day of each month commencing on January 5, 2024, and continuing through March 5, 2025, with a final payment of $4,000 to be made on or before April 4, 2025.  *Id.*  The parties have also

agreed that if Kora fails to make a timely installment payment as required by the Agreement, he

will pay to the Judgment Creditors the sanctions ordered by the Court on November 15, 2023.

The Court held a hearing on December 7, 2023, at which respective counsel for Judgment

Creditors and Movants appeared.  At the hearing, the Court inquired about the motion to reopen

the crossclaims.  Counsel for Movants stated that he had done additional research about the

impact of the bankruptcy filings of RYI, Maki, and Negita on the crossclaims, and that in light of

his research, he did not intend to submit additional briefing with respect to the crossclaims.

## DISCUSSION

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party of its legal

representative from a final judgment, order, or proceeding . . . ."  Fed. R. Civ. P. 60(b).  "Rule

60(b) strikes a balance between serving the ends of justice and preserving the finality of

judgments."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citing *House v. Sec'y of Health

& Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982)).  In this Circuit, "a motion under [Rule 60(b)] to

vacate a judgment of dismissal is addressed to the sound discretion of the trial court."  *Altman v.

Connally*, 456 F.2d 1114, 1116 (2d Cir. 1972) (per curiam).  Further, Rule 60(b) relief is treated

as "extraordinary," *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994), and

"generally not favored," *Sec. & Exch. Comm'n v. Allaire*, 2019 WL 6114484, at *2 (S.D.N.Y.

Nov. 18, 2019) (quoting *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d

Cir. 2010)), *aff'd sub nom. Sec. & Exch. Comm'n v. Romeril*, 2021 WL 4395250 (2d Cir. Sept

27, 2021) (summary order).  Accordingly, Rule 60(b) "may only be invoked if the moving party

[can demonstrate] exceptional circumstances" that warrant a grant of extraordinary relief.

*Paddington Partners*, 34 F.3d at 1142.

Rule 60(b) allows a court to relieve a party from a final judgment for several enumerated

reasons, such as mistake, newly discovered evidence, or fraud, Fed. R. Civ. P. 60(b)(1)–(5), or

for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).  Relief is available under Rule 60(b)(6), however, only "when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule and there are extraordinary circumstances justifying relief."  *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (internal quotation marks and citation omitted).  As such, "[c]ontrolling cases have held that if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)."  *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391–92 (2d Cir. 2001) (citation omitted).  Finally, a motion to reopen under Rule 60(b) must be made within a "reasonable time . . . ."  Fed. R. Civ. P. 60(c).  What constitutes a reasonable time is "based on 'the particular circumstances of the case,' taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality."  *Thai-Lao Lignite Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *PRC Harris, Inc., v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983)).

The motion to reopen the crossclaims is DENIED.  Movants have not presented any basis under Rule 60(b) to warrant reopening the action; Movants did not identify in either motion to reopen the specific provision under which they sought relief from the Court, instead supporting the motion only by offering that the crossclaims had not been adjudicated and that all parties have the relevant evidence.  *See* Dkt. No. 756.  RYI, Maki, and Negita all declared bankruptcy and Plaintiffs pursued collection of the Judgment through those proceedings; to the knowledge of the Court, the Movants did not engage with the bankruptcy proceedings of RYI, Maki, or Negita.  Nor do Movants assert that they submitted a claim in bankruptcy to preserve any rights they had against RYI, Maki, or Negita.  Instead, Movants filed the motion to reopen on July 10, 2023, after RYI, Maki, and Negita had already filed for bankruptcy and eleven months after Judgment

was entered on August 10, 2022.  At a conference, the Court gave Movants an opportunity to submit further briefing regarding the impact of the bankruptcy proceedings on the motion to reopen.  Movants did not submit such briefing.  At a subsequent conference, the Court again gave Movants an opportunity to further support the motion and to address the Court's questions about the merits of the motion.  Counsel for Movants again declined to provide further support for the motion and stated that he did not intend to submit anything further regarding the motion. As such, Movants have not demonstrated that there are extraordinary circumstances that would justify a grant of the motion to reopen the crossclaims.

## CONCLUSION

The motion to reopen the crossclaims is DENIED without prejudice.  The Clerk of Court is respectfully directed to close Dkt. Nos. 682, 756.


SO ORDERED.

Dated: December 19, 2023
     New York, New York

          LEWIS J. LIMAN
          United States District Judge